IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANDALL SCARBOROUGH | * | |
| | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | 6:12-cv-00396-RFD-CMH |
| VERSUS | * | |
| | * | Judge Rebecca F. Doherty |
| INTEGRICERT, LLC | * | Magistrate Judge C. Michael Hill |
| | * | |
| Defendant | * | JURY TRIAL DEMANDED |

*************************************************************************

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

In support of his Motion to Compel Discovery Responses of IntegriCert, LLC ("IntegriCert") and Motion for Sanctions, Plaintiff Randall Scarborough ("Scarborough"), by and through his undersigned counsel, and in compliance with LR 37.1 and Rule 37 of the Federal Rules of Civil Procedure, shows the Court the following:

**I. INTRODUCTION**

Scarborough served the disputed discovery requests upon IntegriCert more than a year ago. IntegriCert has now exhausted every mechanism available to delay producing the requested, relevant information. IntegriCert will not comply with its discovery obligations unless compelled to do so by order of this Court. Scarborough therefore respectfully requests that the Court issue an Order compelling IntegriCert to provide complete responses, now long overdue, to Scarborough's proper discovery requests, so as to prevent any further delay of this litigation.

Specifically, Scarborough seeks documents and information related to IntegriCert's income from the accused devices and services. *See e.g.,* Requests for Production Nos. 6, 15, 18, 21, 27-29 and Interrogatory No. 2, attached at Exhibits A and B, respectively. IntegriCert has had

the requests since December 2012 but has yet to provide the required information. This failure to comply with reasonable discovery requests has derailed Scarborough's ability to accurately determine his potential damages and has hindered any possibility of realistic settlement discussions.

In the months since first serving these discovery requests on IntegriCert, Scarborough has made every effort to resolve the dispute without resorting to the Court, even granting IntegriCert accommodations (*e.g.,* allowing Defendants extra time to respond, in exchange for a promise of proper responses). However, Defendant's most recent answers and responses to Scarborough's discovery (attached as Exhibit C) not only fall far short of their obligations but demonstrate a concerted effort to avoid compliance.

## II.  FACTS

Scarborough served his first round of discovery upon IntegriCert on December 7, 2012. Exhibits A and B. IntegriCert provided "preliminary answers" to Scarborough's discovery requests on January 16, 2013, but they contained only objections to certain requests. The "preliminary answers" did not include a single substantive response. *See* Jan. 21, 2013 correspondence from Ryan Goudelocke attached as Exhibit D.

Rather than holding IntegriCert to its waived objections and seeking sanctions for its failure to respond, Scarborough agreed to a retroactive extension of time for IntegriCert to provide appropriate responses. *See* Jan. 22, 2013 facsimile from Ryan Goudelocke attached as Exhibit E (confirming extension). IntegriCert then provided its "Answers to Plaintiff's First Interrogatories and Responses to First Requests for Production of Documents and Things," on February 1, 2013. Exhibit F. Yet again, IntegriCert's responses remained woefully deficient. IntegriCert's second round of responses still did not include any document production, nor did it

include a single response to any damages-related inquiry, unilaterally relying instead on IntegriCert's then-pending motion to bifurcate. Doc. No. 27.

Scarborough immediately sent a letter to IntegriCert's counsel, outlining the deficiencies in IntegriCert's responses, aside from those related to the bifurcation issue, and again requested that IntegriCert produce documents and produce them in electronic format as previously agreed upon in the parties' Phase I 26(f) Report. Correspondence from Holly Barnes at Exhibit G. IntegriCert responded with forty-three pages of document production, alleged to be responsive to document requests numbered 4, 17, 19, 23, and 26, along with a letter of transmittal. Exhibit H. Despite its prior agreement, IntegriCert refused to produce additional documents electronically, stating that Scarborough was "invited to inspect all responsive documents and things, under mutually-agreeable circumstances, as they are kept in the usual course of business." Ex. H at 5.

