# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANDALL SCARBOROUGH | * | |
| | * | CIVIL ACTION NO. |
|    Plaintiff | * | |
| | * | 6:12-cv-00396-RFD-CMH |
| VERSUS | * | |
| | * | Judge Rebecca F. Doherty |
| INTEGRICERT, LLC | * | Magistrate Judge C. Michael Hill |
| | * | |
|    Defendant | * | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON VALIDITY OF U.S. PATENT NOS. 6,848,322 AND 7,284,447

NOW INTO COURT, through his undersigned counsel, comes Plaintiff, Randall Scarborough, who respectfully moves this Court for Partial Summary Judgment on Defendant IntegriCert, LLC's affirmative defense of invalidity of United States Patent Numbers 6,848,322 ("the '322 Patent") and 7,284,447 ("the '447 Patent").

There is no issue of material fact related to Defendant's affirmative defense of invalidity for either anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103. Defendant, IntegriCert, LLC ("IntegriCert") is unable to provide any prior art that would invalidate any claim of either the '322 Patent or the '447 Patent. Therefore, Plaintiff, Randall Scarborough, is entitled to judgment as a matter of law that both the '322 Patent and the '447 Patent are not invalid.

The accompanying declaration and exhibits filed in support of this Motion for Partial Summary Judgment demonstrate that the United States Patent and Trademark

Office ("USPTO") thoroughly considered IntegriCert's prior art and its arguments with respect to that prior art. Significantly, the USPTO did not find any of the prior art provided by IntegriCert to be invalidating, stating that none of the references of record teach or suggest an apparatus for non-destructively testing weld strength and integrity of an attachment weld.

The standard relied upon by the USPTO to determine validity (preponderance of the evidence) is far lower than the burden of proof required to invalidate a patent before a district court (clear and convincing evidence). IntegriCert's failure to meet the substantially lower standard of proof before the USPTO confirms that it cannot establish by clear and convincing evidence that any of Scarborough's patent claims are invalid under the higher, district court standard.

WHEREFORE, for the reasons set forth herein, and as more fully explained in Scarborough's Memorandum in Support, Scarborough prays for an Order from this Court finding that, since there are no genuine issues of material fact, Scarborough is entitled to judgment as a matter of law, and granting Partial Summary Judgment in his favor, declaring that the '322 Patent and the '447 Patent are not invalid.

    Respectfully submitted,

    /s/ *Holly H. Barnes*
    **MATTHEWS LAWSON**
    **MCCUTCHEON & JOSEPH, PLLC**
    Holly H. Barnes
    Texas Bar No. 24045451
    Guy E. Matthews

        Texas Bar No. 1320700
        2000 Bering, Suite 700
        Houston, Texas 77057
        Telephone: (713) 355-4200
        Facsimile:  (713) 355-9689
        Email: hbarnes@matthewsfirm.com
        Email: gmatthews@matthewsfirm.com

and

*/s/ Elwood C. Stevens, Jr.*
**DOMENGEAUX, WRIGHT, ROY,
EDWARDS & COLOMB LLC**
Bob F. Wright (La. Bar #13,691)
Elwood C. Stevens, Jr. (La. Bar #12,459)
P. O. Box 3668
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501-3668
Telephone: (337) 233-3033
Facsimile:  (337) 232-8213
Email: bobw@wrightroy.com
Email: elwoods@wrightroy.com

*ATTORNEYS FOR PLAINTIFF
RANDALL SCARBOROUGH*

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 3rd day of February, 2015.

        /s/ *Holly H. Barnes*
        Holly H. Barnes