**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| RANDALL SCARBOROUGH | * | |
| | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | 6:12-cv-00396-RFD-CMH |
| VERSUS | * | |
| | * | Judge Rebecca F. Doherty |
| INTEGRICERT, LLC | * | Magistrate Judge C. Michael Hill |
| | * | |
| Defendant | * | JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT ON VALIDITY OF
U.S. PATENT NOS. 6,848,322 AND 7,284,447**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Randall Scarborough ("Scarborough"), and respectfully moves for summary judgment as to the validity of Scarborough's U.S. Patent No. 6,848,322 and U.S. Patent No. 7,284,447. Scarborough is entitled to summary judgment on validity because there are no issues of material fact and because the patents-in-suit are valid as a matter of law. The United States Patent and Trademark Office has considered all of the prior art asserted by Defendant IntegriCert, LLC, using a standard of proof more favorable to IntegriCert than that required before this Court, and has determined that none of the prior art of record teaches or suggests the claimed inventions. In support of his Motion for Summary Judgment, Scarborough provides this Memorandum on the Validity of U.S. Patent Nos. 6,848,322 and 7,284,447 with his supporting affidavit and exhibits.

## TABLE OF CONTENTS

I. **BACKGROUND** ...................................................................................................... 1

   A. Scarborough's patented technology ........................................................ 1

   B. Procedural History ................................................................................... 2

   C. Prosecution History ................................................................................. 4

      *1. Initial Prosecution* ........................................................................... 4

      *2. Reexamination* ................................................................................ 6

      *3. Certificates of Reexamination* ....................................................... 8

   D. IntegriCert has no additional Prior Art. ................................................. 10

II. **ARGUMENT AND AUTHORITIES** ................................................................. 11

   A. Summary Judgment Standard ................................................................ 11

   C. Validity can be resolved on summary judgment. .................................. 12

   D. IntegriCert bears a heightened burden. ................................................. 13

   E. IntegriCert's Prior Art .......................................................................... 15

      1. U.S. Patent No. 5,548,997 to Bauer fails to describe, enable or even suggest each and every element of any claim. .................................................................. 16

      2. U.S. Patent No. 3,738,163 to McEntire fails to describe, enable or even suggest each and every element of any claim. ................................................................. 17

      3. U.S. Patent No. 4,584,881 to Hogan fails to describe, enable or even suggest each and every element of any claim. ................................................................. 18

      4. U.S. Patent No. 6,095,498 to Lemoine fails to describe, enable or even suggest each and every element of any claim. ................................................................. 19

      5. U.S. Patent No. 3,595,072 to Richards fails to describe, enable or even suggest each and every element of any claim. ................................................................. 19

      6. U.S. Patent No. 5,587,537 to Simmons fails to describe, enable or even suggest each and every element of any claim. ................................................................. 20

      7. IntegriCert's remaining references are asserted for obviousness only. ............... 20

III. **CONCLUSION** ................................................................................................ 23

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

ii

# TABLE OF AUTHORITIES

Cases

*Abbott Labs. v. Syntron Bioresearch, Inc.*,
   334 F.3d 1343, 1357 (Fed. Cir. 2003) ...................................................................... 13

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
   725 F.2d 1350, 1359 (Fed. Cir. 1984) ...................................................................... 13

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 251-52 (1986) .................................................................................... 10

*Avia Grp. Int'l, Inc. v. L.A. Gear California, Inc.*,
   853 F.2d 1557, 1560 (Fed. Cir. 1988) ...................................................................... 10

*Bristol-Myers Squibb co. v. Ben Venue Labs., Inc.*,
   246 F.3d 1368, 1374 (Fed. Cir. 2001) ...................................................................... 19

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................. 10

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) .................................................................................. 11

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422, 1428 (Fed. Cir. 1988) ...................................................................... 13

*Hewlett–Packard Co. v. Bausch & Lomb, Inc.*,
   909 F.2d 1464, 15 USPQ2d 1525, 1527 (Fed.Cir.1990) ........................................... 13

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
   802 F.2d 1367, 1375 (Fed.Cir.1986) ........................................................................ 11

*In re Kahn*,
   441 F.3d 977, 988 (Fed.Cir.2006) ............................................................................ 19

*In re Swanson*,
   540 F.3d 1368, 1377 (Fed. Cir. 2008) ...................................................................... 14

*In re Tzipori*,
   316 Fed. Appx. 975, 982 (Fed. Cir. 2008) ................................................................ 19

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

iii

*Johnston v. IVAC Corp.*,
    885 F.2d 1574, 1576-77 (Fed. Cir. 1989) ...................................................................... 11

*KSR Int'l Co. v. Teleflex Inc.*,
    550 U.S. 398 (2007) ............................................................................................... 19, 21

*Medichem, S.A. v. Rolabo, S.L.*,
    437 F.3d 1157, 1164 (Fed. Cir. 2006) .......................................................................... 20

*Ormco Corp. v. Align Tech., Inc.*,
    498 F.3d 1307, 1319 (Fed.Cir.2007) ............................................................................ 12

*OSRAM Sylvania, Inc. v. Am. Induction Tech., Inc.*,
    701 F.3d 698 (2012) .............................................................................................. 11, 12

*PAR Pharm., Inc. v. TWI Pharm., Inc.*,
    No. 2014-1391, 2014 WL 6782649, at *5 (Fed. Cir. Dec. 3, 2014) ............................ 20

*Pfizer, Inc. v. Apotex, Inc.*,
    480 F.3d 1348, 1361 (Fed.Cir.2007) ............................................................................ 12

*Richardson v. Suzuki Motor Co.*,
    868 F.2d 1226, 1236 (Fed. Cir. 1989) .......................................................................... 15

*Scripps Clinic & Research Found. v. Genentech Inc.*,
    927 F.2d 1565 (Fed. Cir. 1991) .................................................................................... 15

*SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*,
    718 F.2d 365, 380 (Fed. Cir. 1983) .............................................................................. 11

*Tokai Corp. v. Easton Enters.*,
    632 F.3d 1358, 1366 (Fed.Cir.2011) ............................................................................ 12

*Transamerica Ins. Co. v. Avenell*,
    66 F.3d 715, 718-19 (5th Cir. 1995) ............................................................................ 10

*United States Gypsum Co. v. National Gypsum Co.*,
    74 F.3d 1209, 1212 (Fed.Cir.1996) .............................................................................. 11

*Vivid Tech., Inc. American Sci. & Eng'g Inc.*,
    200 F.3d 795 (Fed. Cir. 1999) ...................................................................................... 21

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity
    iv

*WMS Gaming, Inc. v. Int'l Game Tech.*,
   184 F.3d 1339, 1355 (Fed.Cir.1999) ........................................................ 11

*Zenith Elecs. Corp. v. PDI Commun. Sys.*,
   522 F.3d 1348, 1357 (Fed.Cir.2008) ........................................................ 12

<u>Rules and Statutes</u>
35 U.S.C. § 282 ........................................................................................ 11

Fed. R. Civ. P. 56(a) ................................................................................ 10

6:12-cv-00396-RFD-CMH                                              v
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

# I.   BACKGROUND

## A. SCARBOROUGH'S PATENTED TECHNOLOGY

Plaintiff, Randall Scarborough, is the inventor and owner of U.S. Patent No. 6,848,322 (hereinafter referred to as "the '322 Patent") and U.S. Patent No. 7,284,447 (hereinafter referred to as "the '447 Patent"). Scarborough asserts that IntegriCert infringes at least Claims 1-4 and 7-12 of the '322 Patent and at least Claims 1, 6-12, 14, 15, 18-23 and 26-31 of the '447 Patent. The patents-in-suit relate to methods and apparatuses for testing the integrity of welds used to attach lifting points, referred to as pad eyes or lifting lugs, to structures intended to be lifted. The structures intended to be lifted are typically large cargo or shipping containers, oilfield equipment, or offshore drilling equipment, such as drill string piping, which is to be loaded or unloaded from trailers or ships. The integrity of the welds supporting the lifting points for these structures is critical for protecting the safety of the workers and by-standers involved in transporting the equipment. Failure of the weld attaching the pad eye or lifting lug can cause catastrophic damage to the lifted equipment, and more importantly, can cause injury or loss of life from an uncontrolled fall.

Prior to Scarborough's invention, weld integrity was tested using x-rays or a liquid penetrant; however, neither method is particularly reliable. Similar approaches to the patents-in-suit have been used, but they suffer from significant drawbacks, including the destruction or deformation of the pad eye, which defeats the purpose of on-site, in situ testing. Scarborough's invention employs one or more hydraulic cylinders to apply a non-destructive test force to the pad eye or lifting lug welded to the shipping container or

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

1

lifted equipment. By controlling the hydraulic action of the cylinder or cylinders, the claimed methods and/or apparatuses mimic the forces on the weld that occur when the loaded object is lifted. Although the test load can be varied in practice or according to an industry standard, typically, the applied test load is 1.5 times the rated capacity for the pad eye or lifting lug or 1.5 times the expected maximum weight to be lifted. Following application of the test force, the pad eye and welding are examined for any defects or deformities.

### B. PROCEDURAL HISTORY

Scarborough filed suit against IntegriCert, LLC ("Defendant") nearly two years ago, on February 10, 2012. Original Complaint, Doc. No. 1. Scarborough alleges that IntegriCert has, and continues to infringe several claims of both the '322 Patent and the '447 Patent. First Amended Complaint, Doc. No. 31. IntegriCert denies infringement and asserts as an affirmative defense that the patents are invalid. Doc. No. 37 at 4. Shortly after answering the Complaint, IntegriCert filed a proposed Motion for Partial Summary Judgment on Invalidity of the '322 Patent, as part of a motion for leave to file excess pages. Doc. No. 26. Scarborough opposed the motion for excess pages and moved to strike the expert testimony underlying IntegrCert's proposed motion for summary judgment. Doc. Nos. 36 and 43. Following a scheduling conference on March 6, 2013, the schedule then in effect was vacated to allow for a *Markman* hearing, and all pending motions were dismissed as premature. *See* Doc. No. 46.

Immediately thereafter, in an effort to circumvent the process of proving invalidity before the Court, IntegriCert filed requests for reexamination of both patents with the

6:12-cv-00396-RFD-CMH
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

2

United States Patent and Trademark Office ("USPTO") and sought to have the litigation stayed. Doc. No. 52. The Court denied IntegriCert's initial motion to stay, and the parties proceeded with claim construction briefing. Doc. No. 56. After the briefing was completed and after the Court conducted the *Markman* hearing, IntegriCert again moved to stay the litigation in favor of allowing the USPTO to evaluate the validity of the patents-in-suit, arguing that a stay would "preserve the Court's time and resources" because, *inter alia*, "[w]hen the Patent Office makes a validity determination on Plaintiff's patent claims, this Court will be bound to follow that decision." Doc. No. 84-4 at 1 and 4.

Ultimately, following IntegriCert's re-urged motion to stay, the Court stayed the litigation to allow the USPTO to use its expertise in evaluating the validity of the asserted patents. The USPTO has concluded its review and has issued certificates of reexamination for both the '322 Patent and the '447 Patent. The patents and their corresponding certificates of reexamination are attached as Exhibits A and B[1], respectively. Now that the patents have been reissued, Scarborough has filed a Motion to Lift the Stay, asking this Court to allow the case to move forward. Doc. No. 106. Scarborough's Motion for Partial Summary Judgment on Validity is now ripe for the Court's consideration.

