IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Randall Scarborough,       * | |
|                            * | Civil Action No.: |
|           Plaintiff        * | 6:12-cv-00396-RFD-CMH |
|                            * | |
| versus                     * | Magistrate Judge C. Michael Hill |
|                            * | |
| IntegriCert, LLC,          * | |
|                            * | JURY TRIAL DEMANDED |
|           Defendant.       * | |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE INTEGRICERT'S
<u>AFFIDAVITS OF STEPHEN A. KILLINGSWORTH, P.E.</u>**

Plaintiff Randall Scarborough ("Scarborough") respectfully requests that this Court Strike the Affidavits of Defendant's proffered expert Stephen A. Killingsworth ("Killingsworth") offered in support of Defendant's Motion for Partial Summary Judgment of Non-Infringement and Absolute Intervening Rights (Doc. No. 123-10) and offered in support of Defendant's Opposition to Scarborough's Motion for Partial Summary Judgment of Validity (Doc. No. 115-6).  Killingsworth's Affidavits are conclusory and fail to recite any experience, education or training that would qualify him to opine on claim interpretation and scope or enablement.

Killingsworth's affidavits suffer from several deficiencies that prevent them from being relied upon by Defendant IntegriCert, LLC ("IntegriCert") to support its positions. Those deficiencies include a failure to comply with the expert disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and a failure to meet the qualifications, reliability and relevancy standards for expert opinion under *Daubert* and Rule 702 of the Federal Rules of Evidence. As such, both affidavits must be excluded from consideration by this Court in determining the pending motions for summary judgment.

A. **IntegriCert bears the burden to show that Killingsworth's Affidavits meet the requirements of FRE 702.**

In addition to Rule 702, the admission of expert testimony is also governed by Rule 104(a), which requires that the party offering the expert to show by a preponderance of the evidence that the pertinent admissibility requirements of relevancy and reliability have been met. Fed. R. Evid. 104(a) and 702 (2000 committee notes, citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). This Court must act as the gatekeeper to exclude any expert testimony that is not relevant or that does not result from the application of reliable methodologies or theories to the facts of the case. *Micro Chem. Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003); *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 589, 113 S.Ct. 2786, 2795 (1993). Mr. Killingsworth's Affidavits fail both requirements.

B. **Killingsworth's Affidavits Violate Rule 26(a)(2)'s requirements for expert testimony.**

Rule 26(a) of the Federal Rules of Civil Procedure requires that an expert's report must contain "the basis and reasons" for his opinions, "the facts or data considered," "the witness's qualifications," a statement of the witness's previous testimony, and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B); *see also, Davidson v. Georgia Pacific,* LLC, No. 12-CV-1463, 2014 WL 36621, at *5 (W.D. La. Jan. 6, 2014). Killingsworth's Affidavits contain none of the required information. Both the Court and Plaintiff are therefore unable to evaluate the credibility of the witness, any bias he may have, or his qualifications for rendering patent opinions.

Plaintiff's own research indicates that Mr. Killingsworth is a frequent provider of expert witness testimony, some of which has been admitted by federal courts in Louisiana, and much of which has been excluded:

- *Hills v. Fanuc Robotics Am., Inc.*, No. CIV.A.04-2659, 2010 WL 890223 (E.D. La. Mar. 5, 2010) (allowing Killingsworth to testify on engineering topics);

- *Dearmond v. Wal-Mart Louisiana LLC*, 335 Fed. Appx. 442 (Fifth Cir. 2009) (allowing Killingsworth's testimony on lawnmower configuration)

- *Nunez v. Dolgencorp, LLC*, No. 2:12-CV-630-PM-KK, 2013 WL 2458736, at *4 (W.D. La. June 6, 2013) (excluding Killingsworth's conclusions in a slip and fall case);

- *Tassin v. Sears, Roebuck and Co.*, 946 F.Supp. 1241 (M.D. La. 1996) (excluding Killingsworth's opinions on alternative designs of table saws as based upon "virtually nonexistent" methodology);

- *Stonicher v. Int'l Snubbing Svcs., LLC*, No. CIV.A. 02-2454, 2003 WL 22208577, at *2 (E.D. La. Sept. 19, 2003)(excluding Killingsworth's stairway design reports and opinions as unhelpful to determination of a tripping hazard);

- *Brown v. Parker-Hannifin Corp.*, 919 F.2d 308 (Fifth Cir. 1990) (excluding Killingworth opinion as speculation and of no assistance);

- *Moore v. Goodyear Tire & Rubber Co.*, No. CIV.A. 00-0699, 2001 WL 36391559 (W.D. La. Oct. 26, 2001) (excluding Killingworth opinions for lack of "a sufficient showing that this data is reliable");

- *Union Pac. R. Co. v. Lil Al's Towing, Inc.*, No. CIV.A. 10-1207, 2011 WL 10949004 (E.D. La. Sept. 21, 2011)(excluding Killingsworth testimony as not helpful and beyond his expertise); and

- *Louviere v. Am. Helicopters, Inc.*, No. CIV.A. 03-1503, 2006 WL 5186530 (W.D. La. May 19, 2006)(Killingworth excluded because plaintiff had not provided his report).

