# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANDALL SCARBOROUGH | * | |
| | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | 6:12-cv-00396-RFD-CMH |
| VERSUS | * | |
| | * | Magistrate Judge C. Michael Hill |
| INTEGRICERT, LLC | * | |
| | * | |
| Defendant | * | JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT THAT CLAIM SCOPE FOLLOWING
## <u>REEEXAMINATION IS NOT SUBSTANTIALLY CHANGED</u>

Pursuant to the Court's Order (Doc. No. 120), Plaintiff Randall Scarborough provides this Reply in Support of his Motion for Partial Summary Judgment that the scope of the patents–in-suit has not substantively changed (Doc. 122) and in Opposition to IntegriCert's Motion for Summary Judgment of Non-Infringement[1] and Absolute Intervening Rights (Doc. 123). The parties agree that the determination of claim scope, before and after reexamination, is a matter of law to be decided by the Court. The remaining dispute centers around the incorporation of the term "attachment" before the term "weld" in any claims where it was not previously stated explicitly. Even the most cursory of reviews shows that the claims of the patents-in-suit are directed to testing the strength and integrity of the weld that attaches a pad eye or lifting lug to another structure to be lifted. In an effort to direct the Court away from that obvious conclusion and away from the claim scope dictated by the intrinsic evidence, IntegriCert relies upon an unqualified expert and misrepresents the substance of the reexamination before the USPTO. Of course IntegriCert's motives for that strategy are clear: it currently infringes the reexamined claims, but if it can convince the Court that the claims have been substantively altered, it can escape liability for past damages on the same activities. IntegriCert's position that its infringement from 2005 to 2014 is resolved by changes to the claims ignores all of the relevant evidence before the Court and the controlling law.

   A.  **IntegriCert cannot meet the burden of proof in establishing intervening rights.**

"It is well established, that intervening rights is an affirmative defense, and as such, the burden of proof rests on the party raising the defense." *Intest Corp. v. Reid-Ashman Mfg., Inc.*, 66 F. Supp. 2d 576, 582 (D. Del. 1999). In advocating for intervening rights, IntegriCert has framed the issue as one where "previously lawful activities [are] rendered newly infringing under a modified patent." Doc. No. 123 at 2. Therefore, to be entitled to intervening rights, IntegriCert bears the

---

[1] IntegriCert's Motion is not accurately referred to as a Motion for Summary Judgment of Non-infringement, as it has not addressed any of the claims as they relate to the accused products or methods. The only motion briefed by IntegriCert is whether the infringed claims were contained in the original patent.

burden of proving that "the infringed claims of the [reexamined] patent were not in the original patent," meaning it must prove (1) that it has infringed claims of the reexamined patent, (2) that were not in the original patent, i.e. are substantially changed in scope, and (3) that the original claims were not infringed. *Id.;* Doc. No. 123 at 2 (citing *BIC Leisure Prods. Inc., v. Windsurfing Int'l Inc.,* 1 F.3d 1214, 1220 (Fed. Cir. 1993)).

If IntegriCert's assertions are taken as true, as a matter of law, it is not entitled to intervening rights. Intervening rights requires that IntegriCert infringe the reexamined claims of the patents-in-suit but not the original claims. *Marine Polymer Tech. v. HemCon Inc.*, 672 F.3d 1350, 1361 (Fed. Cir. 2012) (applying intervening rights only when "its previously lawful activities [are] rendered newly infringing under a modified patent"). However, IntegriCert contends the scope of the claims was narrowed during reexam. Doc. No. 123 at 7. Infringement of the "narrowed," or reexamined, claims necessarily requires infringement of the "broader" original claims. Therefore, IntegriCert cannot establish that it infringes the reexamined claims but not the original claims, as required to establish intervening rights. IntegriCert's activities infringe both the original claims and the reexamined claims – otherwise, it would have no reason for seeking intervening rights in this case.

