**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| RANDALL SCARBOROUGH | * | |
| | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | 6:12-cv-00396-RFD-CMH |
| VERSUS | * | |
| | * | Magistrate Judge C. Michael Hill |
| INTEGRICERT, LLC | * | |
| | * | |
| Defendant | * | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT ON VALIDITY OF U.S. PATENT NOS. 6,848,322 AND 7,284,447**

NOW INTO COURT, through his undersigned counsel, Plaintiff, Randall Scarborough ("Scarborough"), Replies to Defendant IntegriCert, LLC's Opposition to Plaintiff's Motion for Partial Summary Judgment related to IntegriCert LLC's affirmative defense of invalidity of United States Patent Numbers 6,848,322 ("the '322 Patent") and 7,284,447 ("the '447 Patent") to show that Defendant, IntegriCert, LLC ("IntegriCert") has failed to identify any issues of material fact that are genuinely in dispute and has failed to respond to the majority of Scarborough's Motion by not addressing the relevant prior art. To the extent IntegriCert responded to the actual substance of Scarborough's Motion, IntegriCert has misunderstood the burdens of proof, the presumption of validity afforded an issued patent, and even the terminology related to reexamined patents. The remainder of IntegriCert's Brief in Opposition argues, incorrectly and for no reason relevant to Plaintiff's validity motion, that the claims "required extensive amendment" and that certain claims are indefinite under 35 U.S.C. § 112, neither of which is before the Court.  Scarborough's Motion for Summary Judgment on Claim Scope and his Reply to IntegriCert's Motion for Summary Judgment on Intervening Rights explain why

IntegriCert is incorrect that the claims were extensively amended; it is therefore not addressed here. Indefiniteness, as pointed out by IntegriCert is not considered in reexamination and was not raised in Scarborough's Motion for Summary Judgment on Validity. It is also not necessary to address it here. Scarborough's Motion for Partial Summary Judgment on Validity asks this Court to find that IntegriCert has not asserted any prior art that would invalidate the claims of either the '322 Patent or the '447 Patent under 35 U.S.C. § 102 or § 103. IntegriCert's Opposition does nothing to advance its position that the '322 Patent and the '447 Patent are invalid. In light of the significant deficiencies in IntegriCert's Oppositions, explained below, it should not be seriously considered.

## I. IntegriCert bears the burden of proof at trial.

Scarborough is entitled to summary judgment on IntegriCert's affirmative defenses under 35 U.S.C. §102 and § 103 because he has demonstrated that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Ragas v. Tennessee Gas Pipeline Co.*, 135 F.3d 455 (5th Cir. 1998). Because Scarborough does not bear the burden of proof on those defenses at trial, the burden of proof on summary judgment now shifts to IntegriCert to show that summary judgment should not be granted by setting forth and supporting, with summary judgment evidence, facts that show the existence of a genuine dispute for trial. *Id.*; 35 U.S.C. §282; *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367 (Fed. Cir. 1986).

IntegriCert must identify specific evidence, not unsubstantiated assertions, in the record and "articulate the precise manner in which that evidence supports" its claim. *Ragas*, 135 F.3d at 458. IntegriCert has failed to even attempt to articulate the precise manner in which the prior art of record would allow a reasonable juror to find, by clear and convincing evidence, that either

the '322 Patent or the '447 Patent is invalid for anticipation or obviousness. Instead it relies on the unsubstantiated assertions of its "expert" that "[e]ach of Hogan and Bauer describes a device which will create a tension force upon an attachment weld." Doc. 115 at 14-15 (citing Doc. 115-6 at ¶¶ 16-17). Even if Mr. Killingsworth's Affidavit were admissible, it fails to identify why either reference would be understood by a person of ordinary skill in the art at the time of Scarborough's invention to disclose "creating a tension force upon an attachment weld," nor would that disclosure alone be sufficient to invalidate Scarborough's patents. 35 U.S.C. §103.

