# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANDALL SCARBOROUGH | * | |
| | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | 6:12-cv-00396-RFD-CMH |
| VERSUS | * | |
| | * | Magistrate Judge C. Michael Hill |
| INTEGRICERT, LLC | * | |
| | * | |
| Defendant | * | JURY TRIAL DEMANDED |

## PLAINTIFF'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

NOW INTO COURT, through undersigned counsel, and pursuant to the Court's April 22, 2015 Order, comes Plaintiff Randall Scarborough ("Scarborough"), and provides this Supplemental Claim Construction Brief regarding the claims of Scarborough's U.S. Patent No. 6,848,322 and U.S. Patent No. 7,284,447. Plaintiff relies on his Opening Claim Construction Brief (Doc. 63), his Reply (Doc. 70), his presentation to the Court on August 27, 2013 (attached at Exhibit 1), and his post-*Markman* brief regarding the exclusion of extrinsic evidence (Doc. 83). Plaintiff maintains his position that no additional terms require construction, aside from those identified as disputed in the parties' Joint Claim Construction Chart (Doc. 78). Because the scope of the claims has not changed and because any words added to the claims have ordinary meanings that require no explanation, Scarborough requests that the Court decline to construe any terms not previously addressed at the *Markman* hearing.

## A.  INTEGRICERT IGNORES CLAIM CONSTRUCTION'S PROPER PURPOSE.

Claim construction is a matter of resolution of fundamental disputes regarding the technical scope of claim terms, "to clarify and <u>when necessary</u> to explain what the patentee covered by the claims." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351, 1362-63 (Fed. Cir. 2008) (quoting *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)(emphasis added)). The purpose of claim construction is <u>not</u> to simply repeat or restate every word in the claims with a redundant construction or synonym. *Id.*; *see also Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, 782 F.Supp.2d 317, 334 (S.D. Tex. 2011) (explaining that "a district court is not obligated to construe terms with ordinary meanings, lest trial courts be inundated with requests to parse the meaning of every word in the asserted claims").

IntegriCert's request before the Court for additional briefing to construe additional terms is contrary to the true purpose of claim construction. In fact, it is also contrary to IntegriCert's arguments at the outset of this case:

> Defendant, in contrast, disagrees that the patents-in-suit present issues of "technical and linguistic complexity" sufficient to justify the time and expense of a claim-construction hearing under *Markman*. Neither a *Markman* hearing[1] nor discovery as to claim construction[2] is necessary to the Court's determinations as to the meaning of claims when those claims are not complex and their meaning is not genuinely in dispute. Instead, Defendant respectfully avers, given the "lack of technical and linguistic complexity and lack of conflicting factual evidence" as to the meaning of the patents-in-suit, "the papers filed are sufficient to construe the claims."[3]

Joint 26(f) Report, Phase I, Doc. 16 at 4 (IntegriCert's statement regarding timing of discovery)(footnotes included in original). Despite the sufficiency of the papers already filed, IntegriCert has proposed the following terms for construction:

---

[1] *Electronic Planroom, Inc. v. McGraw-Hill Companies, Inc.,* 135 F.Supp.2d 805, n.25 (E.D. Mich. 2001).
[2] *Vivid Tech., Inc. v. Am. Sci. Eng'g, Inc.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999).
[3] *Rogers v. Desa Intern., Inc.*, 166 F.Supp.2d 1202, 1205 (E.D.Mich. 2001).

2

| '322 Patent | '447 Patent |
|---|---|
| other device | other device |
| another structure | another structure |
| joined | joined |
| joining | mounted cylinder |
|  | mounted with the framework |

Exhibit 2, March 16, 2015 Correspondence from Bill Stagg. Of these identified terms, only "another structure" and "joined" or "joining" were added to the claim language during the reexamination. The term "mounted cylinder" was already agreed by the parties not to require a construction. Doc. 78 ("mounted cylinder fixedly attached" agreed "not to require construction apart from 'fixedly attached'"). The terms "other device" and "mounted with the framework" were included in the patents' claims as originally issued but were not identified by IntegriCert as requiring construction. *See* Exhibit 3, IntegriCert's Identification of Terms for Construction. The identification of these terms for construction at this point is for gamesmanship rather than legitimate claim construction.

