**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE/OPELOUSAS DIVISION**

| | |
|---|---|
| **RANDALL SCARBOROUGH** | * |
| | * **CIVIL ACTION NO.: 6:12-CV-00396** |
| **Plaintiff** | * |
| | * |
| **VERSUS** | * **JUDGE REBECCA F. DOHERTY** |
| | * |
| | * **MAGISTRATE JUDGE C. MICHAEL HILL** |
| **INTEGRICERT, LLC** | * |
| | * |
| **Defendant** | * |

**SUPPLEMENTAL OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON VALIDITY**

**May it Please the Court**:

Plaintiff, **Randall Scarborough,** filed on February 3, 2015 a Motion for Partial Summary Judgment (Rec. Doc. 107) and supporting Memorandum on Validity of U.S. Patent Nos. 6,848,322 and 7,284,447 (Rec. Doc. 107-1) asserting that U.S. Patent Nos. 6,848,322 and 7,284,447 were valid and for the first time that Defendant, **IntegriCert, L.L.C.**, had no further prior art with which to challenge validity.

Defendant, in opposition to Plaintiff's motion, submitted a Memorandum in Opposition (Rec. Doc. 115) and filed its own motion for partial summary judgment on intervening rights (Rec. Doc. 123). Hearing on the pending motions by both parties was held on April 22, 2015, after which the motions remain pending. Defendant respectfully submits this supplemental memorandum to address newly-discovered prior art and the effect of substantive changes to the reissued '322 and '447 patents.

**TABLE OF CONTENTS**

**I.** *Introduction*....................................................................................................1

**II.** *Facts: Inspection of the reissued Scarborough patents, and their prosecution history in reexamination, clearly discloses their substantive amendment to survive reexamination*..........2

**III**. *Obviousness: The prior art cited by IntegriCert during reexamination in view of U.S. Patent No. 4,736,663 to Duppong et al. disclose an obvious combination to render Mr. Scarborough's patents obvious to a person skilled in the art.* .....................................................3

**IV.** *Law: A substantive change made to a claim during reexamination renders the claim wholly unenforceable for the period prior to reissuance*.............................................................8

**V.** *Law: Scarborough bears the burden of proof to demonstrate no genuine issue of material fact as to the validity of his new patents*............................................................................9

**VII**. *Conclusion*..................................................................................................11

**TABLE OF AUTHORITIES**

**Cases:**

*Acoustiflex Corp. v. Owens-Corning Fiberglas Corp.*, 572 F.Supp. 936, 937 (D.C.Ill., 1983) ........ 10

*Anderson's-Black Rock, Inc. v. Pavement Salvage Co.*, 396 U.S. 57, 62-63, 163 USPQ 673, 675 (1969) ........ 7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ........ 10

*Continental Can. Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264 (C.A.F.C., 1991) ........ 10

*Convolve, Inc.v. Compaq Computer Corp.*, No. 00 CIV. 5141 GBD, 2014 WL 3600381 (S.D.N.Y. July 11, 2014) ........ 3, 9

*Edizone, LC v. Cloud Nine, LLC*, 505 F.Supp.2d, 1230 (D. Utah, 2007) ........ 11

*Etter, 756 F.2d 852, 857 (C.A.F.C., 1985*) ........ 3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) *cert. denied*, 134 S. Ct. 2295, 189 L. Ed. 2d 174 (2014) ........ 2, 9

*Glaverbel Societe Anonyme. v. Northlake Marketing & Supply, Inc.*, 45 F.3d 1550, 1560 (C.A.F.C., 1995) ........ 10, 11

*Great Atlantic & P. Tea Co. v. Supermarket Equipment Corp.*, 340 U.S. 147, 152, 87 USPQ 303, 306 (1950) ........ 7

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419, 127 S. Ct. 1727, 1742 167 L. Ed. 2d 705 (2007) ........ 6, 7

*Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ........ 8

*Marine Polymer Technologies, Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1373 (Fed. Cir. 2012) ........ 8

