# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**RANDALL SCARBOROUGH**                          **\*CIVIL NO. 6:12-0396**

**VERSUS**                                                        **\*MAGISTRATE JUDGE HILL**

**INTEGRICERT, LLC.**                                    **\*BY CONSENT OF THE PARTIES**

<u>**REASONS FOR RULING**</u>

Before the Court is the Motion for Partial Summary Judgment filed by the plaintiff, Randall Scarborough ("Scarborough").  By this Motion, Scarborough seeks a partial judgment that patents in suit, the United States Patent Nos. 6,848,322 ("the 322 Patent") and 7,284,447 ("the 447 Patent"), are not invalid under the doctrines of anticipation and obviousness because the claims of neither Patent were anticipated nor obvious based on prior art. [rec. doc. 107].

For the following reasons, the Motion for Partial Summary Judgment filed by Scarborough [rec. doc. 107] is **granted**.

## Background

The Court will not set forth the entire history of this litigation nor the history of the reexamination of the Patents in suit as the pertinent history has already been set forth in the Court's contemporaneous Reasons for Ruling on the parties' Cross-Motions for Partial Summary Judgment on whether Integricert is entitled to application of the doctrine of absolute intervening rights.  Rather, only pertinent portions of that history will be re-stated here..

Scarborough asserts that Integricert, LLC ("Integricert") is infringing several claims of the 322 and 447 Patents.  In response, Integricert asserts affirmative defenses, including

anticipation under 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103.[1] [*See* rec. docs. 14, 37 and 121].

The Court conducted a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) ("the *Markman* hearing") on August 27, 2013.[2]  Before the claim terms could be construed, reexamination of five claims of the 447 Patent (Claims 1, 14, 15, 27 and 29) and all claims of the 322 Patent (Claims 1-21) was granted.  Accordingly, the action was stayed. [rec. doc. 103].  The stay was lifted on February 5, 2015 after the PTO issued Certificates of Reexamination.  [rec. doc. 109].  Upon reexamination, all claims of the 322 Patent were determined to be patentable as amended; four claims of the 447 Patent (Claims 1, 14, 15 and 27) were determined to be patentable as amended and one claim (Claim  29) was canceled.

During reexamination of the 447 Patent, the Examiner found Scarborough's arguments contained in his February 19, 2014 response to the Examiner's Non-Final Rejection "not persuasive." Accordingly, by Final Office Action dated June 3, 2014 the Examiner rejected Claims 1, 14, 15 and 27, finding that Bauer anticipated all elements recited in Claims 1, 14, 15 and 27, that Hogan anticipated Claims 1 and 27, that Simmons anticipated Claim 14 and that Richard anticipated Claim 27; the examiner also found that Bauer in view of Lemoine, Hogan and Weinhold rendered Claims 1, 14, 15 and 27 obvious. [rec. doc. 123-8, pg. 44-69].

---

[1]Integricert's other defenses, including its defense regarding invalidity based on indefiniteness under 35 U.S.C. § 112 are not before the Court. Accordingly, to the extent that Integricert argues that the instant Motion should be denied on these grounds, those arguments are not addressed.

[2]The transcript of the *Markman* hearing has been filed in the record. [rec. doc. 82].

In further response, on August 1, 2014, Scarborough submitted proposed amendments to his claims and again traversed the Examiner's rejection, setting forth detailed remarks for allowance of his amended claims over the cited prior art and issuance of a reexamination certificate. [rec. doc. 123-8, pg. 1-43].

On September 5, 2014, the Examiner allowed the proposed amendments over the cited prior art, subject to an informality requiring correction to Claim 1 (the addition of "or other device" inserted after "said pad eye").   In so doing, the Examiner "agreed" with Scarborough's August 1, 2014 submission remarks.  Accordingly, pursuant to *Ex parte Quayle*, 25 U.S.P.Q. 74 (1935), prosecution on the merits was closed. [rec. doc. 122-12].

Following a telephonic interview wherein corrections to informalities in the amendment were discussed, on November 7, 2014, the Examiner  issued a Statement of Reasons for patentability of Claims 1, 14, 15 and 27, as well as a Notice of Intent to issue an Ex-Parte Reexamination Certificate.  [rec. doc. 122-15].  In his Reasons, the Examiner again "agreed" with Scarborough's August 1, 2014 submission remarks stating as follows:

> [N]one of the references of record teach or suggest an apparatus for non-destructive testing weld strength and integrity of at least one attachment weld including an attachment structure for attaching to a pad eye or other device joined by the at least one attachment weld to another structure as now amended in claim 1; or providing the attachment weld joining a pad eye, lifting lug, or other device to another structure as now amended in claim 14; or providing at least one test piece comprising a pad eye and the attachment weld joining the pad eye to another structure as now amended in claim 27.[3]

[*Id*. at pg. 6].

