## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANDALL SCARBOROUGH § | | |
| Plaintiff, § | | Civil Action No. 6:12-cv-00396-PJH |
| § | | |
| v. § | | |
| § | | Magistrate Judge Patrick J. Hanna |
| INTEGRICERT, LLC § | | |
| Defendant. § | | JURY TRIAL DEMANDED |
| § | | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NOS. 6,848,322 AND 7,284,447**

NOW INTO COURT, Plaintiff Randall Scarborough ("Scarborough"), through his undersigned counsel, files this Reply in Support of his Motion for Partial Summary Judgment of Infringement of U.S. Patent Nos. 6,848,322 ("the '322 Patent) and 7,284,447 ("the '447 Patent). Defendant IntegriCert, LLC ("IntegriCert"), through its Memorandum in Opposition (Doc. No. 163) and later filed Statement of Contested Material Facts (Doc. No. 164), has failed to identify any material issues of disputed fact that would prevent a finding of infringement, as a matter of law, in favor of Scarborough. To the contrary, both Scarborough and IntegriCert rely on the same evidence to illustrate the accused device, revealing that the structure and function of the accused device are not in dispute. Instead of addressing infringement, IntegriCert has identified a handful of desperate claim construction arguments, which contradict its previous positions and are raised for the first time in its Opposition. Even if adopted, IntegriCert's proposed constructions do not avoid infringement and are issues of law that do not preclude summary judgment.

### A. INTEGRICERT HAS ONLY DISPUTED A SINGLE ONE OF PLAINTIFF'S MATERIAL FACTS.

IntegriCert has only contested one of Plaintiff's assertions included in his Statement of Material Facts. The remainder are unchallenged and therefore admitted. LR 56.2 ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule"). IntegriCert does not dispute that it provides "a load test apparatus for testing the weld strength and integrity of the weld attaching a pad eye or other lifting lug to a structure to be lifted" that functions "by first connecting to the pad eyes and then extending the pistons in the hydraulic cylinders until the appropriate load is placed on the system." Scarborough's Statement of Material Facts at ¶¶ 12 and 15. The only fact set forth in Scarborough's Statement of Facts that was challenged by IntegriCert is whether the "IntegriCert device has a framework, with a base, top, and side pieces." *Id.* at ¶ 16. IntegriCert does not dispute that its device contains the elements Scarborough has identified as a base (Fig. 1 at 285), top (Fig. 1 at 100, 110) and side pieces (shown at 45° angle between 100 and 130) but instead argues that there is a claim construction issue "over the meaning of the elements 'framework,' 'base,' 'side pieces,' and 'a framework <u>including</u> a base, top, and side pieces,' that precludes a summary judgment of infringement." Doc. 163 at 5. Once the Court confirms that those terms are entitled to the full scope of their ordinary meaning, a question of law addressed below, there will be no remaining issues in dispute. Scarborough's infringement analysis, attached hereto at Exhibits C and D and attached to his Motion for Summary Judgment at Exhibits 8 and 9, shows that no reasonable juror would find that the IntegriCert device lacks a framework with a base, top, and side pieces.

B. **INTEGRICERT'S CURRENT CLAIM CONSTRUCTION POSITION IS CONTRARY TO ALL OF ITS PREVIOUS POSITIONS.**

Throughout the litigation, IntegriCert's claim construction position has shifted as its case has shifted beneath it. At the very outset of the case, IntegriCert filed a motion for partial summary judgment of invalidity and non-infringement with respect to the '322 Patent. Doc. No. 26 (Dec. 28, 2012). At that time, IntegriCert argued that a *Markman* hearing should be skipped altogether because "Mr. Scarborough's '322 Patent, as is evident from its brief and straightforward abstract, presents no issues of technical or linguistic complexity beyond the layperson's reach." *Id.* at 10-11. IntegriCert then argued that some of the terms it now seeks to construe should not even require reference to a dictionary:

> In fact, literally none of the terminology used by the '322 Patent to describe its components or functionality even requires reference to a dictionary. The patent's claims uniformly employ readily-understood terms: "**frameworks**" including rigid "**pieces**," "cross bars," and "beams;" "cylinders" containing "pistons" with "shafts" and operated by "fluid pressure" transmitted through "hoses;" and "tension loads" applied to check integrity of "welds."
>
> Claim construction is a matter of resolution of disputed meanings and technical scope…. It is not an obligatory exercise in redundancy." The '322 Patent's claims are not the stuff of esoteric technical inquisition – **anyone who has changed a car tire, seen a vehicle jacked into the air for an oil change, or inflated a bicycle tire understands the functionality and the terminology at issue**. Defendant respectfully submits that economy for the parties and for the Court suggests dispensing with a *Markman* hearing and construing the claims on the paper record.