Shortly thereafter, on March 6, 2013, the Court tabled all pending motions (including IntegriCert's Motion to Bifurcate) and discovery until a *Markman* hearing could be conducted regarding the two asserted patents. Doc. No. 46. Following the *Markman* hearing on August 27, 2013, Scarborough reopened the discovery discussions with IntegriCert. Scarborough provided correspondence to IntegriCert asking that it finally provide a response to his long standing requests for damages discovery (Interrogatory No. 2 and Requests for Production 6, 15, 18, 21, and 27-29) and promptly supplement its previous responses, including providing a substantive response to Interrogatory No. 3, seeking IntegriCert's non-infringement position. *See* Oct. 4, 2013 correspondence from Holly Barnes, attached as Exhibit I. Scarborough again asked that IntegriCert comply with the agreement contained in the Rule 26(f) Report and produce responsive documents electronically rather than holding them for inspection "under mutually-agreeable circumstances." *Id.* Scarborough likewise sent follow-up correspondence identifying a

handful of documents that were either, illegible, truncated or missing. October 10-11, 2013 Correspondence attached as Exhibit J. IntegriCert responded that it would look into this issue but to date has not provided corrective documents.

Meanwhile, on October 28, 2013, counsel for both parties conducted a teleconference, during which, counsel for IntegriCert indicated that IntegriCert would be supplementing its document production and interrogatory responses, including but not limited to information relating to IntegriCert's income from the accused devices and services (*see* Requests Nos. 6, 15, 18, 21, and 27-29, along with Interrogatory No. 2) and any documents that IntegriCert had previously declined to produce electronically. Barnes Declaration at ¶ 14. The parties also agreed that IntegriCert would provide a substantive response to Interrogatory No. 3 if Scarborough would provide a narrowed list of asserted claims. Barnes Declaration at ¶ 15; Nov. 19, 2013 Correspondence from Holly Barnes at Exhibit K.

On November 19, 2013, four weeks after the above conference and still no additional production from IntegriCert, Scarborough provided the narrowed list of claims alleged to infringe for Interrogatory No. 3, and advised that Scarborough would have to file a motion to compel with the Court if he did not receive at least some additional documents by the end of the week (November 22, 2013). Exhibit K. In the interim, IntegriCert's counsel indicated on both November 20 and 22, 2013 that an additional document production in accordance with the parties' discussions was forthcoming. Barnes Declaration at ¶ 16.

However, IntegriCert's Supplemental Response to Plaintiff's Interrogatories and Responses to Requests for Production of Documents and Things (Exhibit C) did not include any of the substantive interrogatory responses promised during the October 28th teleconference. Instead, the Supplemental Response parrots the improper objections from the original Response

and dodges its duty to produce responsive materials by reverting to tendering Scarborough permission to inspect them at IntegriCert's premises. *See* IntegriCert's Supplemental Response, attached as Exhibit C. Although not noted in the Supplemental Response, Scarborough acknowledges that IntegriCert did provide a single disc containing some responsive documents, represented by IntegriCert to be responsive to requests numbered 9, 14, 15, 17, and 21; however, as with the prior production, it is not sufficient to meet IntegriCert's discovery obligations. *See* Dec. 10, 2013 Correspondence from Holly Barnes at Exhibit L. Despite an additional meet and confer between counsel for both parties regarding IntegriCert's deficient discovery responses, IntegriCert has refused to supplement its discovery to date.

### III. INTEGRICERT'S OUTSTANDING DISCOVERY RESPONSES

#### A. IntegriCert's objections to providing sufficient financial information are improper.

The documents most recently produced by IntegriCert remain insufficient to show IntegriCert's sales of infringing services. The financial documents produced thus far consist entirely of "Accountants' Compilation" reports. Those compilations were undoubtedly created using some underlying data. Such data would be responsive to Requests Nos. 6, 15, 18, 21, 27-29 and Interrogatory No. 2.