---

[1] References to Exhibits A through V refer to the exhibits attached to the Declaration of Holly Barnes filed in support of Plaintiff's Motion for Partial Summary Judgment.

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

3

## C. PROSECUTION HISTORY

### 1. *Initial Prosecution*

Scarborough filed his first application for patent protection on February 12, 2003. That application eventually became the '322 Patent. Exhibit A. Scarborough also filed a continuation-in-part of that first application, which eventually issued as the '447 Patent. Exhibit B. All but one of the independent claims of the '322 Patent were initially rejected by the USPTO as being anticipated (35 U.S.C. § 102) by a prior patent issued to Gram in 1984. May 6, 2004 Office Action, Exhibit C at 2. The remaining independent claim was rejected as being obvious (35 U.S.C. § 103) in light of the Gram patent combined with a 1976 patent to Hoyt. *Id.* at 3. Scarborough distinguished those prior patents and explained to the examiner that his invention was specific to the non-destructive testing of the attachment weld connecting a pad eye to a device to be tested. Response to Non-final Rejection, Exhibit D at 9. Scarborough successfully argued to the examiner that the Gram patent was directed to a testing method where a test specimen is removed from the test subject and is placed inside the testing device, whereas Scarborough's claims are related to non-destructive testing that is done "substantially external to the testing apparatus" to provide a pulling force on the test piece. *Id.* Scarborough made clear that his

> invention does not require the removal of the object to be tested, rather [Scarborough's] invention attaches to the pad eye or lug to be tested in an external fashion such [that] the pad eye or lifting lug is not placed into the internal mechanisms of [Scarborough's] invention in order to be tested and does not preferably damage or destroy the testing piece.

*Id.* at 10. The examiner determined that the Hoyt reference, which relates to pull testing of an anchor embedded in the ground, was not sufficient to overcome the deficiencies in

6:12-cv-00396-RFD-CMH                                                                 4
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

Gram. *Id.* at 10-11. Immediately following Scarborough's response to the office action, the examiner issued a notice of allowance, and the '322 Patent was issued on February 1, 2005. Exhibits E and A.

Like the '322 Patent, several claims of the application for the '447 patent were also initially rejected by the USPTO. *See* June 1, 2006 Office Action, Exhibit F. The examiner rejected claims 1 and 31-32 "under 35 U.S.C. § 102 as being anticipated by Hodo et al." and rejected claims 3-5, 7-15 and 33 because they were dependent upon a rejected claim. Exhibit F at 2-3. The examiner determined that Claims 16-30 were allowable as originally filed. *Id.* In response, Scarborough successfully argued to the examiner that the meaning of "non-destructive" in the context of the claims prevents "substantial disassembly of the piece to be tested" in contrast to the prior art references, like Hodo, that necessarily destroy the test piece. Response to Non-final Rejection, Exhibit G at 12.

The examiner found Scarborough's arguments persuasive with respect to the prior-art cited in the first office action on the '447 Patent but declared them moot in light of a new reference cited by the examiner. Final Rejection, Exhibit H at 4. The examiner cited a patent to Tiegel as disclosing the elements of claims 1-2 of the '447 patent. *Id.* at 3. However, Scarborough distinguished Tiegel as requiring a "shear force," which is functionally different from the tensioning claimed by Scarborough. Response to Final Rejection, Exhibit I at 11. Following an advisory action stating that Scarborough's claim 1 would not be allowed as written, Scarborough amended claim 1 to incorporate the limitations from dependent claim 10, thereby adding limitations related to a base, bracket

6:12-cv-00396-RFD-CMH                                                          5
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

and clamp. Amendment after Advisory Action, Exhibit J at 2, 11.  The USPTO issued a notice of allowance in response to the amendment, and the '447 Patent was issued. Exhibit K and Exhibit B.

### 2.  *Reexamination*

IntegriCert's request for *ex parte* reexamination asked the USPTO to invalidate five claims of the '447 Patent and all claims of the '322 Patent alleging that "each is invalid under either *35 U.S.C. § 102 or 35 U.S.C. § 103.*" *See* Exhibit L at 1 and Exhibit M at 1 (emphasis in the original). IntegriCert provided the USPTO with a detailed explanation of IntegriCert's position regarding both obviousness and anticipation of the claims it asserted to be invalid. *See, e.g.,* Exhibit L at 4-15 (Claim chart and IntegriCert's arguments under 35 U.S.C. § 102 and § 103 related to Claim 1). The USPTO agreed with IntegriCert's assertion that a substantial new question of patentability existed with respect to both patents and ordered that they be reexamined in light of the prior art provided by IntegriCert. Office Action Granting Reexamination of the '447 Patent, Exhibit N. In its order granting reexamination, the USPTO adopted IntegriCert's explanation of the prior art and accompanying claims charts. Exhibit N at 8.

IntegriCert provided the following prior art to the USPTO that it asserted as invalidating the '447 patent:

> U.S. Patent No. 5,548,997 to Bauer
> U.S. Patent No. 3,738,163 to McEntire
> U.S. Patent No. 4,584,881 to Hogan
> U.S. Patent No. 6,095,498 to Lemoine
> U.S. Patent No. 3,595,072 to Richards
> U.S. Patent No. 2,763,149 to Long
> U.S. Patent No. 3,203,231 to Klatchko

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

6

U.S. Patent No. 3,377,847 to Aske
U.S. Patent No. 5,361,639 to Thorsen
U.S. Patent No. 6,167,764 to Calhoun
U.S. Patent No. 4,475,404 to Rutledge
U.S. Patent No. 5,948,994 to Jen
U.S. Patent No. 4,478,086 to Gram
U.S. Patent No. 3,994,158 to Weinhold
U.S. Patent No. 5,587,537 to Simmons
U.S. Patent No. 2,884,986 to Heldenbrand
U.S. Patent No. 1,861,345 to Brown