None of the above cases is a patent case and none requires the construction of claim terms. "Rule 702 requires that an expert be properly qualified" to provide his opinion. *Id.* IntegriCert and Mr. Killingworth have provided no evidence that would allow a finding that he is qualified to render opinions on claim construction, claim scope or enablement.

### C. Killingsworth's Affidavits do not meet the requirements of *Daubert* or FRE 702.

"Under Fed.R.Evid. 702, which governs the admissibility of expert testimony, the evidence offered by an expert witness must be both relevant and reliable." *Nunez,* 2013 WL 2458736 at *4 (W.D. La. June 6, 2013)(citing *Daubert ,* 509 U.S. at 589 and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (1999)). Evidentiary rule 702 allows an expert witness "qualified as [such] by knowledge, skill, experience, training or education" to provide opinion testimony if, among other requirements, the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and if "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702 (2011). *Daubert* requires that courts act as gatekeepers to ensure that expert testimony "is not only relevant but reliable".  See *Daubert*, 509 U.S. at 589; and *Id.* (2000 committee notes). Indeed, "any step that renders the [expert's] analysis unreliable … renders the expert's testimony inadmissible." *Apple, Inc. v. Motorola, Inc.*, 2012 WL 1959560, No. 1:11-cv-08540 (N.D. Ill. May 22, 2012) (Posner, J., sitting by designation).

The "relevance" requirement concerns whether the offered testimony is helpful to the trier of fact in understanding the evidence; if it is not helpful in assessing the facts, it is irrelevant. *Id.* (evaluating the admissibility of Killingworth's opinions in a personal injury case and excluding opinions found to offer "little in helpful testimony"); *see also James v. Lincoln Gen. Ins. Co.*, CIV.A. 09-0727, 2011 WL 3610800 (W.D. La. Aug. 15, 2011). The proponent of the expert testimony must also prove, by a preponderance of the evidence, that the testimony is reliable, meaning that it relies upon some proper methodology.  *Id.* (excluding Killingsworth's conclusion as "unduly speculative"). Mr. Killingsworth's opinions on behalf of IntegriCert are neither relevant nor reliable.

1. ***Killingsworth's Affidavit in Support of IntegriCert's Opposition to Scarborough's Motion for Summary Judgment of Validity must be excluded.***

Scarborough's Motion for Summary Judgment (Doc. No. 107) relates to the validity of the claims in Scarborough's asserted patents in light of the prior art presented by IntegriCert. For reasons set forth in Plaintiff's Reply in Support of his Motion for Summary Judgment, the operability or enablement of the asserted claims is not before the Court. Nonetheless, the majority of Mr. Killingsworth's Affidavit in Support of IntegriCert's Opposition to the Motion for Summary Judgment focuses on "the issue of inoperability of Claim 2 of Scarborough's '322 Patent and Claim 13 [and 15-26] of the '447 patent." Doc. No. 115-6 at ¶¶ 3 and 17. Mr. Killingsworth's Affidavit does not assist the Court in resolving the issue of "operability," were it even properly before the Court, and it fails to be based on any reliable methodology. Instead, most of the paragraphs contain mere restatements of the claim language and conclusions as to the meanings of that claim language. *See, e.g., Id*. at ¶¶ 14-17. The conclusory nature of Mr. Killingworth's Affidavit, alone, requires its exclusion: "An expert may never render conclusions of law." *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (citing *Snap-Drape, Inc. v. Comm'r,* 98 F.3d 194, 198 (5th Cir.1996)). "Nor, may an expert go beyond the scope of his expertise in giving his opinion." *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (citing *First United Fin. Corp. v. U.S. Fid. & Guar. Co.,* 96 F.3d 135, 136 (5th Cir.1996). Mr. Killingsworth's conclusions in no way assist the Court in understanding the evidence. They therefore fail the relevancy requirement and must be excluded.

Mr. Killingsworth also fails to provide any explanation of the methodology he used to parse the language in the claims or to state what supports his claim constructions. He does not

appear to have consulted the patents' specification or prosecution histories to construe the claim language, nor has he defined the relevant art or stated what a person of ordinary skill in the art would understand from the claims. He concludes without explanation that "the devices described in [prior art references] U.S. Patent No. 4,584,881 to Hogan and U.S. Patent No. 5,548,997 to Bauer if so utilized will create a tension force upon an attachment weld." *Id.* at ¶ 18. Aside from his lack of qualifications to make that conclusion, determinations of claim scope are questions of law for the Court, not for hired experts. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995). Supplanting Mr. Killingsworth's conclusion for that of the Court helps no one.