IntegriCert's focus on the individual words added to the claims[2], rather than a comparison of the scope of the original and resulting claims, also prevents it from being able to carry its burden. Furthermore, much of IntegriCert's brief can be discredited as unsupported or unreliable, including specifically each of IntegriCert's references to statements made by the Examiner without so much as a quote or citation and each of its arguments supported only by its expert affidavit. *See, e.g.,* Doc. 123 at 12 and 14 (referencing the "Examiner's remarks" without supplying what those remarks might be or where they might be found); *see also* Scarborough's Motion to Strike Killingsworth's

---

[2] Scarborough requests that the Court review the reexamination certificates (Exs. M and O) or his Motion for Summary Judgment (Doc. 122) to evaluate any amendments to the claims, as they are not reliably transcribed in IntegriCert's Motion.

Plaintiff's Reply in Support of Motion for   2
Partial Summary Judgment Regarding Claim Scope

Affidavits, filled concurrently. IntegriCert's Motion for Summary Judgment on Intervening Rights must be denied.

### B. Claim scope has always been limited to testing of attachment welds.

The very first statements in both patents make clear that the claimed "apparatus and method for testing weld integrity" is used to "verify the integrity of attachment welds." Exs. N[3] and P (Title and Abstract, relevant portions reproduced at Ex. 1 hereto). IntegriCert asks the Court to ignore the limitation placed on the scope of the original claims, arguing instead that Scarborough's claims cover testing of <u>any</u> weld and <u>any</u> device, without limitation. Doc. No. 123-1 at 7 and 17. In reality, the patents' original claims, which are the starting point for any analysis of intervening rights, are directed to testing a specific set of devices (pad eyes, lifting lugs, and other lifting connections) as they are welded to objects to be lifted. *See, e.g.*, Ex. N at 1:21-25; 1:54-56. The Federal Circuit is clear that amendments "which clarify, restate, specify or <u>make more definite that which was present, implied, or inherent</u> in the counterpart original claim or the specification are not substantive changes, and therefore, <u>claims amended in this manner are legally identical</u>." *Intest Corp. v. Reid-Ashman Mfg., Inc.*, 66 F. Supp. 2d 576, 583 (D. Del. 1999) (emphasis added) (citing *Kaufman Company, Inc. v. Lantech, Inc.*, 807 F.2d 970, 976 (Fed.Cir.1986) and *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed.Cir.1989)).

The "substantive change" focused on by IntegriCert is the addition of "attachment" before "weld" in Claim 1 of both the '322 Patent and the '447 Patent; the remaining independent claims of both patents, Claims 13, 20 and 21 of the '322 Patent and 14 and 27 of the '447 Patent, previously contained the phrase "attachment weld." *See* Reexam Certificates at Exs. M and O. The addition of the inherent "attachment" before "weld" makes the claims more definite and therefore legally

---

[3] Unless otherwise stated, references to Exhibits are to the exhibits filed with Plaintiff's Motion for Summary Judgment the Claim Scope is not Substantially Changed, Doc. 122.

identical. *Intest Corp.*, 66 F.Supp.2d at 583; *Kaufman Co.*, 807 F.2d at 976; *Tennant*, 878 F.2d at 1417. Conversely, IntegriCert argues that "Claim 1, as amended in reexamination, was narrowed in scope to cover an 'attachment weld,' rather than (as before) the 'weld strength and integrity' of *any* weld" and "any device." Doc. 123 at 7 (emphasis and parenthetical in original). IntegriCert's statement misrepresents the scope of the original claims and is contrary to the specification. Although the law is clear that claim scope must be determined using the patent's claims, specification, and prosecution history (i.e., the intrinsic evidence), IntegriCert does not cite to any parts of the patents in support of its proposition that the original patent claims should be construed to cover *any* weld and *any* device. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)("the specification is always highly relevant to" claim construction and is usually dispositive as "the single best guide to the meaning of a disputed term").