## II.  Scarborough's reexamined patents are presumed valid.

As a very initial matter, the patents-in-suit have not been "reissued," as argued by IntegriCert; they have been reexamined, and a certificate of reexamination has been issued for both patents. Unlike the present case, a "reissue" application involves a surrender of the original patent and "is filed to correct an error in the patent, where, as a result of the error, the patent is deemed wholly or partly inoperative or invalid." *See e.g.,* Manual of Patent Examining Procedure ("M.P.E.P.") at § 1402. An *ex parte* reexamination, which occurred in this case, allows any person to request that the patent office consider whether a substantial question of patentability exists with respect to the claims of the patent. *See e.g.,* M.P.E.P. § 2209. This reexamination concluded with the issuance of a reexamination certificate that sets forth the results of the proceedings. 35 U.S.C. § 307. The certificate will "cancel any claims determined to be unpatentable," "confirm any claims determined to be patentable," and incorporate any amended or new claims determined to be patentable. *Id.*; *see also* M.P.E.P. § 2288. To the extent that the claims are substantially identical as those in the original patent, the patent post-reexamination is a continuation and is effective as of the issue date of the original patent. 35 U.S.C. §§ 252 and 307.

Contrary to IntegriCert's brief, Scarborough has not been granted "essentially new patents," nor is there any statement from the Examiner or USPTO that the original claims were invalid or "that the '322 and '447 patents should never has issued." Doc. 115 at 3-4. In fact, the reexamination certificate did not amend dependent claims 2-13, 16-26, 28 and 30-31 of the '447 Patent, and claims 3-6, 9, 18 and 19 of the '322 Patent remain as originally issued. *See* Reexamination Certificates for the '322 and '447 Patents at Exhibits 1 and 2, respectively. IntegriCert's misstatements on these basic issues call into question the veracity of every statement contained in its brief.

Regardless of how claims are issued, whether through a reissue, a reexamination or a regular prosecution, the claims are presumed to be valid, per 35 U.S.C. § 282, and any challenge to the validity of those claims must meet the clear and convincing standard. 35 U.S.C. § 282; *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001). That burden does not change but becomes harder to meet "once the PTO has made a final determination in re-examination that a patent's claims are valid." *Edizone, LC v. Cloud Nine, LLC*, 505 F. Supp. 2d 1226, 1230 (D. Utah 2007)(omitted from IntegriCert's quotation of this case at page 4 of its Brief in Opposition). "When an attacker simply goes over the same ground travelled by the PTO, part of the burden is to show that the PTO was wrong in its decision to grant the patent." *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984) (abrogated on other grounds).

Rather than attempt to meet that burden, IntegriCert has attempted to divert the Court's attention by arguing that the Examiner found the claims invalid. Doc. 115 at 2-3 (incorrectly stating that "patents *were* found invalid" and that they are the result "of an explicit *invalidity*

determination"). The Examiner doesn't find patents <u>invalid</u>, nor does the USPTO issue claims that it has found invalid; in fact, the Examiner noted in the allowing the claims that:

> none of the references of record teach or suggest an apparatus or method for testing weld strength and integrity of an attachment weld including structure for attaching to a pad eye, lifting lug, or other device joined by the attachment weld to another structure as now amended in claims 1, 13, 20 and 21.

Plaintiff's Exhibit S at 3-4, Sept. 5, 2014 Office Action on the '322 Patent; *see also* Exhibit R at 3-4 (containing a similar statement regarding allowable subject matter). IntegriCert's continual references to the "as now amended" language in the notices of allowance and reexamination certificates is also a red herring. *See e.g.,* Doc. 115 at 2 (IntegriCert finds is curious that Scarborough has not referenced "as now amended" in his briefing). The "as now amended" language is required by the format of the *ex parte* reexamination certificate and does not indicate, in any way, that the amendments are or are not substantive. M.P.E.P. § 2290. Regardless of the substantive nature of the amendments, or lack thereof as asserted by Scarborough, the reexamined patents are presumed valid, and IntegriCert has yet to present a credible argument to the contrary.