B. **TERMS MUST BE GIVEN THEIR ORDINARY MEANINGS.**

The claim terms identified by IntegriCert as requiring construction have ordinary meanings and are not used in any way that departs from that ordinary and customary meaning. They therefore do not require the Court's instruction as to their meanings. *See e.g., Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001) (affirming the District Court's refusal to construe "irrigating" and "frictional heat"). There is a heavy presumption that claim terms mean what they say, and unless otherwise compelled, the Court is required to give full effect to the ordinary meaning of those terms. *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999); *Texas Digital Sys. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002). Commonplace terms such as "joined," "joining," "other device" and "another

3

structure" do not require detailed analysis to determine their ordinary and customary meanings. *See e.g., C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 863 (Fed. Cir. 2004) (forgoing "detailed dictionary analyses" of "comfortable" and "pliable"). "Indeed, in such instances, attempting to construe the terms in question would merely paraphrase one set of words with another and risk creating additional ambiguity, rather than clarity." *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 12C6890, 2015 WL 74049 at *3 (N.D. Ill. Jan 5, 2015) (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)).

### 1. Joined/Joining

Although the parties ultimately agreed that "attachment weld" did not require construction, the parties' briefing on that term sheds light on their positions with respect to how the pad eye is "joined" to another structure. In his Opening Claim Construction Brief, Scarborough asserted that the patents "explain that an attachment weld is the weld that joins the pad eye or lifting lug to the device to be lifted" and cited to the specification, which states that "pad eyes are typically welded either to the equipment or to some device on which the equipment is transported," therefore requiring that the weld remain intact when the device is lifted. Doc. 61 at 27 (citing to the '322 Patent at 1:22-29 and the '447 Patent at 1:29-36). Conversely, IntegriCert argued that an attachment weld is "bonding that holds one device to another device." Doc. 66 at 28. IntegriCert's proposed construction shows that it misses the point of the attachment weld, which does not simply hold one device to another, but joins the "pad eye, lifting lug or other device to be tested ... to another structure," making them part of the same whole, such that they can be lifted together. '322 Reexamination Certificate (Exhibit M to Scarborough's MSJ on Claim Scope) at 1:29-36. IntegriCert's proposed construction of "attachment weld" also falls into the trap of creating additional ambiguity rather than clarity

4

because "bonding" would require further construction since it is without a clear ordinary meaning in this context.

Scarborough is unable to predict the proposed construction IntegriCert will offer for "joined" and "joining," but the claims, specification and prosecution history make clear that any proposed construction that deviates from the stated purpose of structurally attaching a pad eye to a structure to be lifted must be rejected. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). To avoid changing, even unintentionally, the scope of "joined" or "joining," Scarborough requests that the Court decline to provide a construction for these terms, leaving them to their plain and ordinary meaning. Alternatively, should the Court find that construction of "joined" or "joining" is necessary, Scarborough requests that Court construe "joined" to mean "structurally attached" and construe "joining" to mean "structurally attaching."

### 2. Another structure

The term "another structure" was included in the claims during reexamination to refer to the structure to which the "pad eye, lifting lug or other device" is attached by the attachment weld. In claim 1 of the '322 Patent, the claimed testing device is attached "to a pad eye, lifting lug or other device joined by the attachment weld to **another structure**." '322 Reexamination Certificate (Exhibit M to Scarborough's MSJ on Claim Scope) at 1:29-31 (emphasis added). The patents' specifications do not limit the structures to which the pad eye or lifting lug can be welded: "Pad eyes and lifting lugs are primarily used as an attachment point for any rigging employed to hoist, transport, or secure heavy equipment. These pad eyes are typically welded either to the equipment or to some device on which the equipment is transported." The '322 Patent (Exhibit N to MSJ on Claim Scope) at 1:21-25; '447 Patent (Exhibit P to MSJ on Claim

Scope) at 1:29-33. The prosecution histories for the patents, including the reexaminations, also decline to limit what kinds of structures can be the substrate for the attachment weld:

> Typically the test piece, which is to be tested by the Applicant's device, is part of a carrying apparatus which is to be lifted to transport some material from one location to another (such as from the ground to an elevated position or from the ground to a ship or vice versa).

Exhibit 4, September 1, 2006 Amendment to the '447 Patent, at 12. Because "another structure" is used consistently throughout the claims, specifications, and prosecution histories in its plain and ordinary manner, there is no support for any argument IntegriCert may advance in favor of altering the ordinary meaning of the phrase or to apply limitations to it.