*Sakraida v. AG Pro, Inc.*, 425 U.S. 273, 282, 189 USPQ 449, 453 (1976) ........ 7

*Seattle Box Co. v. Industrial Crating & Packing*, 731 F.2d 818, 827-28, 221 USPQ 568, 575 (Fed.Cir. 1984) ........ 8

*Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417, 11 USPQ2d 1303, 1306 (Fed.Cir. 1989) ........ 8

**Statutes and Rules:**

35 U.S.C. § 252........ 3, 9
35 U.S.C. §§ 252 ........ 8
35 U.S.C. §307(b)........ 9
35 U.S.C. §103........ 6, 8
F.R.C.P. 56(c) ........ 10

## I. Introduction

The Court has before it a Motion by Plaintiff, **Randall Scarborough**, which seeks to parlay his patents' re-issuance[1] after re-examination into a conclusive finding that the reissued claims are enforceable against activities *prior* to their substantive change. Accompanying the 25 pages of the supporting memorandum and their 67 allegedly undisputed issues of material fact, Mr. Scarborough asserts that no other prior art exists.

Soon after the April 22, 2015 hearing, undersigned counsel unearthed additional prior art strongly relevant to the validity of the '322 and '447 patents, in the form of U.S. Patent No. 4,736,663. Unfortunately, as Defendant was unaware of the '663 patent until literally days ago, it was not considered by the Patent Office on reexamination of Mr. Scarborough's patents. Supplemental responses to Mr. Scarborough's prior discovery request for art relevant to the validity of his patents were mailed to his counsel on April 28, 2015.

Thus previously-undiscovered prior art speaks directly to the essential "pad eye" and "non-destructive testing of an attachment weld" elements of Mr. Scarborough's patents (both before and after their reissue), and in the very same terms upon which Mr. Scarborough relies in argument for his "validity" motion for partial summary judgment (Rec. Docs. 107, 107-1).

Further, Mr. Scarborough's validity and enforceability conclusions fail with regard to the period prior to the date of reissuance of the '322 and '447 patents as it is well-settled law that substantive amendments made during reexamination render all iterations of the substantively changed claims, including any interpretation of the claims which survived reexamination, unenforceable against activities prior to reissuance. Thus, the narrowing of the '322 and '447 patent's claims has rendered the patents *completely* unenforceable for the period prior to reissuance.

[1] Patents nos. 6,848,322 and 7,284,447 – the " '322 patent" and " '447 patent," respectively.

**II.** *Facts: Inspection of the reissued Scarborough patents, and their prosecution history in reexamination, clearly discloses their substantive amendment to survive reexamination*

On December 7, 2012, prior to the commencement of reexamination of the '322 and '447 patents with the United States Patent and Trademark Office (hereafter, "USPTO"), counsel for the Plaintiff compounded their first set of interrogatories and requests for production of documents including a request for documents and things considered by IntegriCert to be prior art with respect to the '322 and '447 patents.

In response, IntegriCert referred Plaintiff to the prior art and documents recited in the, as then pending, Motion for Partial Summary Judgment (Rec. Doc. 26-2), the Memorandum in Support (Rec. Doc. 26-5) of that Motion, and each's attachments and exhibits and further acknowledged it was in the process of identifying documents and things which support its contention of invalidity and unenforceability and reserved the right to supplement the record.

During reexamination, the USPTO reviewed the recited prior art provided by Defendant and rejected the '322 and '447 claims. Only after substantive changes were made to the claims did the USPTO allow re-issuance of Mr. Scarborough's rejected claims specifically "as now amended." Of extreme importance to the Court's deliberations on Mr. Scarborough's "validity" motion is the black-letter rule that, regardless of whether the new patents protect some *subset* of subject matter covered by the old patents (e.g. "attachment welds"), which *subset* Defendants is accused of infringing prior to reissue, substantively amended claims cannot be enforced against *any* activities prior to their issuance, even if those activities would have infringed the scope of the claims prior to reissuance *and* that scope survived reexamination.