---

[3]These same reasons were previously cited by the Examiner in support of allowance of the amendments.  *See* rec. doc. 122-12, pg. 5-6.

The Examiner further stated that "Bauer tests 'valve stems', which are different to pad eyes, lifting lugs, or other device joined by the at least one attachment weld to another structure . . .",  that "Hogan fails to teach or suggest a device used to test a weld that attaches a pad eye, lifting lug, or other device to another structure . . .", that "Simmons does not teach or suggest a method of testing an attachment weld that joins a pad eye, lifting lug, or other device to another structure in a non-destructive manner", that "McEntire fails to teach or suggest a device used to test a weld that attaches a pad eye, lifting lug, or other device to another structure", that "Richards fails to describe a device used to test, in a non-destructive manner, a weld that attaches a pad eye to an object", that "Lemoine fails to teach or suggest a device used to non-destructively test a weld that attaches a pad eye to an object", and that "Weinhold fails to teach or suggest a device used to non-destructively test a weld that attaches a pad eye to an object." [*Id*. at pg. 5-7].  The dependent claim (Claim 15) was held to be patentable for the same reasons as the corresponding independent claim (Claim 14).[4] [*Id*. at pg. 8].

An Ex-Parte Reexamination Certificate was issued for the 447 Patent on January 13, 2015. [rec. doc. 106-2].

Due to technicalities, reexamination of the 322 Patent proceeded after that of the 447 Patent.  The Examiner issued a Non-Final Rejection of Claims 1-21 on April 9, 2014, finding that Bauer anticipated all elements recited in Claims 1-4 and 7-20, that McEntire anticipated Claims 1, 3, 6 and 12, that Lemoine anticipated Claims 1, 3 and 12, that Simmons anticipated

---

[4]These same reasons were previously cited by the Examiner in support of allowance of the amendments.  *See* rec. doc. 122-12, pg. 6-7.

Claims 1, 12, 13 and 16 ; that Bauer in view of Hogan rendered Claims 1-4 and 7-20 obvious, that Lemoine in view of Hogan rendered Claims 1, 3 and 12 obvious, that McEntire in view of Hogan rendered Claims 1, 3 and 6 obvious, and that Bauer or McEntire in view of Kriesten and Eksergian as evidenced by Gleeson rendered Claim 5 obvious. [rec. doc. 122-9, pgs.2-24].

On July 8, 2014, Scarborough responded to the Examiner's Non-Final Rejection submitting proposed amendments to his claims substantially similar to those made with respect to the 447 Patent.  Scarborough did not present the same arguments he presented to the Examiner's Non-Final Rejection as he had done with respect to the 447 Patent, presumably because the Examiner had already found those arguments "not persuasive" in his previously issued June 3, 2014 rejection of Claims 1, 14, 15 and 27 of the 447 Patent. [*See* rec. doc. 123-8, pg. 56-62].  Instead, Scarborough traversed the Examiner's rejection, setting forth detailed remarks for allowance and issuance of a reexamination certificate which are substantially identical to and consistent with those he submitted in his August 1, 2014 submission with respect to the 447 Patent.[5] [rec. doc. 123-6].

As was the case with the 447 Patent, on September 5, 2014, the Examiner allowed the proposed amendments, subject to informalities requiring correction to Claims 7, 10, 11 and 12 (the deletion of "a" before "the" in Claims 7, 10 and 11 and "a" before "said" in Claim 12).   In so doing, the Examiner "agreed" with Scarborough's July 8, 2014 submission remarks.

---

[5]Scarborough initially filed his response on July 7, 2014, but filed the above cited supplemental response on July 8, 2014 after being requested by the Examiner that same date, to change diacritical marks for deletions in the claim amendments from strike-throughs to open and closed single brackets. *See* rec. doc. 123-6, pgs. 88-194; rec. doc. 123-6, pg. 1.

Accordingly, pursuant to *Ex parte Quayle*, 25 U.S.P.Q. 74 (1935), prosecution on the merits was closed. [rec. doc. 122-13].