Doc. No. 26 at 11-12 (emphasis added). As addressed below, IntegriCert has declined several opportunities to propose constructions for the "framework," "side pieces," and "base," it now alleges to be in dispute. IntegriCert is correct in pointing out that "District courts may engage in rolling claim construction," in cases where "the court revisits and alters its interpretation of the claim terms **as its understanding of the technology evolves**." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (quoted by IntegriCert at 3 (emphasis added)).

However, IntegriCert has failed to identify any new understanding of the technology that would excuse its wholly inconsistent positions at this stage, and its citation to *Cytologix,* for the proposition that it can argue contrarily to the issued claim construction, so long as the inconsistent arguments are only before the Court, grossly misstates that case. Doc. 163 at 3 (citing *CytoLogix Corp. v. Ventana Medical Sys., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (parties agreed not to have a *Markman* hearing)).

This Court has the discretion to hold IntegriCert to its previous claim construction positions where its current arguments are "clearly inconsistent." *See, e.g., Kinetic Concepts, Inc. v. Wake Forest Univ. Health Sciences*, 2013 WL 6164592, *3-4 (W.D. Tex. Nov. 25, 2013) (applying the equitable doctrine of judicial estoppel to claim construction). "[J]udicial estoppel protects the integrity of courts by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest." *Id.* (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). IntegriCert's original position, on which the parties agreed, that lay terms such as "framework," do not require construction should be enforced, not only because it would be inequitable to allow IntegriCert to change courses midstream but because that construction is correct.

On April 23, 2013, more than two and a half years ago, IntegriCert identified the thirty-eight terms listed in Exhibit A as requiring construction. While that list included nearly every possibly debatable term in the patent, it notably did not include the terms IntegriCert now identifies as being in dispute: "framework," "including," "a base," "side pieces," "a framework including a base, top, and side pieces," and "cylinder, mounted with the framework." IntegriCert did identify several terms relating to "framework" that it contended required construction, such as "assembling the framework," "mounted framework," and "mounted cylinder fixedly attached on the mounted framework;" however, through the claim construction process before the Court,

IntegriCert either conceded that these terms should not be construed or, in the case of "mounted framework," agreed to construe the phrase as "**framework** to which said at least one fluid cylinder has been attached." *Id.*; Doc. No. 78, attached as Exhibit B (emphasis added). IntegriCert's use of the word "framework" to define the phrase "mounted framework" makes clear that IntegriCert has known all along that the term is easily understood, even to lay people, without further definition[1]. IntegriCert's attempt to revisit claim construction—for simple, non-technical terms—at this late stage of the litigation is a transparent attempt to persuade a new Court, unfamiliar with the case history, into resetting the litigation in IntegriCert's favor.

### C. CLAIM CONSTRUCTION IS A MATTER OF LAW.

While there may be a "dispute" over the appropriate construction, if any, of the above terms, there is not a genuine dispute of material fact. Claim construction is a matter of law and cannot be used to avoid summary judgment of infringement. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996); *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 835 (2015). Where, as here, the "relevant aspects of the accused device's structure and operation are undisputed," infringement can be determined as a matter of law using the Court's claim construction. *Johnson Worldwide*, 175 F.3d at 988; *see also Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578, 37 USPQ2d 1365, 1370 (Fed.Cir.1996) ("Where, as here, the parties do not dispute any relevant facts regarding the accused product but disagree over [claim interpretation], the question of literal infringement collapses to one of claim construction and is thus amenable to summary judgment").

---

[1] The Court gave IntegriCert the opportunity to brief additional terms for construction following the issuance of Scarborough's reexamination certificates. IntegriCert filed additional briefing but did not take the opportunity to address any of its currently "disputed" terms. Doc. No. 135.

The constructions proposed by IntegriCert do nothing to add to the understanding of the claim terms at issue and are contrary to settled cannons of claim construction. The proposed constructions attempt to vary the ordinary meanings of the claim terms and read additional, unsupported limitations into the claims. For example, IntegriCert argues that the claims must be read such that the listed elements of the framework are "united" or "fitted" together. Such a construction is contrary to the ordinary meanings of "framework" and "including" and improperly adds an unsupported limitation to the claim.