Interrogatory No. 2 asks that IntegriCert "[i]dentify all instances in which You have made, used, sold, offered to sell, or imported an Accused Apparatus or offered for sale or provided an Accused Service since February 1, 2005, including any income received or revenue generated for any such apparatus or service." Exhibit A at 5. IntegriCert provides the following dichotomous answer:

> Objection; the meaning of "offered is not here clear and could include advertisement, exhibition, description of or discussion of the items in question, or all or none of those meanings. However, in the spirit of cooperative discovery, IntegriCert responds that it has no records specific to

5

>and thus is not able to identify all instances in which it "offered to sell" or "offered for sale" any Accused Apparatus or Accused Service; **Defendant generally concerns itself with recording the services it performs, not services it "offers" to perform.** Further answering, while identifying all instances in which IntegriCert "used" or "provided" an Accused Apparatus or Accused Service, respectively, would require independent compilation of information in a form other than as kept in the normal course of business, in the spirit of cooperative discovery the materials Plaintiff would need to compile such information (to the extent they are maintained as far back as 2005, and generally in physical format) are available for inspection at a mutually agreeable time and place.

Exhibit C at 5-6. The current answer from IntegriCert is not only insufficient but also internally inconsistent. If IntegriCert "concerns itself with recording the services it performs," it should provide that information in response to the interrogatory; it is not an appropriate objection to an interrogatory to argue that the answer requires information in a form other than kept in the normal course of business.

What IntegriCert has essentially done is invoke FRCP 33(d) without meeting its requirements to specify the records where the information can be found. FRCP 33(d) allows a responding party to refer to business records in an answer to an interrogatory but requires that IntegriCert specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. *Akers v. Shaw Environmental, Inc.*, Nos. 09-915, 2011 WL 867524, at *4 (WD La. Mar. 14, 2011). The comment to this portion of the rule when it was adopted (at that time, it was Subdivision (c)), explained the importance of this requirement that the records be specified:

>The interrogating party is protected against abusive use of this provision through the requirement that the burden of ascertaining the answer be substantially the same for both sides. A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records.

Advisory Committee notes, FRCP. 33. The courts have regularly enforced this requirement. *Rainbow Pioneer v. Hawaii Nevada Investment Corp.*, 711 F.2d 902, 906 (9th Cir. 1983); *In re*

6

*Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 326 (N. D. Ill. 2005). IntegriCert must be compelled to provide a substantive response to Interrogatory No. 2 and to produce financial data sufficient to show its sales of allegedly infringing services, including the data provided to the accounting firm responsible for the "Accountants' Compilation" already produced.

### B.     IntegriCert has refused to identify its contentions.

The Federal Rules of Civil Procedure permit discovery of a party's contentions. Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention"). Scarborough has asked IntegriCert for documents and information regarding IntegriCert's contentions on infringement and damages. However, to date, IntegriCert's responses to these valid and proper discovery requests remain seriously deficient.

Scarborough's Interrogatory No. 3 asks, "[i]f You contend that any Accused Product or Accused Service does not infringe any claim of the Patents-in-Suit, set forth in detail, the basis for Your contention, including an element-by-element analysis of the relationship between any Accused Product or Accused Service and each claim You contend is not infringed." IntegriCert has, at one point, agreed to provide a substantive answer to this Interrogatory if Scarborough would provide a narrowed list of asserted claims. Although not required by any rule, Scarborough has done so. Ex. K (identifying claims for the purpose of Interrogatory No. 3).

Despite receiving the narrowed list of claims, IntegriCert has yet to provide any basis for its non-infringement position. Instead, IntegriCert has responded as follows:

> Objections. First, Plaintiff has never identified which claims of the patents at issue it believes are infringed by the Accused Products or Accused Services—its Complaint vaguely refers only to "one or more claims" of each patent. Defendant is not required to guess which claims of the '322 and '447 patents are actually at issue here and which are peripheral; this Interrogatory is premature because Defendant will not know what information is responsive until and unless Plaintiff clarifies its allegations to exactly which claims are alleged infringed.