IntegriCert identified the same patents as relevant to the reexamination of the '322

Patent, with the addition of the following patents:

U.S. Patent No. 3,690,160 to Kriesten
U.S. Patent No. 4,606,225 to Thomason
U.S. Patent No. 2,431,295 to Eksergian
U.S. Patent No. 4,353,190 to Gleeson
U.S. Patent No. 5,437,191 to Dripke

Exhibit L. The USPTO ordered that the '322 Patent be reexamined as well, again

adopting IntegriCert's statement of the prior art. Exhibit O at 6. The USPTO found that,

of the art provided by IntegriCert, the references to Bauer, McEntire, Lemoine, Hogan,

Simmons and Richards, "either alone or in view of others" were the most relevant in the

USPTO's determination that a substantial new question of patentability existed. *See*

Exhibit N at 8 and Exhibit O at 6 (relying on IntegriCert's claim charts, referred to as

"item matching").

Just as in the original prosecution, during both reexaminations, the claims were

initially rejected. S*ee* Exhibit P, Dec. 19, 2013 Office Action Rejecting Claims 1, 14, 15,

27 and 29[2] of the '447 Patent and Exhibit Q, April 9, 2014 Office Action Rejecting

---

[2] Scarborough elected to cancel Claim 29 during the reexamination.

6:12-cv-00396-RFD-CMH                                                                                    7
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

Claims 1-21 of the '322 Patent. The prior art references submitted by IntegriCert suffer the same deficiencies as those cited by the USPTO in the original prosecution—none discloses the use of a pulling force to non-destructively test weld strength and integrity of an attachment weld. Scarborough was not required to make any substantive amendments to the claims to overcome the prior art asserted in the rejections in either reexamination. Rather, Scarborough made only non-substantive, clarifying amendments to make clear that the claims were (and had always been) limited to the non-destructive testing of an attachment weld joining a pad eye to another structure. The patent examiner agreed with Scarborough that "none of the references of record teach or suggest an apparatus for non-destructive[ly] testing weld strength and integrity of at least one attachment weld including an attachment structure for attaching to a pad eye or other device joined by the at least one attachment weld" as in Claim 1 of the '447 Patent. Exhibit R, Sept. 5, 2014 Office Action on the '447 Patent at 3; *See also*, Exhibit S, Sept. 5, 2014 Office Action on the '322 Patent at 3 (finding that no references of record teach the apparatus or method in claims 1, 13, 20 and 21 of the '322 Patent).

### 3.  *Certificates of Reexamination*

On December 24, 2014 and January 13, 2015, the USPTO issued certificates of reexamination for the '322 Patent and the '447 Patent, respectively. Exhibits A and B. With respect to the '322 Patent, claims 1, 2, 7, 8, 10-17 and 20-21 were found "patentable as amended," and the remaining claims "3-6, 9, 18 and 19, dependent on an amended claim, are determined to be patentable." Exhibit A. Claim 1 of the '322 Patent is representative of the non-substantive amendment made to the claims and now reads as

6:12-cv-00396-RFD-CMH                                                                              8
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

follows (underlined text represents additions to the claim and deleted text is struck through):

> 1. An apparatus for testing the weld strength and integrity of an <u>attachment</u> weld, comprising:
>
> a framework including a base, top, and side pieces;
> at least one fluid containing cylinder, mounted with the framework, for moving a piston therein inwardly and outwardly as fluid is moved out or in respectively; and
> structure for releaseably or permanently attaching to a pad eye, <u>lifting lug</u> or <s>any</s> <u>other</u> device <s>to be tested</s> <u>joined by the attachment weld to another structure;</u>
> whereby moving fluid into the cylinder causes the piston to move outwardly to tension the pad eye, <u>lifting lug or other device</u> to <s>testing</s> <u>test</u> the integrity of the <s>welding</s> <u>attachment weld</u> in a non<u>-</u>destructive manner.

The '322 Patent Reexam. Certificate, Exhibit A at 1:23-36. The amendments to the claims are limited to clarifying that the weld referenced is an attachment weld for joining a pad eye, lifting lug or other device to a structure to be lifted. *See* Exhibit U at 8 ("Patentee believes that no new matter has been added by these amendments and the claims' scope remains substantially identical, if not actually identical, because the amended claim language inherently reflects how the original claims should have been construed") (citing *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342 (Fed. Cir. 1998)). The specification and prosecution history make clear that the '322 Patent's claims were limited to testing the integrity of attachment welds even before the reexamination. *See e.g.*, the '322 Patent, Exhibit A at Abstract and at 1:6-8 ("The present apparatus relates, generally, to nondestructive testing of weld integrity and strength in the <u>attachment weld</u> of pad eyes and other lifting lugs"). In fact, IntegriCert argued as much during claim

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

9

construction: "This phrase appears to uniformly refer (in both the '322 and '447 patents) to that weld attaching a pad eye, lifting lug or "any other device to be tested" to its substrate, e.g. that 'heavy equipment' referred to by the '447 patent's specification." Doc. No. 66 at 28. There are no amendments to the claims that change the previously argued claim constructions.

### D. INTEGRICERT HAS NO ADDITIONAL PRIOR ART.

Every one of the prior art references submitted by IntegriCert to the USPTO was also included in IntegriCert's Proposed Motion for Summary Judgment on Invalidity. *See* IntergriCert's Memorandum in Support of Partial MSJ at Doc. No. 26-5. IntegriCert has not identified any other prior art it contends would be more relevant to the validity of either the '322 Patent or the '447 Patent than what it has already submitted. In fact, in response to Scarborough's interrogatories and requests for production seeking any information supporting IntegriCert's defense of invalidity, IntegriCert referred back to the materials it submitted to the USPTO in its requests for reexamination:

> Plaintiff is respectfully directed to those materials submitted to the United States Patent and Trademark Office in the course of application nos. 90/012,842 (concerning the '447 patent) and 90/012,840 (concerning the '322 patent), in particular documents coded "RXOSUB.R" and the patents cited therein, for the '447 patent; and "RXOSUB.C" and the patents cited therein, for the '322 patent. All documents referred to are publicly available from the USPTO's Patent Application Information Retrieval system.