Because Mr. Killingsworth has provided testimony well beyond his expertise, because his Affidavit does not provide any specialized knowledge helpful to determining the proper scope of either the claims of the Scarborough patents or the prior art patents, and because it fails to be based upon the required review of the relevant intrinsic evidence, it must be excluded. Fed. R. Evid. 702; *Daubert*, 509 U.S. 579 at 589-90.

### 2. *Killingsworth's Affidavit in Support of IntegriCert's Motion for Summary Judgment on Intervening Rights must be excluded.*

Although Mr. Killingsworth's Affidavit in Support of IntegriCert's Motion for Summary Judgment on Intervening Rights (Doc. No. 123-10) is substantially longer than his previous Affidavit (Doc. No. 115-6), it contains no more analysis of the proper claim constructions to be applied to the asserted patent claims, and it fails in much the same manner as the previously addressed Affidavit.

Instead of performing an appropriate claim construction of the original claims and the reissued claims to determine whether the additions to the claim language are significant enough to have changed the claims' scope, Mr. Killingsworth begins with the conclusion that the claims have been substantially changed based upon the addition of the phrase "attachment" before

"weld," and uses the remainder of his affidavit to restate or illustrate his conclusion. For example, he reaches the conclusion that "[Reexamined] Claim 1 was re-directed to only an attachment weld rather than any weld in a device as originally claimed," but his Affidavit fails to contain even a single citation to the patents' specification or the original prosecution history, nor does he provide any guidance as to the meaning a person of skill in the art would give to any claim term, before or after reexamination. Doc. 123-10 at ¶ 9. As such, his Affidavit does nothing to aid the Court in determining whether the weld addressed in the original claims was inherently an "attachment" weld prior to reexamination, and it must be excluded as irrelevant.

Furthermore, Mr. Killingsworth's Affidavit improperly attempts to change the scope of the original claims, some of which were explicitly limited to attachment welds, and some of which were inherently limited to attachment welds, by stating that the original claims "covered testing of 'any device,' including a weld, welding, or other connection within the device being tested." Doc. No. 123-10 at ¶ 12. When, "the meaning of a disputed claim term is clear from the intrinsic evidence ... it cannot be altered or superseded by expert witness testimony or other external sources simply because one of the parties wishes it were otherwise." *Scriptgen Pharm. v. 3-Dimensional Pharm., Inc.*, 79 F. Supp. 2d 409, 411 (D. Del. 1999) (quoting *Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998)).

### D. Conclusion

This is not the first time IntegriCert has asserted an improperly supported expert affidavit in this case. In fact, in support of its first Motion for Summary Judgment on Validity, IntegriCert provided the expert affidavit of John L. Guillory (Doc. No. 26-7) that failed to provide any basis for the conclusions contained therein, and upon being deposed, Mr. Guillory admitted that he was not qualified to reach the conclusions he had given. *See* Scarborough's Motion to Exclude,

Doc. No. 43 at 6 (citing Guillory Deposition). Tellingly, IntegriCert has chosen not to continue to use Mr. Guillory, with the exception of a single, unnecessary reference to his opinion in Paragraph 39 of IntegriCert's Statement of Contested Material Facts (Doc. 115-1) related to Scarborough's Motion for Summary Judgment on Validity. To the extent IntegriCert relies upon any opinions of Professor Guillory, Scarborough renew its Motion to Strike (Doc. 43) that was never ruled upon by the Court. Instead, IntegriCert has hired a professional expert who is willing to make the conclusions necessary for IntegriCert to maintain its positions. Unfortunately for IntegriCert, Mr. Killingsworth's Affidavits suffer from the same deficiencies as Mr. Guillory's—they are not helpful to the determination of the issues before the Court; they are outside the scope of his expertise, and they are not based on the methodology required for construing patent claims. Scarborough therefore respectfully requests that this Court strike both Affidavits of Mr. Killingsworth.

DATED: April 15, 2015                         RESPECTFULLY SUBMITTED,

**MATTHEWS LAWSON
McCUTCHEON & JOSEPH, PLLC**

*/s/ Holly H. Barnes*
Holly H. Barnes
Texas Bar No. 24045451
Guy E. Matthews
Texas Bar No. 1320700
2000 Bering, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
Email: hbarnes@matthewsfirm.com
Email: gmatthews@matthewsfirm.com

and

**DOMENGEAUX, WRIGHT, ROY,
EDWARDS & COLOMB, LLC**

/s/ Elwood Stevens
Bob F. Wright (La. Bar #13,691)
Elwood C. Stevens, Jr. (T.A.)
(La. Bar #12,459)
P. O. Box 3668
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501-3668
Telephone: (337) 233-3033
Facsimile: (337) 232-8213
Email: bobw@wrightroy.com
Email: elwoods@wrightroy.com
*ATTORNEYS FOR PLAINTIFF,*
*RANDALL SCARBOROUGH*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 15th day of April 2015.

/s/ *Holly H. Barnes*
Holly H. Barnes