      In addition to the title and abstract of the '322 Patent, IntegriCert ignores the clear statements in the specification that limit the tested weld to an "attachment weld." *See* Ex. 1 (highlighted excerpts of the '322 Patent's specification, which is also the specification for the '447 Patent). Instead, IntegriCert cites to the conclusory opinions of a mechanical engineer who has not provided any analysis supporting his conclusion that "[Reexamined] Claim 1 was re-directed to only an *attachment* weld rather than any weld in a device as originally claimed." Doc. 123-10 at ¶ 9 (emphasis in original). In fact, Mr. Killingsworth's Affidavit is entirely bereft of even a single citation to the patents' specification or the original prosecution history, nor does he provide any guidance as to the meaning a person of skill in the art would give to any claim term. As such, his Affidavit is irrelevant to the issue before the Court. *See* Motion to Strike.

      Independent Claim 1 of the '322 Patent, as originally issued, refers to "an apparatus for testing the weld strength and integrity of an [sic] weld" by "attaching to a pad eye or any device to be

tested ... to tension the pad eye to [test] the integrity of the welding in a non destructive manner." Ex. N at 9:45-57. There is no reading of the original claim 1 that would cover testing of "any device" or "any weld" as asserted by IntegriCert. Doc. No. 123-1 at 7. In order for tensioning of a pad eye to result in testing the integrity of the welding, the tested weld must be the one attaching the pad eye to another structure. Claims cannot be read in a vacuum; they must be read in light of their specification. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). The specification for both the '322 Patent and the '447 Patent describes the testing of pad eyes, lifting lugs, and other lifting connections as they are welded to structures to be lifted. *See* Ex. N at Fig. 1, element 19 ("pad eye 19, the lifting lug or other lifting connection" described at 2:57-67 as attached to a base structure); Figs. 8-9 (describing alternate embodiments that require the "pad eye 19, the lifting lug, or other lifting connection" be "attached to" the "base support structure"). Testing of anything else is beyond the scope of the claims and would also require the Court to ignore the preamble of the claim that limits the device to one "for testing the weld strength and integrity" of a weld. The preamble is a required limitation because the "whereby ... testing ... the welding" language at the end of the claim can only be understood in the context of the preamble statement. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305-06 (Fed. Cir. 1999)(where the preamble gives "life, meaning and vitality" to the claim, it limits the scope of the claim). The "weld" in all claims of both asserted patents is, and always has been, an attachment weld. The explicit statement added to Claim 1 to make more definite what was already inherently present in the original claims does not change the claim scope. *Kaufman Co.,* 807 F.2d at 976; *Tennant*, 878 F.2d at 1417.

      Scarborough respectfully requests that the Court deny IntegriCert's Motion for Summary Judgment on Intervening Rights and Non-infringement and grant Scarborough's Motion for Summary Judgment that the Claims' Scope is Substantially Unchanged.

DATED: April 8, 2015.

                               RESPECTFULLY SUBMITTED

**MATTHEWS LAWSON McCUTCHEON JOSEPH, PLLC**
Holly H. Barnes
Texas Bar No. 24045451
Guy E. Matthews
Texas Bar No. 1320700
2000 Bering, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
Email: hbarnes@matthewsfirm.com
Email: gmatthews@matthewsfirm.com

and

**DOMENGEAUX, WRIGHT, ROY, EDWARDS & COLOMB, LLC**
*/s/ Elwood Stevens*
Bob F. Wright (La. Bar #13,691)
Elwood C. Stevens, Jr. (T.A.)
(La. Bar #12,459)
P. O. Box 3668
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501-3668
Telephone: (337) 233-3033
Facsimile: (337) 232-8213
Email: bobw@wrightroy.com
Email: elwoods@wrightroy.com
*ATTORNEYS FOR PLAINTIFF, RANDALL SCARBOROUGH*

**CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 15th day of April 2015.

                                /s/ *Holly H. Barnes*
                                Holly H. Barnes