### III. IntegriCert has not raised a fact issue.

Throughout the ancillary issues raised by IntegriCert in responding to Scarborough's Motion for Summary Judgment, none raises an issue of fact that would prevent summary judgment on validity in light of the prior art. Scarborough has provided all of the prior art asserted by IntegriCert to invalidate the patents, the reasons those prior art references are insufficient, and the USPTO's findings that the claims are patentable over that prior art, even under the USPTO's "broadest reasonable interpretation" standard, thereby rejecting IntegriCert's arguments that those references invalidate the patents' claims. Doc. 107. IntegriCert's only response to the issue actually before the Court appears at Section VI.A. of its brief and addresses

only two of the twenty-two references it asserts as invalidating Scarborough's patents. IntegriCert's argument is based upon the unreliable report of its "mechanical engineering expert Stephen Killingsworth, P.E." to state that the elements found by the USPTO to be missing from the prior art, are in fact, in the prior art. Doc. 115 at 15. Mr. Killingsworth is not qualified as an expert in claim or patent interpretation, and as stated in Scarborough's Motion to Strike his Affidavits, his opinions regarding the contents of the prior art references do not merit consideration. Furthermore, IntegriCert does not raise a fact issue simply by providing an expert report contradicting Scarborough and the USPTO. The Examiner considered the prior art raised in IntegriCert's response and found that

> Bauer describes an apparatus used to apply a known axial force to a valve system, namely the stem or shaft of a motor operated valve, to simulate actual operating load conditions. Bauer tests "valve stems," which are different to pad eyes, lifting lug, or other device joined by the at least one attachment weld to another structure as is now claimed.
>
> Hogan describes a device to test a weld connecting two adjacent lugs in an interior batter partition. Hogan fails to teach or suggest a device used to test a weld that attaches a pad eye, lifting lug, or other device to another structure.

Plaintiff's Exhibit S at 3-4, Sept. 5, 2014 Office Action on the '322 Patent; *see also* Exhibit R at 3-4 (containing a similar statement regarding allowable subject matter).

IntegriCert has not shown that the missing elements can be found in Bauer or Hogan; instead, they allude to an inherency argument that these missing elements are "inherent" in the cited referenced. However, "[i]t is well established that to show inherency of a limitation requires that the reference unavoidably teaches the limitation in question. *Agilent Tech., Inc v. Affymetrix, Inc.*, 567 F.3d 1366, 1383 (Fed. Cir. 2009). IntegriCert has not shown and cannot show that that Bauer or Hogan "unavoidably teaches" any limitations in the Scarborough patents.

## IV. Conclusion

IntegriCert has not met its burden, as the party with the burden of proof on the ultimate issue of validity, to come forward with any evidence to demonstrate a material issue of fact that would preclude summary judgment. Scarborough has clearly identified IntegriCert's lack of evidence related to the validity of the patents-in-suit. It is up to IntegriCert to respond. IntegriCert must prove, with actual evidence rather than unsubstantiated assertions, that one of the same prior art references considered by the USPTO contains each and every element of Scarborough's claims in a single reference, or if the references must be combined to disclose each and every element, that there is some articulated motivation to combine those references. IntegriCert has missed the mark.

Respectfully submitted,

/s/ *Holly H. Barnes*
**MATTHEWS LAWSON MCCUTCHEON & JOSEPH, PLLC**
Holly H. Barnes
Texas Bar No. 24045451
Guy E. Matthews
Texas Bar No. 1320700
2000 Bering, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
Email: hbarnes@matthewsfirm.com
Email: gmatthews@matthewsfirm.com

and

/s/ *Elwood C. Stevens, Jr.*
**DOMENGEAUX, WRIGHT, ROY, EDWARDS & COLOMB LLC**
Bob F. Wright (La. Bar #13,691)
Elwood C. Stevens, Jr. (La. Bar #12,459)

                                                P. O. Box 3668
                                          Jefferson Towers, Suite 500
                                                556 Jefferson Street
                                               Lafayette, LA 70501-3668
                                          Telephone: (337) 233-3033
                                          Facsimile:  (337) 232-8213
                                          Email: bobw@wrightroy.com
                                          Email: elwoods@wrightroy.com

                                          *ATTORNEYS FOR PLAINTIFF*
                                          *RANDALL SCARBOROUGH*

## CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 15th day of April, 2015.


                                          /s/ *Holly H. Barnes*
                                          Holly H. Barnes