### C. NO ADDITIONAL CONSTRUCTION IS NECESSARY BECAUSE THE CLAIM SCOPE IS UNCHANGED.

Beginning with the original prosecution, Scarborough distinguished the purpose of his device as compared to other, prior art devices. For example, Scarborough stated that his "device is used to determine the integrity of the attachment weld to determine if some apparatus, to which the test piece is attached, can be safely lifted while carrying some pre-determined load." Exhibit 4, September 1, 2006 Amendment to the '447 Patent, at 12. The statements made by Scarborough during the reexaminations are consistent with the focused purpose of testing the structural welds attaching the pad eye or lifting lug to another structure. Scarborough distinguished the welds in his invention from other, non-structural welds, such as the battery welds claimed in the Hogan patent, arguing that Hogan "fails to disclose a device used to test a weld that attaches a pad eye, lifting lug or other device to another structure. While Hogan's two lugs of the battery partition are welded together, this is done for electrical conductivity. The weld is not a structural attachment to which force is applied during normal use of the battery." *See*

Exhibit G to Scarborough's Motion for Summary Judgment on Claim Scope, Doc. 122-10. None of the amendments or statements made by Scarborough in the reexamination of either patent changed the scope of the inventions claimed by Scarborough. In fact, the notices of allowance following reexamination show that the Examiner allowed the same invention originally claimed by Scarborough and described in the specification and prosecution history: "an apparatus or method for testing weld strength and integrity of an attachment weld including structure for attaching to a pad eye, lifting lug, or other device to joined by the attachment weld to another structure." '322 Patent Intent to Issue (Exhibit K to MSJ on Claim Scope) at 2. A comparison of Claim 1 as originally issued and as reexamined, when read in light of the specification and prosecution histories, shows that the claimed apparatus contains an identical set of elements under both versions of the claim:

| US 6,848,322 Original Claim 1 | US 6,848,322 Reexamined Claim 1 |
| --- | --- |
| 1. An apparatus for testing the weld strength and integrity of an weld, comprising: | 1. An apparatus for testing the weld strength and integrity of an <u>attachment</u> weld, comprising: |
| a framework including a base, top, and side pieces; | a framework including a base, top, and side pieces; |
| at least one fluid containing cylinder, mounted with the framework, for moving a piston therein inwardly and outwardly as fluid is moved out or in respectively; and | at least one fluid containing cylinder, mounted with the framework, for moving a piston therein inwardly and outwardly as fluid is moved out or in respectively; and |
| structure for releaseably or permanently attaching to a pad eye, or any device to be tested; | structure for releaseably or permanently attaching to a pad eye, <u>lifting lug</u> or [any] <u>other</u> device <u>joined by the attachment weld to another structure</u>[ to be tested]; |
| whereby moving fluid into the cylinder causes the piston to move outwardly to tension the pad eye to testing the integrity of the welding in a non destructive manner. | whereby moving fluid into the cylinder causes the piston to move outwardly to tension the pad eye<u>, lifting lug or other device</u> to test[ing] the integrity of the <u>attachment</u> weld [ing] in a non destructive manner. |

7

The addition of "attachment" before "weld" and the identification of the items joined together by that weld make the claim more definite without changing the scope. They do not add any structure or additional limitations. Because no substantive changes have been made to the claims' scope, the claims are legally identical. *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). As a result, there is no reason to revisit the claim constructions as originally briefed and argued.

### D. CONCLUSION

The proper construction of the patents-in-suit is critical to several issues currently before the Court, including specifically the parties' cross motions on intervening rights and Scarborough's Motion for Summary Judgment on Validity under 35 U.S.C. §§ 102 and 103. Scarborough respectfully requests that this Court issue a claim construction order consistent with the constructions provided by Scarborough in the parties' Joint Claim Construction Chart (Doc. 78) and decline to construe any terms that have a plain and ordinary meaning, including those recently identified by IntegriCert.

DATED: May 4, 2015.

RESPECTFULLY SUBMITTED

**MATTHEWS LAWSON McCUTCHEON JOSEPH, PLLC**
Holly H. Barnes
Texas Bar No. 24045451
Guy E. Matthews
Texas Bar No. 1320700
2000 Bering, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
Email: hbarnes@matthewsfirm.com
Email: gmatthews@matthewsfirm.com

and

**DOMENGEAUX, WRIGHT, ROY, EDWARDS & COLOMB, LLC**
*/s/ Elwood Stevens*
Bob F. Wright (La. Bar #13,691)
Elwood C. Stevens, Jr. (T.A.)
(La. Bar #12,459)
P. O. Box 3668
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501-3668
Telephone: (337) 233-3033
Facsimile: (337) 232-8213
Email: bobw@wrightroy.com
Email: elwoods@wrightroy.com
*ATTORNEYS FOR PLAINTIFF,
RANDALL SCARBOROUGH*

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 4th day of May, 2015.

                         /s/ *Holly H. Barnes*
                         Holly H. Barnes