Mr. Scarborough cannot use substantively amended claims and attempt to relate enforcement back to a time prior to the reissuance of the '322 and '447 patents. *Fresenius USA,*

*Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) *cert. denied,* 134 S. Ct. 2295, 189 L. Ed. 2d 174 (2014)("if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails"). The reissued patents are to be essentially treated as though they never existed:[2] "the intent underlying reexamination is to 'start over' in the PTO with respect to the limited examination areas involved, and to *re* examine the claims, and to *examine* new or amended claims, as they would have been considered if they had been originally examined in light of all of the prior art of record in the reexamination proceeding." *In re: Etter*, 756 F.2d 852, 857 (C.A.F.C., 1985) (emphasis in original).

**III**. *Obviousness: The prior art cited by IntegriCert during reexamination, further in view of U.S. Patent No. 4,736,663 to Duppong et al., renders Mr. Scarborough's patents obvious to a person skilled in the art*

The facts as presented above are herein incorporated by reference. It is respectfully submitted that further prior art is in existence, and has been delivered to Mr. Scarborough in answer to discovery, which raises a genuine issue of material fact as the validity of the '322 and '447 patents, precluding summary judgment of validity.

Mr. Scarborough's argument hinges on the argument that his patents are valid because they are "limited to the *non-destructive testing* of an *attachment weld* joining a *pad eye* to another structure" (Rec. Doc. 107-1 p. 13)(emphasis added). In fact, in Mr. Scarborough's 67 statements of material facts in support of his motion he pointed those features out nine times[3] and dedicated half of his 6-page reply in support of his motion for partial summary judgment (Rec. Doc. 127, p. 4-6) in an attempt to explaining away his substantive amendment.

[2] The issuance of a reissued patent effectuates the surrender of the original patent *and any rights or causes of action arising from the original patent*. 35 U.S.C. § 252; *Convolve, Inc. v. Compaq Computer Corp.*, No. 00 CIV. 5141 GBD, 2014 WL 3600381 (S.D.N.Y. July 11, 2014).
[3] Rec. Doc. 110, pars. 5, 11, 12, 27, 29, 30, 31, 32, 43.

During reexamination of the ‘447 Patent, the USPTO rejected Claims 1, 14, 15, and 27 finding that the claims of the ‘447 patent was anticipated or, in the alternative, obvious under the prior art references cited by IntegriCert. (Rec. Doc. 122-8). In so rejecting, the USPTO essentially told Scarborough that the original claims were invalid as they had issued. Responding to the rejection, Scarborough attempted to traverse without any amendment to the ‘447 patent claims believing that his arguments alone could satisfy the USPTO.[4] In reviewing Scarborough’s traversal, the Examiner for the USPTO fully considered Scarborough’s arguments and rejected them all as not persuasive, issuing a final rejection for the ‘447 Patent. (Rec. Doc. 115-3, p. 13). At that point, facing the prospect of losing his ‘447 patent altogether, Scarborough finally amended the claims to recite its substantive limitations and reiterated the exact same arguments he had previously made after the initial rejection. (Rec. Doc. 107-23, p. 4-12). In view of the substantive amendments, and focusing only upon Scarborough’s argument regarding non-destructive testing of weld strength and integrity including an attachment weld and a pad eye, the Examiner agreed that the *presented* prior art did not teach or suggest those specific features and gave notice of intent to reissue the ‘447 Patent. (Rec. Doc. 123-9, p. 5).

After Scarborough’s traversal without amendment of the initial rejection in the ‘447 Patent resulted in a final rejection, when it came time to argue the initial rejection of the ‘322 Patent, Scarborough did not make another attempt to traverse without amending, and responded to the initial rejection with an immediate amendment to the claims (Rec. Doc. 123-6, p. 3-8). These amendments are nearly identical to those amendments made in the ‘447 Patent reexam. (Rec. Doc. 107-23, p. 4-12).

[4] Attached hereto as **Exhibit A** is a complete copy of Scarborough’s response dated February 19, 2014. Scarborough’s initial response dated February 19, 2014 was filed as Rec. Doc.115-5 though missing the complete listing of the unamended claims. **Exhibit A** is respectfully presented as to provide the Court with the entirety of the response.