Following a telephonic interview wherein corrections to informalities in the amendment were discussed, on November 7, 2014, the Examiner  issued a Statement of Reasons for patentability of Claims 1-21, as well as a Notice of Intent to issue an Ex-Parte Reexamination Certificate.  [rec. doc. 123-7].  In his Reasons, the Examiner again "agreed" with Scarborough's July 8, 2014 submission remarks stating as follows:

> [N]one of the references of record teach or suggest an apparatus or method for testing weld strength and integrity of an attachment weld including structure for attaching to a pad eye, lifting lug, or other device joined by the attachment weld to another structure as now amended in claims 1, 13, 20, and 21.[6]

[*Id*. at pg. 5].

The Examiner further stated that "Bauer tests 'valve stems', which are different to pad eyes, lifting lug, or other device joined by the at least one attachment weld to another structure . . .",  that "Hogan fails to teach or suggest a device used to test a weld that attaches a pad eye, lifting lug, or other device to another structure . . .", that "Simmons does not teach or suggest a method of testing an attachment weld that joins a pad eye, lifting lug, or other device to another structure in a non-destructive manner", that "McEntire fails to teach or suggest a device used to test a weld that attaches a pad eye, lifting lug, or other device to another structure", that "Richards fails to describe a device used to test, in a non-destructive manner, a weld that attaches a pad eye to an object", that "Lemoine fails to teach or suggest a device used to non-

---

[6]These same reasons were previously cited by the Examiner in support of allowance of the amendments.  *See* rec. doc. 122-13, pg. 5.

destructively test a weld that attaches a pad eye to an object", and that "Weinhold fails to teach or suggest a device used to non-destructively test a weld that attaches a pad eye to an object." [*Id.* at pg. 5-6]. The dependent claims (Claims 2-12 and 14-19) were stated to be patentable for the same reasons as their corresponding independent claims (Claims 1, 13, 20 and 21).[7] [*Id.* at pg. 7].

An Ex-Parte Reexamination Certificate was issued for the 332 Patent on December 24, 2014. [rec. doc. 106-1].

By separate ruling this date, the Court has found that the scope of the Claims in the 322 Patent and the 447 Patent was not substantively changed through reexamination and that the amendments were merely clarifications of what had already been claimed by Scarborough in his original Patents. Accordingly, the Motion for Partial Summary Judgment filed by Scarborough [rec. doc. 122] was granted and the Motion for Partial Summary Judgment filed by Integricert on entitlement to absolute intervening rights [rec. doc. 123] was denied.

By the instant Motion, Scarborough argues that, in light of the issuance of Reexamination Certificates, Integricert cannot satisfy its burden of proving its affirmative defense of either anticipation or obviousness. More specifically, Scarborough argues that, as a matter of law, Integricert cannot demonstrate, by clear and convincing evidence, that a reasonable juror could find that any prior art would invalidate the claims of either the 322 Patent or the 447 Patent on grounds of anticipation or obviousness, given that the Examiner has

---

[7]These same reasons were previously cited by the Examiner in support of allowance of the amendments. *See* rec. doc. 122-13, pg. 6-7.

found the claims to be patentable over the prior art cited by Integricert during the reexamination proceeding.

Integricert argues, as it did in connection with its Motion for Partial Summary Judgment on absolute intervening rights, that the amendments to the Claims of the 332 Patent and 447 Patent made by Scarborough during reexamination were substantive and that, accordingly, the original claims as they existed prior to amendment, were invalid on grounds of anticipation and obviousness based on the prior art cited to the examiner by Integricert. Integricert has also, by Supplemental Opposition, directed this Court's attention to another piece of prior art not expressly considered by the Examiner in the original prosecution of the Patents in suit and not cited to, nor expressly considered by, the Examiner in the reexamination proceedings, United States Patent No. 4,736,633 ("the Duppong Patent").