The term "united" is not found in the specification of the either the '322 Patent or the '447 Patent, and although "fitted" is used once in the specification, it is in the context of the cylinders "fitted with two cylinder fittings" and does not describe the framework. In terms of the framework, IntegriCert's proposed additions of "united" and "fitted" would require additional construction and do not add any clarity to the claim terms. "[C]laim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("the purpose of claim construction is to determine the meaning and scope of the patent claims asserted to be infringed"). Proposed constructions that do not aid in clarifying the scope of the patent should be disregarded in favor of the claims' original language. IntegriCert has not provided any reason to depart from the ordinary meanings of "framework," "base," "top," or "side pieces." In fact, IntegriCert's attempted reliance on simple dictionary definitions is an argument for leaving those terms undefined, especially when coupled with IntegriCert's previous argument that "none of the terminology ... even requires reference to a dictionary." Doc. No. 26 at 11-12

Similarly, IntegriCert's attempt to define "including" as "comprising" serves no purpose and replaces a familiar word with a more complicated synonym. The United States Patent and Trademark Office's Manual of Patent Examining Procedure defines "comprising," as "synonymous with '**including**,' 'containing,' or 'characterized by,' [and] is inclusive or open-ended and does not exclude additional, unrecited elements or steps." M.P.E.P. § 2111.03 (emphasis added) (citing *Mars Inc. v. H.J. Heinz Co.,* 377 F.3d 1369, 1376, 71 USPQ2d 1837, 1843 (Fed. Cir. 2004) and *Invitrogen Corp. v. Biocrest Manufacturing, L.P.,* 327 F.3d 1364, 1368, 66 USPQ2d 1631, 1634 (Fed. Cir. 2003) ("The transition 'comprising' in a method claim indicates that the claim is open-ended and allows for additional steps.")) The use of "including," with respect to the "framework" in the claims of the '322 Patent and the '447 Patent, means that the framework must include at least the listed elements but may include more.

IntegriCert points to a specific example included in the patent's specification to attempt to cobble together an argument that the listed parts of the "framework" are directly connected or "united." See e.g., Doc. 163 at 7 (addressing Figs. 3 and 4 of the '322 Patent). The referenced example, or embodiment, does not support IntegriCert's position that the "base" must be immediately connected to "side pieces," which are immediately connected to a "top," without any intervening structure. However, even if Figures 3 and 4 of the '322 Patent could be found to be so limited, the embodiment is clearly labeled as just one of many embodiments. *See* the '322 Patent at 4:49 ("Second Embodiment (Fig. 3 and Fig. 4)"). The embodiments in Figures 1 and 1A show first a single base and then two separate base elements. IntegriCert has not pointed to any statement in the claims or specification that would limit any of Scarborough's claims to the example in Figures 3 and 4 at the exclusion of the examples in Figures 1 and 1A. Limitations from embodiments in the specification cannot be read into the claims without a clear intention from the patentee to do so.

*Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998); *see also Apex Inc. v. Raritan Computer, Inc.,* 325 F.3d 1364, 1374 (Fed. Cir. 2003) ("We reject [Defendant's] classic attempt to limit the scope of a claim limitation to the preferred embodiment").

The settled law on claim construction is clear that "terms in the claim are to be given their ordinary and accustomed meaning." *Johnson Worldwide Associates, Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999) (identifying only two exceptions where ordinary meaning can be curtailed, (1) where the patentee has been his own lexicographer and (2) where the claim scope cannot be determined when relying on a term's ordinary meaning). IntegriCert has provided no justification for limiting "framework," "including," "base," or "side pieces" to anything less than the "full range of ordinary and accustomed meaning," normally associated with those terms. The addition of "united" or "fitted" to "framework" is blatantly improper.

### D. INFRINGEMENT

Even adopting IntegriCert's far-fetched claim construction positions, the IntegriCert device and the method of using that device nonetheless infringe both the '322 Patent and the '447 Patent.