> Moreover, while as Plaintiff is aware Defendant contends that *no* Accused Product or Accused Service infringes *any* claims of the patents at issue, Defendant has not completed its element-by-element evaluation of the relationship between those patents and the accused matter—Defendant *cannot* complete that evaluation, in fact, until the Court has rendered its *Markman* determinations of claim construction, which will affect Defendant's analysis.

Ex. C at 6-7.

Likewise, IntegriCert has also failed to provide any documents supporting or contradicting its infringement position. *See* Ex. B at 5 (Requests Nos. 1 and 2 seek documents related to IntegriCert's contentions). These documents are directly relevant to Scarborough's infringement claims and must be produced by IntegriCert. Fed. R. Civ. P. 26(b).

IntegriCert claims that it cannot provide the requested information because Scarborough has not identified which claims of the patents it believes to be at issue. As an initial matter, it is IntegriCert that has alleged in its Answer that it does not infringe. Doc. No. 37 at ¶¶ 23, 26-28. IntegriCert was required to have a basis for its affirmative defenses regarding non-infringement. Fed. R. Civ. P. 11(b). Accordingly, Scarborough's infringement contentions are irrelevant to IntegriCert's assertion of non-infringement.

IntegriCert's argument that its failure to respond to discovery is excused in some way by the inadequacy of Scarborough's contentions is also contrary to case law. Other courts within the Fifth Circuit have rejected such an argument. *Oasis Research, LLC v. Adrive, LLC, et al.*, Case No. 4:10-cv-00435, slip op. at 2-3 (E.D. Tex. Sept. 13, 2011); *Personal Audio, LLC v. Apple Inc., et al.*, Case No. 09-cv-00111, Doc. 95, slip op. at 3-4 (E.D. Tex. April 5, 2010). In each of those cases, the Court rejected the defendants' arguments and compelled them to provide their non-infringement contentions. This Court should similarly reject IntegriCert's argument here.

IntegriCert's objection that it cannot provide the requested information because the Court has not rendered its *Markman* determinations of claim construction is also contrary to the law

and IntegriCert's discovery obligations. Again, other courts in the Fifth Circuit have rejected such an argument when compelling defendants to answer similar requests. *See, e.g., Oasis Research,* Case No. 4:10-cv-00435, slip op. at 3-4. This Court should similarly reject IntegriCert's argument and compel it to respond.

IntegriCert has also failed to appropriately respond to Scarborough's Request No. 6, which seeks any documents that would support IntegriCert's position that Scarborough's damages are limited. *See* Ex. B at 5. IntegriCert refers to its Response to Request No. 3 (for which is has provided no documents) and further argues that the request is "duplicative of the Federal Rules of Civil Procedure's requirements of a defendant's Answer." Ex. C at 13. This objection is nonsensical in response to a request for supporting documents. IntegriCert's response to Request No. 6 continues to impede Scarborough's discovery efforts by arguing that it "will willingly itemize and produce documents," but it declines to do so by stating that the referenced contentions are unclear. Scarborough's request is directed to IntegriCert's contentions. Only IntegriCert is able to determine what its contentions are—Scarborough cannot identify them for it. If IntegriCert intends to maintain a position that IntegriCert's damages are limited in anyway, it must supplement its production.

### C. IntegriCert has not produced any documents related to the patents or inventor.

IntegriCert has also declined to produce documents in response to Requests Nos. 7-9, which seek documents related to the patents-in-suit or Scarborough. These requested documents are certainly relevant, are likely to lead to the discovery of admissible evidence, and are easily identified. IntegriCert cannot continue to withhold any non-privileged documents responsive to Requests 7-9.