IntegriCert's Supplemental Discovery Responses, attached as Exhibit T, at Interrogatory No. 4 and Request for Production 3 and 4.

IntegriCert has no prior art beyond that which has already been considered by the USPTO. Because reexamination certificates have been issued for both the '322 Patent

6:12-cv-00396-RFD-CMH                                                      10
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

and the '447 Patent, after expert consideration of that prior art, Scarborough now asks the Court to grant summary judgment in his favor with respect to IntegriCert's invalidity defense.

## II.   ARGUMENT AND AUTHORITIES

### A.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record, including the parties' pleadings, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Where, as here, "the non-movant would bear the burden of proof at trial … the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 323-25)). To avoid summary judgment, the non-movant must then respond by setting forth sufficient evidence in support of its position that would allow a jury to reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (comparing summary judgment motion to a request for a directed verdict); *see also Avia Grp. Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988) (requiring evidence to be "forthcoming from the nonmovant which would be sufficient to require submission to the jury), abrogated on other grounds by *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008).

6:12-cv-00396-RFD-CMH                                                                 11
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

Patent cases are as amenable to summary judgment as any other case when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See e.g., OSRAM Sylvania, Inc. v. Am. Induction Tech., Inc.*, 701 F.3d 698 (2012) (summary judgment can be granted on anticipation or obviousness where the underlying facts are not in dispute); *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1576-77 (Fed. Cir. 1989).

### B.   PATENTS ARE PRESUMED VALID

An issued patent is presumed valid. 35 U.S.C. § 282; *United States Gypsum Co. v. National Gypsum Co.,* 74 F.3d 1209, 1212 (Fed.Cir.1996); *Hybritech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1375 (Fed.Cir.1986). Because of the statutory presumption of validity, a party challenging a patent's validity bears the burden of proving facts to support its invalidity defense by <u>clear and convincing evidence</u>. *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1355 (Fed.Cir.1999); *OSRAM*, 701 F.3d at 704. Clear and convincing proof is an intermediate standard between "beyond a reasonable doubt" and the "preponderance of the evidence" standards and requires "some combination of the words 'clear,' 'cogent,' 'unequivocal' and 'convincing.'" *SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 380 (Fed. Cir. 1983).

### C.   VALIDITY CAN BE RESOLVED ON SUMMARY JUDGMENT.

Patent claims can be found invalid for a number of reasons, including under the doctrines of anticipation and obviousness. A patent claim is said to be "anticipated," and thus invalid, only if each and every limitation of the challenged claim is found in a single prior art reference. *OSRAM*, 701 F.3d 698, 704 (citing 35 U.S.C. § 102). Because of the

6:12-cv-00396-RFD-CMH                                                                12
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

presumption of validity, evidence supporting a claim that an invention was anticipated must be shown by clear and convincing evidence. Similarly, a patent can be found obvious where "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *OSRAM*, 701 F.3d at 706 (citing 35 U.S.C. § 103(a)). "Generally, a party seeking to invalidate a patent as obvious must demonstrate 'by clear and convincing evidence that a skilled artisan would have been motivated to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so.'" *OSRAM*, 701 F.3d 698 at 706 (citing *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed.Cir.2007)). Summary judgment is proper on both anticipation and obviousness when no reasonable jury could find that that the asserted patent is anticipated or obvious. *See  Zenith Elecs. Corp. v. PDI Commun. Sys.,* 522 F.3d 1348, 1357 (Fed.Cir.2008); *Ormco Corp. v. Align Tech., Inc.,* 498 F.3d 1307, 1319 (Fed.Cir.2007) ("Anticipation is based upon an underlying factual inquiry, but it may be resolved on summary judgment if no genuine issue of material fact exists"); *Tokai Corp. v. Easton Enters.,* 632 F.3d 1358, 1366 (Fed.Cir.2011).

### D.  INTEGRICERT BEARS A HEIGHTENED BURDEN.

No legal estoppel is created by *ex parte* reexamination proceedings; however, in practice, it becomes even more difficult to meet the clear and convincing burden required to invalidate a challenged patent in a later proceeding (such as district court litigation) based upon prior art already considered by the USPTO during the reexamination. The

6:12-cv-00396-RFD-CMH                                                                                        13
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

fact that a skilled examiner found the claims to be patentable over the asserted prior art affects whether the challenger has met the clear and convincing evidence burden:

> When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents.

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984); *see Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343, 1357 (Fed. Cir. 2003). The burden of proof does not shift because a particular prior art reference was already before the examiner and determined not to be invaliding, but the burden to prove invalidity by clear and convincing evidence becomes even harder to meet. *See e.g., Hewlett–Packard Co. v. Bausch & Lomb, Inc.,* 909 F.2d 1464, 15 USPQ2d 1525, 1527 (Fed.Cir.1990) (the burden to show invalidity by clear and convincing evidence is "especially difficult" where the prior art has already been before the examiner).

Any invalidity argument made by IntegriCert based upon the prior art would require IntegriCert to prove that the USPTO incorrectly evaluated that art. Those arguments would run contrary to arguments already made by IntegriCert to this Court, including IntegriCert's statements that the litigation should be stayed pending the "expert view of the PTO" because the "prior art presented to the Court will likely already have been considered by the Patent Office in the reexamination...thereby reducing the complexity and length of the litigation." IntegriCert's Second Motion to Stay, Doc. 52-3 at 5-6.