Mr. Scarborough then filed his motion and memorandum for partial summary judgement regarding validity of the '322 and '447 patents (Rec. Docs. 123 & 123-1, respectively) based on the argument that no other prior art regarding validity existed.

Quite recently, U.S. Patent No. 4,736,633 to Duppong et al. has been provided to Scarborough under IntergriCert's continuing duty to supplement discovery. Prior to the February 12, 2003 original filing of Scarborough's '322 Patent (Rec. Doc. 107-3)[5], U.S. Patent No. 4,736,633 was issued to Denis E. Duppong, Richard L. Brandt, David M. Mick, and Leland M. Rieck for a multipurpose lifting and pulling vehicle ("the '633 Patent").

The '633 Patent, attached hereto as **Exhibit B**, is directed to a vehicle to test the attachment welds of pad eyes for safety and certification by applying a pulling force upon the pad eyes. As specifically illustrated in Figs. 1 & 4A and depicted below for the convenience of the Court, the '633 Patent discloses a vehicle 20 having a pulling cylinder 278 which is attached to pad eyes 26 and 26a welded to a ship 28 by an attachment weld.[6] ('633 Patent Col. 2, Lines 61-65; Col. 6, Lines 28-34). When testing is to begin, hydraulic fluid is directed into the pull cylinder 278 to provide the desired testing force to the particular pad eye 26/26a being tested. ('633 Patent Col. 6, Lines 50-52). The '633 patent is directed to the non-destructive testing and certifying of pad eyes 26 and 26a wherein the magnitude of the force applied to individual pad eyes 26 and 26a may be varied and the breaking or pulling off of the attachment weld holding the pad eye 26/26a would be considered a failure. ('633 Patent Col. 6, Lines 52-58). The pull cylinder 278 may further be oriented above or below the target pad eye 26 and 26 as desired for operation of the test. ('633 Patent Col. 6, Lines 39-43).

[5] And well before the January 31, 2005 original filing of Scarborough's '447 Patent (Rec. Doc. 107-4).

[6] Just as counsel for Scarborough argued during the April 22nd, 2015 hearing for the inherency of their pad eyes being attached to a structure by an "attachment weld", page 20, lines 13-15 of the Hearing Transcript attached hereto as **Exhibit C,** the attachment weld in the '633 Patent is also inherently attaching pad eyes 26/26a to vessel 28.



The only reason the '322 and '447 patents survived reexamination, according to the Examiner, was that the prior art cited during reexamination did not specifically state that the devices were directed to ***non-destructively*** testing a ***pad eye*** attached to another structure by an ***attachment weld***. The '633 Patent specifically teaches each and every one of these features.

Under 35 U.S.C. 103 which forms the basis for all obviousness rejections:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102 of this title, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

The U.S. Supreme Court has set forth that in determining obviousness what matters is the objective reach of the claim. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419, 127 S. Ct. 1727, 1742, 167 L. Ed. 2d 705 (2007). If the claim extends to what is obvious, it is invalid under § 103. *Id.* The rationale to support a conclusion that the claim would have been obvious is that all the

claimed elements were known in the prior art and one skilled in the art could have combined the elements as claimed by known methods with no change in their respective functions, and the combination yielded nothing more than predictable results to one of ordinary skill in the art. *KSR*, 550 U.S. at 401, 82 USPQ2d at 1395; *Sakraida v. AG Pro, Inc.*, 425 U.S. 273, 282, 189 USPQ 449, 453 (1976); *Anderson's-Black Rock, Inc. v. Pavement Salvage Co.*, 396 U.S. 57, 62-63, 163 USPQ 673, 675 (1969); *Great Atlantic & P. Tea Co. v. Supermarket Equipment Corp.*, 340 U.S. 147, 152, 87 USPQ 303, 306 (1950). "[I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does"[7] but such a reason is unnecessary in the case of Scarborough's patent. IntegriCert could element-by-element point out that the prior references listed during reexamination and the '633 Patent are all taught as means of implementing axial forces upon attachment structures, that they are all within the field of testing attachments, and that such common features are well within the ordinary skill of the art, but it is believed that such a rationale is readily apparent to the Court.