**Law and Analysis**

Patent claims can be found invalid for a number of reasons, including under the doctrines of anticipation and obviousness.  A patent claim is anticipated, and thus invalid, if each and every limitation of a challenged claim is found in a single prior art reference. *OSRAM Sylvania, Inc. v. American Induction Technologies, Inc.,* 701 F.3d 698, 704 (Fed. Cir. 2012) *citing* 35 U.S.C. § 102.  Similarly, a patent may be invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  *Id.* at 706 *citing* 35 U.S.C. § 103(a).  Generally, where all claim limitations are allegedly found in a number of

prior art references, it must be shown by the party seeking to invalidate a patent as obvious that "a skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." *Id*. (internal quotations omitted);  *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007) ("Subsumed within the *Graham* factors is a subsidiary requirement articulated by this Court that where, as here, all claim limitations are found in a number of prior art references, the burden falls on the challenger of the patent to show by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so.").  However, the test is not to be applied as a rigid rule, but rather is to be applied expansively and flexibly. *Par Pharmaceutical, Inc. v. TWI Pharmaceuticals, Inc*., 773 F.3d 1186, 1193-1194 (Fed. Cir. 2014) *citing KSR International Co. v. Teleflex, Inc*., 127 S.Ct. 1727, 1741 (2007) *and  In re Cyclobenzaprine Hydrochloride Extended–Release Capsule Patent Litig*., 676 F.3d 1063, 1068 (Fed. Cir. 2012).

        As in other cases, the grant of summary judgment under Rule 56, F.R.C.P. is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.  *Johnson v. IVAC Corp.,* 885 F.2d 1574, 1576-1577 (Fed. Cir. 1989) *citing Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 221 USPQ 561 (Fed. Cir. 1984) (summary judgment on issue of validity) and *Townsend Eng'g Co. v. HiTec Co.*, 829 F.2d 1086, 1089, 4 USPQ2d 1136, 1138 (Fed. Cir. 1987) (summary

judgment on issue of infringement); *see also Tokai Corp. v. Easton Enterprises, Inc*., 632 F.3d 1358, 1366 (Fed. Cir. 2011) ("Summary judgment is as available in patent cases as in other areas of litigation."). A genuine issue of material fact exists if the evidence would permit "a reasonable jury [to] return a verdict for the nonmoving party. *Johnson* 885 F.2d at 1577; *DSM Desotech Inc. v. 3D Systems Corp*., 749 F.3d 1332, 1339 (Fed. Cir. 2014). Summary Judgment is therefore proper on both anticipation and obviousness when no reasonable jury could find that the patent at issue is anticipated or obvious. *OSRAM Sylvania, Inc.,* 701 F.3d at 704 *citing Ormco Corp. v. Align Tech., Inc.,* 498 F.3d 1307, 1319 (Fed. Cir. 2007) and *Zenith Elecs. Corp. v. PDI Commun. Sys*., 522 F.3d 1348, 1357 (Fed. Cir. 2008); *Tokai Corp.*, 632 F.3d at 1366.

Summary judgment may be granted in favor of a plaintiff on an ultimate issue of fact where the plaintiff carries his burden of "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Court in *Celotex* explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552. Thus, "[w]hen the non-moving party . . . bears the burden of proof on a claim on which summary judgment is sought, the movant . . . may discharge its burden by showing that there is an absence of evidence to support the

nonmovant's case. Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted." *Wright v. Weaver*, 516 Fed. Appx. 306, 309 (5th Cir. 2013) *quoting Celotex*, 477 U.S. at 325 and *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (internal quotations and citations omitted).[8] *See also Transamerica Ins. v. Avenell*, 66 F.3d 715, 718-719 (5th Cir. 1995) *citing Celotex*, 477 U.S. at 322–23, *Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993) and *Duplantis v. Shell Offshore, Inc*., 948 F.2d 187, 190 (5th Cir. 1991) ("For any matter on which the non-movant would bear the burden of proof at trial . . . the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact  warranting trial.").

Invalidity on grounds of anticipation under § 102 and obviousness under § 103 are affirmative defenses on which the alleged infringer bears the burden of proof at trial.  "That burden of proof never shifts to the patentee to prove validity." *Pfizer, Inc. v. Apotex, Inc*., 480 F.3d 1348, 1359 (Fed. Cir. 2007) *citing Hybritech Inc. v. Monoclonal Antibodies, Inc*., 802 F.2d 1367, 1375 (Fed. Cir.1986).  To the contrary, "the burden of proof [of invalidity] remains on the challenger throughout the litigation. . . ." *Id*. at 1359-1360.  Thus, the motion of a patentee for summary judgment that the claims of a patent are not invalid on the grounds of

---

[8] The Federal Circuit follows the discernable law of the regional circuit in procedural matters that are not unique to patent law, including general procedure and practice under Rule 56.  *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc*., 45 F.3d 1550 1560 at Fn.3 (Fed. Cir. 1995) *citing Allen Organ Co. v. Kimball Int'l, Inc*., 839 F.2d 1556, 1563, 5 USPQ2d 1769, 1774 (Fed. Cir.), *cert. denied*, 488 U.S. 850, 109 S.Ct. 132, 102 L.Ed.2d 104 (1988). Thus, it is proper to look to Fifth Circuit decisions for precedential guidance on procedural issues.

anticipation or obviousness may be granted under *Celotex* where the accused infringer's proof is deficient in meeting an essential element of either the affirmative defense of anticipation or obviousness.