Each and every element of Claim 1 of the '322 Patent is present in the IntegriCert device, as shown in the chart attached at Exhibit C. IntegriCert attempts to avoid infringement by arguing the differences in language between the '569 Patent and the Scarborough patents. IntegriCert's arguments are not supported by the law and do not avoid infringement. *See e.g., SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107 (Fed. Cir. 1985); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820 (Fed. Cir. 1989) (slavish conformity to the patent's language is not required; instead there must be a corresponding feature matching each claim element). Here, literal infringement exists because the accused device contains an exactly corresponding feature matching each claim element. *Id.*

IntegriCert's arguments to avoid infringement of the '447 Patent fare no better. As with the analysis regarding the infringement of the '322 patent, IntegriCert's method of using its load testing device includes the use of a "framework, including at least two pieces" and includes a cylinder "mounted with the framework." IntegriCert has not identified a fact issue with respect to the infringement of the '447 Patent. Instead, IntegriCert proposes additional claim constructions but falls short of providing a reason that additional construction is necessary and fails to provide clear, helpful constructions supported by the intrinsinc evidence. *See e.g.*, Doc. 163 at 20 (arguing for construction of "with the mounted cylinder fixedly attached..." but failing to actually provide a proposed construction). Again, literal infringement exists because the accused method contains an exactly corresponding feature matching each claim step. *Id.*

Finally, IntegriCert alludes to an argument that because its '569 Patent issued over Scarborough's '322 Patent that a device built in accordance with that patent cannot infringe the '322 Patent. There is absolutely no legal support for IntegriCert's argument. Novelty of the '569 Patent has no bearing on the infringement of either the '322 Patent or the '447 patent. The addition of new elements to obtain a patent does not avoid a finding of infringement on the previously existing elements. "Modification by mere *addition* of elements of functions, whenever made, cannot negate infringement without disregard of the long-established, hornbook law." *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984) (citing *Acme Highway Products Corp. v. D.S. Brown Co.,* 473 F.2d 849, 855, 177 USPQ 130, 135 (6th Cir.), *cert. denied* 414 U.S. 824, 94 S.Ct. 125, 38 L.Ed.2d 57, 179 USPQ 321 (1973) ("An accused device cannot escape infringement by merely adding features, if it otherwise has adopted the basic features of the patent")). "It is fundamental … that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device ...

because infringement does not require that a claim read on the entirety of an accused device, but merely "on a part" thereof." *The Boeing Co. v. United States*, 69 Fed. Cl. 397, 427 (2006) (quoting *SunTiger, Inc. v. Scientific Research Funding Group,* 189 F.3d 1327, 1336 (Fed.Cir.1999) (internal quotations omitted)). "Any other reasoning would allow an infringer to avoid infringement merely by adding additional elements to an infringing device." *Id.*

E. CONCLUSION

IntegriCert has failed to identify any genuine issues of material fact that would allow it to avoid summary judgment of infringement. There is no dispute as to the structure or function of the accused device. The only dispute identified by IntegriCert is over the meaning of specific claim elements. Those meanings are questions of law for the Court and can be resolved upon summary judgment.

Whether using the proper constructions of the claim terms already set forth by the Court, or using the claim constructions proposed by IntegriCert, there is no genuinely disputed issue of fact that would prevent this Court from finding that each and every element of Claim 1 of the '322 Patent and of Claim 14 of the '447 Patent is present in IntegriCert's load testing device and the method by which it uses that device.

Scarborough respectfully requests that the Court reject IntegriCert's proposed claim constructions as improper, find that Scarborough is entitled to judgment as a matter of law on its infringement claims and grant Scarborough's Motion for Partial Summary Judgment that both U.S. Patent No. 6,848,322 and U.S. Patent No. 7,284,447 have been infringed by IntegriCert.

Respectfully submitted,

/s/ *Holly H. Barnes*
**MATTHEWS LAWSON MCCUTCHEON & JOSEPH, PLLC**
Holly H. Barnes
Texas Bar No. 24045451
Guy E. Matthews
Texas Bar No. 1320700
2000 Bering, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
Email: hbarnes@matthewsfirm.com
gmatthews@matthewsfirm.com

and

*/s/ Elwood C. Stevens, Jr.*
**DOMENGEAUX, WRIGHT, ROY, EDWARDS & COLOMB LLC**
Bob F. Wright (La. Bar #13,691)
Elwood C. Stevens, Jr. (La. Bar #12,459)
P. O. Box 3668
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501-3668
Telephone: (337) 233-3033
Facsimile: (337) 232-8213
Email: bobw@wrightroy.com
Email: elwoods@wrightroy.com

*ATTORNEYS FOR PLAINTIFF RANDALL SCARBOROUGH*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 3rd day of December, 2015.

/s/ *Holly H. Barnes*
Holly H. Barnes