### D. Documents must be produced electronically.

The Agreed Phase I 26(f) Report (Doc. No. 16) states that both parties agree to produce documents in electronic form whenever possible. It is contrary to that agreement to require that Scarborough inspect all of IntegriCert's business records at their premises in order to locate responsive documents or other information.[1] Scarborough has stated, in its letter to IntegriCert on October 4, 2013, that if there are certain documents that cannot be converted to electronic format, Scarborough is willing to make arrangements to allow for production on a document-by-document basis. Ex. H. IntegriCert has not identified any such documents, nor has it provided a reason that the entirety of its production cannot be made in electronic form. Therefore, IntegriCert should be compelled to produce the requested documents and information in the proper, agreed format for each and every request to which IntegriCert responded that documents are available for inspection, including specifically Requests Nos. 1, 2, 7-9, 14, 16-20, 22-26, and 30-33. *See e.g.,* Ex. I at 2 (identifying requests for which documents were identified as available).

### E. If IntegriCert does not provide additional information, it should be limited to its current responses under 37(c).

Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). IntegriCert has continuously asserted that they have responded completely to all discovery requests, while in the same breath promised that further supplemental responses were forthcoming. If IntegriCert does not provide any additional information responsive to the outstanding, proper discovery requests outlined in

---

[1] Ironically, IntegriCert states that the offer allowing Scarborough to inspect the records is "in the spirit of cooperative discovery."

this motion, then this Court should issue an Order limiting IntegriCert to its current responses under FRCP 37(c).

      **F.**      **Sanctions against IntegriCert are mandatory.**

Subsection 37(a)(4)(A), "which governs sanctions under the rule, mandatorily requires the award of reasonable expenses, including attorney's fees, unless the motion to compel discovery was unjustified or other circumstances make the award unjust." *Lischka v. Tidewater Svcs., Inc.*, CIV. A. 96-296, 1997 WL 27066 (E.D. La. Jan. 22, 1997). IntegriCert's dilatory behavior does not fall under any of the exceptions to the requirement that sanctions be levied against IntegriCert. Scarborough therefore requests that it be allowed to submit to the Court its costs and fees in association with bringing this Motion.

## IV. CONCLUSION

For the forgoing reasons, Scarborough requests that this Court issue an Order compelling IntegriCert to fully respond to the Interrogatories and Requests for Production of Documents and Things. IntegriCert must be compelled to provide full and complete responses to Scarborough's Interrogatories, including an identification of its contentions and its sales of allegedly infringing services. IntegriCert must also be compelled to provide complete documents responsive to all of Scarborough's Requests for Production, including financial data and information supporting or contradicting its non-infringement position. At a minimum, the financial data to be produced by IntegriCert should include the data sent to its accounting department to create the "accounting compilations" provided thus far.

Scarborough asks that this Court issue an Order limiting IntegriCert to its current responses under FRCP 37(c), preventing it from using any additional documents not produced as of the date of the Court's Order. Finally, Scarborough requests that this Court order that

IntegriCert be sanctioned for its failure to provide discovery and that the Court grant to Scarborough all other relief to which he is shown to be justly entitled.

        Respectfully submitted,

        /s/ *Holly H. Barnes*
        **MATTHEWS LAWSON, PLLC**
        Holly H. Barnes
        Texas Bar No. 24045451
        Guy E. Matthews
        Texas Bar No. 1320700
        2000 Bering, Suite 700
        Houston, Texas 77057
        Telephone: (713) 355-4200
        Facsimile: (713) 355-9689
        Email: hbarnes@matthewsfirm.com
        Email: gmatthews@matthewsfirm.com

        and

        */s/ Elwood C. Stevens, Jr.*
        **DOMENGEAUX, WRIGHT, ROY & EDWARDS, LLC**
        Bob F. Wright (La. Bar #13,691)
        Elwood C. Stevens, Jr. (La. Bar #12,459)
        P. O. Box 3668
        Jefferson Towers, Suite 500
        556 Jefferson Street
        Lafayette, LA 70501-3668
        Telephone: (337) 233-3033
        Facsimile: (337) 232-8213
        Email: bobw@wrightroy.com
        Email: elwoods@wrightroy.com

        *ATTORNEYS FOR PLAINTIFF*
        *RANDALL SCARBOROUGH*