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

14

In contrast to the clear and convincing standard required to invalidate a patent through litigation, the USPTO relies upon a lower standard of proof—the preponderance of the evidence standard—and uses the broadest reasonable claim construction to evaluate the validity of a patent's claims. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed. Cir. 1988) ("The two forums take different approaches in determining invalidity"); *In re Swanson,* 540 F.3d 1368, 1377 (Fed. Cir. 2008) (explaining the different standards of proof and claim construction used in reexaminations as opposed to litigation).

Here, the USPTO considered all the prior art submitted by IntegriCert, as well as IntegriCert's position with respect to each prior art reference and its relation to the '322 Patent and the '447 Patent. And yet, even using the lower standard of proof and a broader claim construction, the USPTO found none of the prior art to be invalidating, whether alone or in combination. Rather, with some clarifying amendments, the USPTO issued reexamination certificates for both patents. Because the USPTO has issued Scarborough's patents over every prior art reference relied upon by IntegriCert, there is no reasonable possibility that IntegriCert can carry the burden of proving invalidity based upon that same prior art.

### E.   INTEGRICERT'S PRIOR ART

Each prior art reference addressed below was included in IntegriCert's Motion for Summary Judgment of Invalidity, filed at the inception of this case. IntegriCert then provided each of those same prior art references to the USPTO through the reexamination proceedings for both the '322 Patent and the '447 Patent. The USPTO has considered each and every prior art reference asserted and found both patents to be valid. IntegriCert

6:12-cv-00396-RFD-CMH                                                                               15
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

does not have any additional prior art that is more relevant to validity than the prior art listed below. Because IntegriCert cannot produce any art that is more relevant than that considered by the USPTO, it will not be able to prove, by clear and convincing evidence, that any claims of the '322 Patent or the '447 Patent are invalid. During the prosecution of the reexaminations, Scarborough provided charts to the patent examiner for each prior art reference relied upon by the examiner. For the Court's convenience, Scarborough has provided those charts, which identify the missing elements of each asserted reference that are required to support IntegriCert's invalidity defense. *See* Exhibit U with respect to the '322 Patent and Exhibit V with respect to the '447 Patent. Each of the addressed references was rejected by the USPTO.

### 1. U.S. Patent No. 5,548,997 to Bauer fails to describe, enable or even suggest each and every element of any claim.

IntegriCert has argued both to this Court and the USPTO that the Bauer patent "contains each and every element recited in" Claims 1-4, and 7-20 of the '322 Patent and claims 1, 14, 15, and 27 of the '447 Patent. IntegriCert concedes that the Bauer patent is related to a device "for the testing of a valve stem under desired operating load conditions." IntegriCert Reexam Request, Exhibit C at 9; Exhibit D at 4. Bauer fails to describe any reference to an "attachment weld," much less "testing the integrity of the attachment weld." In fact, the term "weld" is not found in the Bauer patent.

Establishing anticipation under 35 U.S.C. § 102(b) requires that a single prior art reference contain each and every element recited in the challenged claim; "[t]here must be no difference between the claimed invention and the reference disclosure." *Scripps*

6:12-cv-00396-RFD-CMH
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*                                            16

*Clinic & Research Found. v. Genentech Inc.*, 927 F.2d 1565 (Fed. Cir. 1991); *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236 (Fed. Cir. 1989).  The Bauer reference relied upon by IntegriCert fails to disclose a device used to test a weld, especially the testing of a weld between a pad eye and another structure in a non-destructive manner. Further, Bauer also fails to disclose a piston or shaft in a cylinder that moves or exerts a force along an axis substantially perpendicular to the tested weld. Instead, Bauer teaches a force applied axially or in parallel to a valve stem being tested.

Accordingly, Bauer fails to disclose at least one element required of every claim in both the '322 Patent and the '447 Patent, most notably a "weld" or "attachment weld." Those missing elements prevent Bauer from anticipating any claim. *See e.g.,* Exhibit K at 11-32 (claims charts identifying missing elements of the '322 patent); Exhibit L at 14-18 (claims charts identifying missing elements of the '447 patent).

### 2. U.S. Patent No. 3,738,163 to McEntire fails to describe, enable or even suggest each and every element of any claim.

According to IntegriCert, the McEntire patent "discloses a device for testing dead man anchors embedded in the earth by employing a substantial force at the desired angle for the particular anchor of interest." Exhibit  C at 9. In other words, McEntire describes pulling upon an anchor to see if it will remain in the ground.  McEntire does not contain any references to any kind of weld, nor does it contain any disclosure of "an apparatus for testing the weld strength and integrity of an attachment weld." See Exhibit K at 33-37 (identifying missing elements of McEntire).

6:12-cv-00396-RFD-CMH
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

17

As described above with respect to the Bauer reference, because McEntire does not describe each and every element of any claims of either the '322 Patent or the '447 Patent, it cannot be found to anticipate any of those claims under 35 U.S.C. § 102. *See e.g.,* Exhibit K at 34-37 (identifying missing elements of the '322 patent). Specifically, McEntire fails to describe, *inter alia*, a weld, a pad eye, or "an apparatus for testing the weld strength and integrity of an attachment weld."

### 3. U.S. Patent No. 4,584,881 to Hogan fails to describe, enable or even suggest each and every element of any claim.

The Hogan patent discloses a device for testing a weld connecting two adjacent lugs in an interior battery partition. *See e.g.*, Exhibit K at 48 (referring to the Hogan patent). Those lugs are spaced apart on vertical surfaces, and a first portion of the device engages the top surface of one of the lugs to hold it down, while a second portion of the device is clamped onto the second lug. A predetermined, upward force is exerted upon the second lug, intended to shear off the weld if it is of poor strength or fail to move the weld if it is strong. Hogan does not disclose testing of an attachment weld that attaches a pad eye, lifting lug or other device to another structure to be lifted. The lugs in the Hogan patent are not the "lifting" lugs or pad eyes described and claimed in the Scarborough patents but are instead a connection between a wire and a battery's positive or negative adaptors. Further, the Hogan lugs are welded together for electrical conductivity rather than for structural support. The Hogan patent also fails to disclose the piston and cylinder arrangement of Scarborough's claims. Hogan is therefore not capable of anticipating any

6:12-cv-00396-RFD-CMH                                                        18
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

claim of either the '322 Patent or the '447 Patent under 35 U.S.C. § 102 because it does not disclose each and every element of any claim.