Addressing the Supreme Court's holding that "all the claimed elements were known in the prior art" to support an obviousness rejection, Scarborough has acquiesced to the findings of the USPTO that, other than devices directed to non-destructively testing a pad eye attached to another structure by an attachment weld, all other elements of the '322 and '447 Patents have been found in the prior art. The Court need only view the content of the '633 Patent for the presence of the specific claim elements of which Scarborough succeeded upon in reexamination, those directed to a device for non-destructively testing a pad eye attached to another structure by an attachment weld, in order to make a determination of obviousness.

[7] *KSR*, 550 U.S. at 401, 82 USPQ2d at 1396.

As the ‘633 Patent specifically directs itself to non-destructively testing “pad eyes” attached to the sidewall of a ship by an attachment weld, under 35 U.S.C. §103 and the holding of *KSR*, the Court must find that the ‘322 and ‘447 patents are rendered obvious. Therefore, certainly, there is no way whatsoever Mr. Scarborough’s motion for a conclusion of *validity* can succeed.

**IV.** *Law: A substantive change made to a claim during reexamination renders the claim wholly unenforceable for the period prior to reissuance*

As thoroughly discussed in IntegriCert’s Memorandum in Support of Motion for Partial Summary Judgment of Non-Infringement & for Absolute Intervening Rights (Rec. Doc. 123-1) and the facts as presented above which are herein incorporated by reference, the claims of the ‘322 and ‘447 patents have been substantively changed during reexam which raises a genuine issue of material fact as the ‘322 and ‘447 patents are no longer valid for enforcement purposes.

A patentee of a reexamined patent is entitled to infringement damages, *inter alia*, for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims if the original and reexamined claims are “*identical*.” *See* 35 U.S.C. §§ 252, 307(b) (1994); *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998); *Marine Polymer Technologies, Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1373 (Fed. Cir. 2012); *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417, 11 USPQ2d 1303, 1306 (Fed.Cir.1989) (*Emphasis Added*). Reexamined claims are “identical” to their original counterparts if they are “without substantive change.” *Laitram*, 163 F.3d at 1346; *Seattle Box Co. v. Industrial Crating & Packing*, 731 F.2d 818, 827–28, 221 USPQ 568, 575 (Fed.Cir.1984) (internal quotations omitted); *Marine Polymer* 672 F.3d at 1373.

The law here is clear and simple. A new or amended claim incorporated into a patent following reexamination "will have the same effect as that specified in section 252 for reissued patents." 35 U.S.C. § 307(b). Under Section 252, the issuance of a reissued patent effectuates the *surrender of the original patent, and the reissued patent nullifies any pending litigation or preexisting causes of action based on the original patent*, unless the claims of the original and reissued patents are "substantially identical." 35 U.S.C. § 252; *Convolve, Inc. v. Compaq Computer Corp.*, No. 00 CIV. 5141 GBD, 2014 WL 3600381 (S.D.N.Y. July 11, 2014) (*Emphasis Added*).

Thus, if this Court finds that a claim of Scarborough was substantively changed, Scarborough will not have the ability to relate that substantively amended claim back to the priority date of the original patent at all. Rather, "under either the reissue or reexamination statute, if the [US]PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or *amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails*. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) *cert. denied,* 134 S. Ct. 2295, 189 L. Ed. 2d 174 (2014) (emphasis added). Therefore, the effect of a finding of substantive change to the '322 and '447 Patents will make it as though the claims of the '322 and '447 patents, even such claim content which survived reexamination, had never existed prior to the date of their reissuance.