On summary judgment the Court employs the same evidentiary standard of proof that would apply at trial.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).  Under  § 282, issued patents, such as the 322 and 447 Patents, are presumed valid.  *United States v. Gypsum Co. v. National Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996).  At a trial in this case, clear and convincing evidence is required to overcome the 322 and 447 Patents'  presumed validity. *See U.S. Surgical Corp. v. Ethicon, Inc*., 103 F.3d 1554, 1563 (Fed. Cir. 1997) *citing Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 220 USPQ 929  (Fed. Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984); *Eli Lilly and Co. v. Barr Labs., Inc,* 251 F.3d 955, 962 (Fed. Cir. 2001).

Thus, for summary judgment to be granted to Scarborough, Integricert's proof of invalidity must be insufficient to show by clear and convincing evidence each essential element of Integricert's anticipation and obviousness defenses such that no reasonable jury could find otherwise and invalidate the Patents.  *See Eli Lilly and Co.,* 251 F.3d at  955, 962 (Fed. Cir. 2001); *See also Aqua Shield, Inc. v. InterPool Cover Team*, 2013 WL 164244, *3 (D. Utah 2013).

As noted by Scarborough in his Motion, all of the relevant prior art, with the exception of the newly cited Duppong Patent discussed below, was submitted to, and considered by, the Examiners in the original prosecution of the Patents and during the reexamination proceedings.

Utilizing essentially a lesser standard applicable in such proceedings[9], none of this prior art, either alone or in combination, was found by the Examiner during the original and reexamination proceedings to render Scarborough's claims unpatentable as either anticipated or obvious.

To the contrary, at the conclusion of the reexamination proceedings, the Examiner found with respect to the 322 Patent that "none of the references of record teach or suggest an apparatus or method for testing weld strength and integrity of an attachment weld including structure for attaching to a pad eye, lifting lug, or other device joined by the attachment weld to another structure as now amended in claims 1, 13, 20, and 21" and with respect to the 447 Patent that "none of the references of record teach or suggest an apparatus for non-destructive testing weld strength and integrity of at least one attachment weld including an attachment structure for attaching to a pad eye or other device joined by the at least one attachment weld to another structure as now amended in claim 1; or providing the attachment weld joining a pad eye, lifting lug, or other device to another structure as now amended in claim 14; or providing at least one test piece comprising a pad eye and the attachment weld joining the pad eye to another structure as now amended in claim 27." [rec. docs. 123-7, pg. 5 and 122-15, pg. 6].

Scarborough additionally submits the July 18, 2014 and August 1, 2014 responses he submitted to the Examiner's rejections in the reexamination proceedings, which contain Scarborough's arguments to the examiner (summarized in the instant Motion) as to why the

---

[9]*See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed. Cir. 1988); *In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir. 2008).

prior art references relied upon by the Examiner are insufficient to establish anticipation and obviousness, with which the Examiner ultimately agreed.  He also submits the claims charts contained in those responses which identify missing elements of the prior art relied on by the Examiner to find Scarborough's claims anticipated and obvious, in support of his argument; these charts demonstrate, in detail, why Scarborough's Patents were patentable over the prior art. [rec. docs. 107-22 and 107-23].

Thus, in his initial Motion, Scarborough satisfied his initial burden by pointing out that there is an absence of evidence to support Integricert's anticipation and obviousness defenses and by providing competent evidence to show that Integricert cannot prove, by clear and convincing evidence, that any claims of the 322 Patent or the 447 Patent are invalid as anticipated or obvious.  The burden therefore shifts to Integricert to respond with sufficient competent evidence which raises a genuinely disputed issue of material fact that would allow a reasonable fact finder to conclude, by clear and convincing evidence, that any claim of the 322 Patent or the 447 Patent are invalid as anticipated under  § 102 or obvious under § 103.  This Integricert has not done.