### 4. U.S. Patent No. 6,095,498 to Lemoine fails to describe, enable or even suggest each and every element of any claim.

Lemoine relates to a device and method for pulling elongated objects such as stakes, pins and spikes from another object. *See* Exhibit K at 37 (citing Lemoine at Col. 1, lines 4-6). IntegriCert characterizes Lemoine as disclosing "an apparatus for pulling an elongated first objected [sic] embedded in a second object." Exhibit C at 9. Lemoine does not include any references to a "weld" or to "testing the integrity of" a weld. *See* Exhibit K at 38-40 (identifying the missing elements of Lemoine). As such, Lemoine cannot anticipate any claim of either the '322 Patent or the '447 Patent.

### 5. U.S. Patent No. 3,595,072 to Richards fails to describe, enable or even suggest each and every element of any claim.

The Richards patent describes a device for testing the strength, cure and structure of concrete by pulling a test member that was previously buried in a concrete slab. Richards pulls up on the test member, thereby applying a force on the concrete from below, to test a conical section of the concrete. See e.g., Exhibit L at 26-28 (identifying the missing elements of Richards). IntegriCert concedes that the Richards device is used "to apply a desired test load [to a] test piece embedded in concrete." Exhibit C at 23. Richards fails to make any reference to a weld or any device used to test an attachment weld in a non-destructive manner and therefore cannot anticipate any claims of the '322 Patent or the '447 Patent.

6:12-cv-00396-RFD-CMH                                                                    19
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

### 6. U.S. Patent No. 5,587,537 to Simmons fails to describe, enable or even suggest each and every element of any claim.

IntegriCert describes the Simmons patent as disclosing a device "to tension test a cable butt weld non-destructively." Exhibit C at 10. However, the weld disclosed in Simmons is not an attachment weld of the type claimed by Scarborough, nor is the testing disclosed by Simmons "non-destructive." Simmons relates to a device for testing the quality of a weld in an elongated object" by first pressing the ends of a cable together, welding them together, and pulling the strands apart to evaluate the elongation of the weld. *See e.g.*, Exhibit L (distinguishing Simmons). Because Simmons only tests a portion of an object prior to assembly, rather than an entire, intact object, and because the necessary elongation of the tested weld is a deformation of the weld, Simmons is incapable of testing an assembled object in a non-destructive manner and therefore cannot anticipate any claims of either the '322 Patent or the '447 Patent.

### 7. IntegriCert's remaining references are asserted for obviousness only.

In addition to asserting invalidity under 35 U.S.C. § 102, IntegriCert also argued to the USPTO that the claims of both the '322 Patent and the '447 Patent were invalid as obvious under 35 U.S.C. § 103. *See e.g.*, Exhibit C at 3-9 and Exhibit D at 2-4. Scarborough also overcame these rejections before the USPTO—even under the lower, "preponderance of the evidence" standard. No combination of the prior art references relied upon by IntegriCert discloses each and every element of any one of Scarborough's claims, nor is there any evidence that would suggest that a person of ordinary skill in the art would endeavor to combine those references. *See e.g., Bristol-Myers Squibb co. v.*

6:12-cv-00396-RFD-CMH                                                      20
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

*Ben Venue Labs., Inc.,* 246 F.3d 1368, 1374 (Fed. Cir. 2001); *see also In re Tzipori*, 316 Fed. Appx. 975, 982 (Fed. Cir. 2008) (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007)); *see also In re Kahn,* 441 F.3d 977, 988 (Fed.Cir.2006) ("[T]here must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness").

For example, IntegriCert argued to the USPTO that the Kriesten patent (U.S. Patent No. 3,690,160), when combined with one or more of the above references, would have made certain claims of the '322 Patent obvious. In other words, IntegriCert has not argued that the Kriesten reference anticipates the Scarborough patents, but instead has used the reference in an attempt to create an argument that Kriesten supplies the missing elements of McEntire, Bauer, Simmons, Lemoine and/or Hogan to invalidate Claim 5 of the '322 Patent. Exhibit C at 5, 40-41. Claim 5 is dependent upon Claim 1 but adds the limitation, "wherein said bridge plate or cross bar can be curved." Exhibit A at 10:3-4. IntegriCert alleged to the USPTO that Kriesten supplied the limitation that a bridge plate or cross bar can be curved, but, even assuming that is true, Kriesten does not supply the elements identified above to be missing from the prior art supplied by IntegriCert. Exhibit C at 40. Kriesten relates to an apparatus for testing blades of a turbine and does not reference any kind of weld or any device for testing a weld. It also fails to describe the "pulling" force required by the claims of the Scarborough patents because it teaches a compressive force instead. *See e.g.*, Exhibit K at 81 (discussing the inapplicability of Kriesten and other references).  Kriesten does not overcome the shortcomings in the cited prior art, nor has IntegriCert argued as such. The same is true of the additional

6:12-cv-00396-RFD-CMH                                                                                 21
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

obviousness references submitted by IntegriCert. The USPTO found that none of those additional references was relevant to the patentability of either the '322 Patent or the '447 Patent. *See* Exhibit N and Exhibit O (citing the references forming the basis for the USPTO's finding of a substantial new question of patentability).