**V.** *Law: Scarborough bears the burden of proof to demonstrate no genuine issue of material fact as to the validity of his new patents*

Summary judgment is, as Mr. Scarborough observes, available in patent cases just as in other areas of litigation.[8] Under the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9]

IntegriCert, as Mr. Scarborough correctly points out, bears the burden of proof at trial to show invalidity of Plaintiff's patents. Here, however, as movant, Mr. Scarborough's burden is the same as any other party's on summary judgment: he "has the burden of demonstrating that there is no genuine issue of material fact. In determining whether a genuine issue of material fact exists, all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *Acoustiflex Corp. v. Owens-Corning Fiberglas Corp.*, 572 F.Supp. 936, 937 (D.C.Ill., 1983).

In that context, the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*, 45 F.3d 1550, 1560 (C.A.F.C., 1995) (internal quotation marks omitted).

*If* the movant is able to do so, the burden shifts: "When the movant's burden of establishing the lack of a genuine issue of material fact has been met in facial terms, the nonmovant must point to some evidence in the record sufficient to suggest that his view of the

---

8 *Continental Can. Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264 (C.A.F.C. 1991).

9 F.R.C.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

issue might be adopted by a reasonable factfinder." *Glaverbel*, *supra*, 45 F.3d at 1560-1561 (internal quotation marks omitted).

Mr. Scarborough, then, must show that his new patents are valid, enforceable as amended, and that IntegriCert has no further prior art for a validity challenge beyond a genuine question, overcoming the presumption that "all doubts… must be resolved against" him. *Acoustiflex, supra*. Patents are presumed valid *only* against *challenge* to their validity; there is no presumption which operates in favor of a *patentee* seeking summary judgment of validity. *See Edizone*, *supra*.

Mr. Scarborough's Memorandum in Support (Rec. Doc. 107-1) must be read in light of these standards, and most especially in light of the recently-discovered '663 patent, which obviates Mr. Scarborough's argument that no prior art renders obvious his new '447 and '322 patents.

For this reason, among the others already elucidated above, it is impossible for Mr. Scarborough to carry his burden on the Motion.

**VII**. *Conclusion*

As already noted, Mr. Scarborough's Motion for Partial Summary Judgment is an attempt to parlay the survival on reexamination – substantially amended, but still alive – of his '322 and '447 patents into a dispositive judgment as to their validity and enforceability.

The fact is, the PTO did not buy Mr. Scarborough's arguments that his patents were valid. They were judged and rejected – and only after significant substantive limiting amendment was the claims allowed their respective patents reissued. The USPTO's reissuance is not a confirmation of the contents of Mr. Scarborough's old patents. Rather, it is in fact an outright

invalidation of the original claims. Likewise, even though the new patents do carry the same presumption of validity as their predecessors, they are no stronger for the experience.

Most important, in view of the newly-discovered ‘633 patent, Scarborough is unable to meet his burden for summary judgment on validity of the ‘322 and ‘447 patents.

Further, those substantive amendments made by Mr. Scarborough during reexamination to cure invalidity of the ‘322 and ‘447 patents extinguished *any* cause of action for infringement of the original ‘322 and ‘447 patent claims. The existence of a certain allowable interpretation of the claims existing in the original claims does not allow Mr. Scarborough to reach back to his previous priority date for enforcement. All he has left are the reissued claims, which are only enforceable from their date of reissuance; and even their validity fails when compared to the ‘633 Patent and the previously cited prior art.

There are genuine issues of material fact as to the validity and enforceability of Mr. Scarborough’s patents. That is clear and the facts and prior art demonstrate that. Plaintiff’s instant Motion entirely lacks merit. It should be denied.

__/s/ Ryan Goudelocke____________
William W. Stagg (#1613), T.A.
Ryan M. Goudelocke (#30525)
Chase A. Manuel (#34223)
*Durio, McGoffin, Stagg & Ackermann*
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, LA 70505-1308
(337) 233-0300 (tel)
(337) 233-0694 (fax)
*Counsel for IntegriCert, L.L.C.*

**CERTIFICATE OF SERVICE**

I certify that I have, this 4th day of May 2015, provided all parties with a copy of the foregoing pleading by means of the Western District's CM/ECF electronic filing system.

______________/s/ Ryan Goudelocke_______________
Ryan Goudelocke