 In response to the instant Motion, Integricert merely argues, as it did in connection with its Motion for Partial Summary Judgment on absolute intervening rights, that the amendments to the Claims of the 332 Patent and 447 Patent made by Scarborough during reexamination were substantive and that, accordingly, the original claims as they existed prior to amendment, were invalid on grounds of anticipation and obviousness based on the prior art cited to the examiner by Integricert.  More specifically, Integricert argues that summary judgment on

validity should not be granted because the "extensive and limiting" amendments to the Claims of the 332 Patent and 447 Patent made by Scarborough during reexamination were substantive and that, accordingly, the original claims as they existed prior to amendment, were invalid on grounds of anticipation and obviousness based on the prior art cited to the examiner by Integricert.[10]

By separate ruling this date, the Court rejected this same argument and found that the scope of the Claims in the 322 Patent and the 447 Patents was not substantively changed through reexamination and that the amendments were merely clarifications of what had already been claimed by Scarborough in his original Patents. Thus, the claims remain legally identical post-reexamination. *See Kaufman Company, Inc. v. Lantech, Inc*., 807 F.2d 970, 976 (Fed. Cir. 1986) *citing* 35 U.S.C. §§ 252 and 307(b). Accordingly, this argument does not satisfy Integricert's burden as it fails to show by clear and convincing evidence, that the cited prior art anticipated or made obvious any claims of either the 322 or 447 Patents.

Integricert also argues on the basis of an affidavit of its mechanical engineering expert, Stephen Killingsworth, P.E., that its prior art references, including its reference to Hogan, creates a genuine dispute as to how the references should be construed in a manner which invalidates the Claims in each Patent. However, on Motion of Scarborough, the Court has stricken Mr. Killingsworth's affidavit. [*See* rec. docs. 125, 131 and 132, at pgs. 14-15]. The

---

[10]Integricert does not expressly argue that the Examiner's initial rejections render the Patents in suit were anticipated or obvious in light of prior art, as it is clear that such an argument is without merit. *See Pfizer, Inc. v. Apotex, Inc*., 480 F.3d 1348, 1359 (Fed. Cir. 2007) (noting that "it can never be the case that an examiner's interim finding of *prima facie* obviousness renders the claims of an issued patent *prima facie* obvious." To the contrary, "included within the presumption of validity [of an issued patent] is a presumption of non-obviousness.").

affidavit may therefore not be considered.

While Integricert argues generally that Bauer describes a device which tests attachments between one structure and another (a "valve stem and the valve structure to which it is attached) and that the "attachment welds" in Scarborough's amended claims are such attachments, that argument is simply insufficient for this Court to find the missing elements cited by Scarborough to find anticipation. In particular, as argued by Scarborough, Bauer fails to describe any reference to an "attachment weld," much less "testing the integrity of the attachment weld." Indeed, the term "weld" is not found in the Bauer patent. Moreover, as found by the Examiner, "Bauer tests 'valve stems,' which are different to pad eyes, lifting lug, or other device joined by the at least one attachment weld to another structure as in the instant claims." [*See* rec. doc. 122-12, at pg. 6 (with respect to the 447 Patent)].

Integricert has thus wholly failed to address the detailed arguments made by Scarborough to the Examiner as to why his claims, as non-substantively amended, were patentable over prior art with respect to anticipation or obviousness, nor has Integricert addressed those same arguments presented by Scarborough in support of the instant Motion. [*See* rec. doc. 107-1, at pgs. 20-27]. Instead, Integricert incorrectly argues that Scarborough bears the burden on the instant Motion to demonstrate his patents are valid in light of the referenced prior art. However, as explained above, that argument is based on an incorrect reading of the applicable law.

In a similar vein, Integricert argues that the instant Motion cannot be granted because Scarborough did not explain in this Motion how the additional references submitted by Integricert to the Examiner, but not expressly cited by him in his rejections, do not invalidate Scarborough's patents.[11]  Again, however, Scarborough does not bear the burden of demonstrating invalidity at trial.  Since Scarborough has satisfied his initial burden on the instant Motion for Summary Judgment, it is therefore Integricert, not Scarborough, who must bear this burden.