Even if each and every element of any one of Scarborough's claims were found in IntegriCert's combined prior art, IntegriCert would then be required to identify the motivation for combining any of those referenced patents to create the claimed inventions. *See e.g. PAR Pharm., Inc. v. TWI Pharm., Inc.*, No. 2014-1391, 2014 WL 6782649, at *5 (Fed. Cir. Dec. 3, 2014) (citing *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1164 (Fed. Cir. 2006) and noting that we only consider motivation to combine "if all elements of an invention are found in a combination of the prior art references"). A patent claim "is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l.*, 550 U.S. at 418-19. There must be some articulated reason to prompt a person of ordinary skill in the relevant field to combine the prior art elements in the same manner as in the challenged claim. *Id.* "This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id.* There is no clear and convincing evidence to suggest that a person of ordinary skill in the art would combine the non-analogous prior art references relied upon by IntegriCert. Without that evidence, in addition to showing that all elements of a challenged claim are found in the prior art, IntegriCert cannot prevail in its attempt to invalidate any claims of the '322 Patent or the '447 Patent as obvious.

6:12-cv-00396-RFD-CMH                                                                                      22
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

III.    CONCLUSION

When the moving party does not have the burden of proof on the issue, as here, the movant nonetheless bears the initial burden of coming forward with sufficient evidence to demonstrate that there is no material issue of fact that would preclude summary judgment and that it is entitled to judgment as a matter of law. *Vivid Tech., Inc. American Sci. & Eng'g Inc*., 200 F.3d 795 (Fed. Cir. 1999). Scarborough has clearly identified IntegriCert's lack of evidence related to the validity of the patents-in-suit. That evidence was evaluated by the USPTO, using the "preponderance of the evidence" standard, and was found by the examiner not to invalidate either patent. Now, using the heightened "clear and convincing" standard, IntegriCert must prove that those same prior art references contain each and every element of Scarborough's claims in a single reference, or if the references must be combined to disclose each and every element, that there is some articulated motivation to combine those references. IntegriCert has not cleared and cannot clear either hurdle.

In the final analysis, the prior art references asserted by IntegriCert, alone or in combination, do not contain each and every element of any claim of the '322 Patent or the '447 Patent. As a result, Scarborough is entitled to judgment as a matter of law that both the '322 Patent and the '447 Patent are not invalid as anticipated under 35 U.S.C. § 102 or as obvious under 35 U.S.C. § 103. Scarborough therefore requests that summary judgment be granted in his favor, declaring that the patents in suit are not invalid.

6:12-cv-00396-RFD-CMH                                                                                           23
*Plaintiff's Memorandum in Support of*
*Motion for Summary Judgment on Validity*

DATED: February 3, 2015                  RESPECTFULLY SUBMITTED,

                                         **MATTHEWS LAWSON**
                                         **McCUTCHEON & JOSEPH, PLLC**
                                         Holly H. Barnes
                                         Texas Bar No. 24045451
                                         Guy E. Matthews
                                         Texas Bar No. 1320700
                                         2000 Bering, Suite 700
                                         Houston, Texas 77057
                                         Telephone: (713) 355-4200
                                         Facsimile: (713) 355-9689
                                         Email: hbarnes@matthewsfirm.com
                                         Email: gmatthews@matthewsfirm.com

                                         and

                                         **DOMENGEAUX, WRIGHT, ROY,**
                                         **EDWARDS & COLOMB, LLC**
                                         */s/ Elwood Stevens*
                                         Bob F. Wright (La. Bar #13,691)
                                         Elwood C. Stevens, Jr. (T.A.)
                                         (La. Bar #12,459)
                                         P. O. Box 3668
                                         Jefferson Towers, Suite 500
                                         556 Jefferson Street
                                         Lafayette, LA 70501-3668
                                         Telephone: (337) 233-3033
                                         Facsimile: (337) 232-8213
                                         Email: bobw@wrightroy.com
                                         Email: elwoods@wrightroy.com
                                         *ATTORNEYS FOR PLAINTIFF,*
                                         *RANDALL SCARBOROUGH*

6:12-cv-00396-RFD-CMH                                                    24
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity

# EXHIBITS

Exhibit A:   Certificate of Reexamination and the '322 Patent

Exhibit B:   Certificate of Reexamination and the '447 Patent

Exhibit C:   May 6, 2004 Office Action on the '322 Patent

Exhibit D:   Response to Non-final Rejection ('322 Patent)

Exhibit E:   Notice of Allowance for the '322 Patent

Exhibit F:   June 1, 2006 Office Action on the '447 Patent

Exhibit G:   Response to Non-final Rejection ('447 Patent)

Exhibit H:   Final Rejection on the '447 Patent

Exhibit I:   Response to Final Rejection ('447 Patent)

Exhibit J:   Amendment after Advisory Action

Exhibit K:   Notice of Allowance for the '447 Patent

Exhibit L:   IntegriCert Reexam Request for the '322 Patent

Exhibit M:   IntegriCert Reexam Request for the '447 Patent

Exhibit N:   Office Action Granting Reexam of the '447 Patent

Exhibit O:   Office Action Granting Reexam of the '322 Patent

Exhibit P:   Dec. 19, 2013 Office Action Rejecting '447 Patent's Claims

Exhibit Q:   April 9, 2014 Office Action Rejecting '322 Patent's Claims

Exhibit R:   Sept. 5, 2014 Office Action on the '447 Patent

Exhibit S:   Sept. 5, 2014 Office Action on the '322 Patent

Exhibit T:   IntegriCert's Supplemental Discovery Responses

Exhibit U:   Arguments to the Examiner, including Claim chart for the '322 Patent

Exhibit V:   Arguments to the Examiner, including Claim chart for the '447 Patent

6:12-cv-00396-RFD-CMH
Plaintiff's Memorandum in Support of
Motion for Summary Judgment on Validity
25