Furthermore, although Integricert argues that the Examiner did not "explore" these references in detail and, accordingly, this Court cannot find an absence of a material fact question, that argument is unpersuasive.  In his ultimate ruling, the Examiner expressly stated that "none of the references of record", which includes the twenty-two pieces of prior art cited by Integricert, rendered the claims, as non-substantively amended, unpatentable as either anticipated or obvious.  Integricert has failed to present this Court with any argument or evidence which contradicts this finding.

Additionally, the Court agrees with Scarborough that these other references, cited by Integricert for obviousness, are cumulative, do not overcome the shortcomings cited by Scarborough in the prior art fully discussed by the Examiner, and are overcome for the same

---

[11]The Examiner found these additional references "relevant" but that additional rejections based on them would be "redundant and unnecessary."  *See e.g.* rec. doc. 122-8, at pg. 16 (with respect to the 447 Patent).

reasons cited by Scarborough with respect to the prior art fully discussed by the Examiner.[12]

Finally, while the Court is not bound by the Examiner's conclusion[13], for the reasons set forth by Scarborough in his final submissions to the USPTO during reexamination, the undersigned concludes that Scarborough was, and remains, correct in his analysis.  None of the twenty-two prior art references originally cited by Integricert to the USPTO and to this Court have been shown to be sufficient to establish anticipation or obviousness.  Thus, if this was the only evidence before this Court, Summary Judgment would be properly granted to Scarborough on both anticipation and obviousness.

By Supplemental Opposition, however, Integricert directs this Court's attention for the first time to another piece of prior art, the Duppong Patent, which was not provided to the Examiner by Integricert during the reexamination proceedings and was not cited, nor apparently considered by the Examiner, in the original prosecution of the Patents in suit or the Examiner in the reexamination proceedings.[14]

---

[12]The Court also disagrees with Integricert's statement that Scarborough "never actually traversed" these alleged "additional rejections."  The Examiner ultimately did not reject any of Scarborough's claims.  Thus, Scarborough successfully argued that references were cumulative and overcome for the same reasons set forth fully in his last responses.

[13]*See Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1359 (Fed. Cir. 2007).

[14]The Court notes that at least with respect to the original prosecution of the 322 Patent, the Examiner searched the class and subclass (73/837) that contains the Duppong Patent. [rec. Doc. 142-1; 122-1, first page of the 322 Patent, left column, line 59].  Therefore, it is presumed that the original Examiner considered the Duppong Patent, and for whatever reason, didn't expressly cite it.  *See AB Iro v. Ortex, Inc*., 566 F.Supp. 419, 431-432 (D.S.C. 1983).  However, there is nothing to suggest that the original Examiner of the 447 Patent or the Examiner of either Patent in suit during reexamination searched the class and subclass (73/837) that contains the Duppong Patent.  Accordingly, the Court accords Scarborough's argument on this point little, if any, weight.

The Duppong Patent discloses a "Multipurpose Lifting and Pulling Vehicle" designed to operate in dry docks and wharfs which is "capable of lifting and moving propellers from propeller shafts within areas confined by a ship's rudder and to carry the propeller to an area away from the ship to be lifted to the wharf by a crane . . . may also be used to accurately position keel blocks and haul blocks . . . in positions to support a ship . . . [and] may be lifted by crane out of dry dock to test pad eyes for safety and certification by applying up to a 50,000 pound pulling force to the padeyes." [rec. doc. 138-2 at Title and Abstract].

With respect to the testing of pad eyes, "[a]ccessories such as . . . hydraulically actuated padeye testing cylinders may be attached at two different locations to the upper arm. . .." [Id. at 1:53-56].  Figure 1, cited by Integricert, depicts the multipurpose vehicle 20 "in a certification test, connected to padeye 26, 26a that are secured to a ship 28 for applying up to about 50,000 pounds testing force against the padeyes." [Id. at 1:62-65].  Both Figures 1 and 4A depict the multipurpose vehicle being "used to test and certify padeyes" utilizing a "test pull cylinder 278 or 278a . . . pivotally attached to the outer end . . . of the upper arm 24 and to one end of a cable 294 294a" the other end of which cable "is connected to the padeyes 26 or 26a being tested." [*Id*. at 6:28-39].  After the vehicle is driven in reverse to remove slack from the cable, brakes are applied and outrigger jacks are lowered "to prevent the crane from being tipped over," hydraulic fluid is directed into the pull cylinder to provide the desired testing force to the particular padeye being tested."  "When the padeye test is completed, the hydraulic fluid is first released from the pull cylinder 278, and the above described procedure is reversed. . . ." [*Id*. at

6:43-62].

The apparatus claimed in Claim 1 of the Duppong Patent is "an endless track driven vehicle for tension testing an article to withstand a predetermined force comprising: . . . a pair of endless tracks supporting the vehicle . . . a boom pivotally supported on said vehicle" . . . an upper arm pivotally supported on said boom . . . a flexible connector . . . a hydralic cylinder; said flexible connector and hydraulic cylinder being connected between the upper arm and the article being tested . . . wherein *the article is a padeye rigidly secured to a ship* when in dry dock."  [*Id.* at 8:15-58 (emphasis added)].  The Duppong Patent additionally claims, in Claim 2, "[a] method of tension testing an article to a predetermined force with the aid of an operator controlled vehicle having ground engaging drive and associated brakes and pivotally supporting a boom and an upper pivot arm about horizontal axes with a flexible connector and hydraulic cylinder connected between the upper arm and the article being tested; said method comprising the steps of: moving said cylinder to the substantially the same elevation as that of the article being tested; driving the vehicle away from the article . . . applying said brakes; directing a predetermined constant pressure to said hydraulic cylinder for applying said predetermined force to said article; and wherein *said article is a padeye secured to a floating ship* moored to a wharf; and additionally comprising the steps of: detecting pressures from said cylinder in excess of said constant pressure caused by said ship being moved excessively by the wake of a passing vessel; and alerting the operator to said excessive pressure."  [*Id.* at 8:59-10:1 (emphasis added)].

20

As argued by Scarborough, the Duppong Patent does not disclose each and every element of the 322 or 447 Patents.  Most notably, the Duppong Patent does not disclose an apparatus or method for testing weld strength and integrity of an attachment weld of a pad eye or lifting lug to a structure to be lifted.  To the contrary, the Duppong apparatus is a multipurpose vehicle, which appears similar to a crane, that tests "pad eyes for periodic certification."  [*Id*. at 7:65].  The Duppong Patent does not disclose how the pad eye is joined to another structure and in particular fails to disclose that such attachment is via a weld, much less an attachment weld.  Furthermore, the Duppong Patent does not disclose a framework including a base, top, and side pieces like the Patents in suit but, rather, the padeye testing portion of the multipurpose vehicle consists of a cylinder attached to an extended upper arm. Finally, the Duppong fails to describe a piston or its movement within the cylinder, but rather speaks only of valves.   [*Id*. at 8:39-41].

For these reasons, the Duppong Patent is insufficient for Integricert to avoid summary judgment on grounds of invalidity based on anticipation; no reasonable jury could find each and every element of Scarborough's claims present in the Duppong Patent to invalidate the Patents in suit on grounds of anticipation.

With respect to obviousness, Integricert has not adequately addressed the *Graham v. John Deere Co.* factors[15], nor has Integricert stated which portions of which of the other twenty

---

[15]Under *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), obviousness is a question of law based on underlying factual findings: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective considerations of nonobviousness. *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86

two prior art references would have been combined by a skilled artisan, or any reason or motivation for doing so.  Instead, Integricert states that although it "could element-by-element point out" the limitations allegedly found in those sources and explain how "such common features are well within the ordinary skill of the art", Integricert asserts that "it is believed that such a rationale is readily apparent to the Court." [*See* rec. doc. 138, pg. 11].

Even under the most expansive and flexible obviousness analysis, such conclusory and unsupported  statements are simply insufficient to satisfy Integricert's burden in opposition to summary judgment.  Integricert argues that no more is necessary under the Court's decision in *KSR International Co. v. Teleflex, Inc*., 127 S.Ct. 1727 (2007).  However, even under the Court's teaching in *KSR*, it remains necessary to identify some reason or motivation to establish a *prima facie* case of obviousness.  *See Procter & Gamble Co. v. Teva Pharm. USA, Inc.,* 566 F.3d 989, 994 (Fed. Cir. 2009).  Integricert's showing is simply insufficient.  Summary judgment in favor of Scarborough is therefore properly granted.

### Conclusion

For the foregoing reasons, the Motion for Partial Summary Judgment filed by Scarborough [rec. doc. 107] is **granted**.

Signed this 12th day of August, 2015, at Lafayette, Louisiana.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

-----

S.Ct. 684, 15 L.Ed.2d 545 (1966).