UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**RANDALL SCARBOROUGH**             \*CIVIL NO. 6:12-0396

**VERSUS**                          \*MAGISTRATE JUDGE HANNA

**INTEGRICERT, LLC.**               \*BY CONSENT OF THE PARTIES

<u>REASONS FOR RULING</u>

Before the Court is the Motion for Partial Summary Judgment filed by the plaintiff, Randall Scarborough ("Scarborough"). Scarborough seeks a partial judgment that Claims 1 and 14 of the Patents in Suit, the United States Patent Nos. 6,848,322 ("the 322 Patent") and 7,284,447 ("the 447 Patent"), respectively, are infringed by a patent subsequently issued to Integricert, LLC. ("Integricert"), United States Patent No. 7,240,569 ("the 569 Patent"). [rec. doc. 155].   For the following reasons, the Motion for Partial Summary Judgment filed by Scarborough [rec. doc. 155] is **denied**.

## Background

The Court will only set forth pertinent portions of the history of this litigation as the history of the reexamination of the Patents in Suit and other pertinent history has been set forth in the Court's Reasons for Ruling on whether Integricert is entitled to application of the doctrine of absolute intervening rights and on the Motion for Partial Summary Judgment on Validity. [rec. docs. 150 and 151].

Scarborough is the inventor and owner of both the 322 and 447 Patents, originally issued on February 1, 2005 and October 23, 2007, respectively, and titled "Apparatus and Method for Testing Weld Integrity".[1]

Both Patents relate to apparatuses and methods for testing the integrity of welds used to attach lifting points, such as pad eyes, lifting lugs or other lifting devices, to structures intended to be lifted, typically, large cargo or shipping containers, and oilfield or offshore drilling equipment. The apparatuses are portable, self-contained and easily transportable, and the method of testing is non-destructive. Both employ one or more hydraulic cylinders to apply a non-destructive test force to the pad eye or lifting lug welded to the structure to be lifted which mimics the forces on the attachment weld that occur during lifting. After application of the test force, the pad eye and welding are examined for defects and deformities.

Integricert is the owner the 569 Patents, originally issued on July 10, 2007, and titled "Load Test Apparatus for Shipping Containers".[2] The Abstract, Background and Summary of the invention describes the invention as capable of testing attachment welds to shipping containers employing hydraulic cylinders to simulate the force

---

[1] The 447 Patent is a continuation-in-part of the 322 Patent. Accordingly, the specification for the 447 Patent was "borrowed" from the 322 Patent and, unless specifically noted, contains the same or substantially the same language.
The numbers cited in this Ruling refer to the numbers assigned to specific named parts of the inventions set forth in the illustrations and figures of the 322 and 447 Patents.

[2] The numbers cited in this Ruling refer to the numbers assigned to specific named parts of the invention set forth in the illustrations and figures of the 569 Patent.

exerted on the lifting points of the containers while they are lifted.  The Abstract recites the structure and function of the invention as "comprising a horizontal beam (200), the beam having pivotal plate assemblies (210) attached to lifting eyes (330) or other feature of a container by cables (130) or similar means, extending from the pivotal plates to the lifting eyes. . . .The horizontal beam is forced vertically upward by a plurality of force generating means such as hydraulic cylinders (120). . . . The opposite vertically downward reaction force is applied to the bottom of the container and simulates the force applied by the weight of the typical contents of the container when it is in use." [rec. doc. 163-4, at pg. 1 Abstract].  The Background similarly describes the apparatus as "relat[ing] to the load testing of structures that are lifted . . . [by] appl[ying] a load to the lifting points of the containers, known as pad eyes, and simulates the application of loads present in the container when it is lifted or suspended." [*Id.* at 1:21-27].  The Summary of the invention states that the invention "is comprised of a plurality of hydraulic cylinders . . . to apply an upward force to a structure that applies and evenly distributes said load to lifting eyes of the container to be tested." [*Id.* at 2:52-56].

    Integricert's website further explains that the patented invention tests attachment welds to shipping containers "by simulating the weight in the container while applying force to the pad eyes." [rec. doc. 155-7, pg. 2].  The website further states that during testing "we conduct a visual inspection and an inspection of all material welds that are

3

in critical load areas." [*Id*.]. The promotional video expounds on this assertion, by depicting a workman inspecting a weld between a pad eye and container (an attachment weld), and working on the weld with a hand held tool. [rec. doc. 155-9, pg. 13-15].

The Background and Operation further explains the portable nature of the apparatus and non-destructive nature of the testing it performs. The Background recites that the "considerations" behind the patented apparatus include that the apparatus be "compact, and easily set-up for testing [and] have a low weight-to-strength ratio, that is, it should be as lightweight as possible while being strong enough to apply and withstand the required loads" while avoiding "failure or excessive deformation." [*Id*. at 2:3-9]. The Operation recites that the invented apparatus "is lowered into the Basket (160)" and that "[a]fter the test load has been applied . . . the Load Test Apparatus (100) is removed from the Basket (160)." [*Id*. at 6:40 and 7:35, 41].

Integricert's website and promotional video further demonstrates the portable nature of the apparatus. The website declares that the apparatus is a "portable load test unit" and a "portable system"; the video depicts the device being loaded or unloaded for transport via a conveyor system, being transported by truck and the unit after being loaded into a container for what appears to be on-site testing. [rec. docs. 155-7, pg. 2; 155-9, pg. 18, 3 and 9].

Scarborough asserts that Integricert is infringing several claims of the 322 and 447 Patents. After filing responsive pleadings, Integricert sought leave to file a Motion for Summary Judgment on invalidity and non-infringement. [rec. doc. 26]. Although acknowledging that claim construction is the first step of any validity analysis, Integricert argued that because the claims in the Patents did not present complex or technical issues beyond a layperson's reach, and the terminology of the claim terms were readily understood without reference to a dictionary, a Markman ruling was not required. [rec. doc. 26-5, pg. 15-16]. The Court disagreed and denied the motion as premature. [rec. doc. 46].

The Court adopted case specific deadlines which included deadlines for the parties to exchange claim terms which they believed would require construction by the Court. [rec. doc. 59]. The parties originally submitted several claim terms for construction. [rec. doc. 71]. The parties subsequently agreed upon a construction of the majority of the disputed terms and accordingly, filed an Amended Joint Claim Construction Chart into the record. [rec. doc. 78]. A hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) was held on August 27, 2013.[3]

---

[3] The transcript of the *Markman* hearing has been filed in the record. [rec. doc. 82].

Before the claim terms could be construed, reexamination of five claims of the 447 Patent (Claims 1, 14, 15, 27 and 29) and all claims of the 322 Patent (Claims 1-21) was granted. Accordingly, the action was stayed. [rec. doc. 103]. The stay was lifted on February 5, 2015 after the PTO issued Certificates of Reexamination.[4] [rec. doc. 109].

In light of the amendments made during reexamination, the Court granted the parties an opportunity to file additional brief on claim construction. [rec. doc. 131]. Integricert availed itself of that opportunity. [rec. doc. 135].

The Court subsequently found that the scope of the Claims in the 322 Patent and the 447 Patent was not substantively changed through reexamination and that the amendments were merely clarifications of what had already been claimed by Scarborough in his original Patents. Accordingly, the Court held that Integricert was not entitled to absolute intervening rights; the Motion for Partial Summary Judgment on this issue filed by Scarborough was granted and the Motion for Partial Summary Judgment filed by Integricert on this issue was denied. [rec. docs. 151 and 162].

The Court additionally held that Integricert could not invalidate the claims of either of the Patents on grounds of anticipation or obviousness based on the prior art

---

[4]Upon reexamination, all claims of the 322 Patent were determined to be patentable as amended; four claims of the 447 Patent (Claims 1, 14, 15 and 27) were determined to be patentable as amended and one claim (Claim 29) was canceled. An Ex-Parte Reexamination Certificate was issued for the 447 Patent on January 13, 2015. [rec. doc. 106-2]. An Ex-Parte Reexamination Certificate was issued for the 332 Patent on December 24, 2014. [rec. doc. 106-1].

cited to the examiner and Court by Integricert. Accordingly, Scarborough's Motion for Partial Summary Judgment on Validity of the Patents was granted. [rec. doc. 150 and 161].

After issuing these rulings, the Court issued its Ruling on Claim Construction addressing the ten remaining disputed claims, on which the parties could not agree upon a construction.[5] [rec. doc. 153]. On the basis of this Court's Ruling on Claim Construction, Scarborough now files the instant Motion for Partial Summary Judgment, arguing that Integricert's load testing apparatus disclosed by the 569 Patent infringes Claim 1 of the 322 Patent and Claim 14 of the 447 Patent.

## Law and Analysis

As in other cases, the grant of summary judgment under Rule 56, F.R.C.P. is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Johnson v. IVAC Corp.,* 885 F.2d 1574, 1576-1577 (Fed. Cir. 1989) *citing Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 221 USPQ 561 (Fed. Cir. 1984) (summary judgment on issue of validity) and *Townsend Eng'g Co. v. HiTec Co.*, 829 F.2d 1086,

---

[5]These terms were as follows: "pad eye", "non-destructive(ly)", "attachment means", "attachment structure", "control means" "control manifold", "fluid attachment means (or apparatus)", "lifting lug", "testing the integrity of the welding (or weld)" and "about said at least one desired test piece." At the *Markman* hearing, the parties agreed upon a construction of an eleventh term, "substantially perpendicular" to mean "approximately, near or at, a right angle". [*See* rec. doc. 82 at pg. 62-65].

1089, 4 USPQ2d 1136, 1138 (Fed. Cir. 1987) (summary judgment on issue of infringement); *see also Tokai Corp. v. Easton Enterprises, Inc*., 632 F.3d 1358, 1366 (Fed. Cir. 2011) ("Summary judgment is as available in patent cases as in other areas of litigation."). A genuine issue of material fact exists if the evidence would permit "a reasonable jury [to] return a verdict for the nonmoving party. *Johnson,* 885 F.2d at 1577; *DSM Desotech Inc. v. 3D Systems Corp*., 749 F.3d 1332, 1339 (Fed. Cir. 2014). The evidence must be viewed in the light most favorable to the nonmoving party. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (*en banc*).

Infringement can be literal or found under the doctrine of equivalents. A literal infringement analysis requires two separate steps. *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). First, the asserted claims must be interpreted by the court as a matter of law to determine their meaning and scope. *Id.* (citations omitted). In the second step, the trier of fact determines whether the claims as thus construed "read on" the accused product, that is, "whether an accused device is within the scope of the properly interpreted claim." *Id*.; *North American Vaccine, Inc. v. Americal Cynamid Co.*, 7 F.3d 1571, 1574 (Fed. Cir. 1993). The second step is generally a question of fact. *North American Vaccine*, 7 F.3d at 1574. "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs.,* 54 F.3d at 1575.

The patentee plaintiff bears the burden of proving by a preponderance of the evidence that every limitation set forth in a patent claim is present in the accused device or process either literally or by a substantial equivalent. *Cormack v. United States*, 122 Fed. Cl. 691, 700 (Fed. Cl. 2015); *Spectrum Pharmaceuticals, Inc. v. Sandoz, Inc.*, 802 F.3d 1326, 1336 (Fed. Cir. 2015); *Lemelson v. United States*, 752 F.2d 1538, 1547 (Fed. Cir. 1985). The plaintiff's failure to meet even one element within a claim, literally or by its substantial equivalent, negates a finding of infringement. *Cormack*, 122 Fed. Cl. at 700 *citing Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

Claim 1 of the 322 Patent as amended during reexamination reads as follows:

An apparatus for testing the weld strength and integrity of an attachment weld, comprising:

a framework including a base, top and side pieces;

at least one fluid containing cylinder, mounted with the framework, for moving a piston therein inwardly and outwardly as fluid is moved out or in respectively; and

structure for releaseably or permanently attaching to a pad eye, lifting lug or other device joined by the attachment weld to another structure;

whereby moving fluid into the cylinder causes the piston to move outwardly to tension the pad eye, lifting lug or other device to test the integrity of the attachment weld in a non-destructive manner.

Claim 14 of the 447 Patent as amended during reexamination reads as follows:

A method for testing weld strength and integrity of an attachment weld comprising the steps of:

> providing the attachment weld joining a pad eye, lifting lug or other device to another structure;
>
> providing a framework including at least two pieces;
>
> providing at least one fluid cylinder, having a first end and a second end, mounted with the framework to produce a mounted cylinder within a mounted framework, for moving a piston therein inwardly and outwardly as fluid is moved out or in respectively;
>
> providing a first and second attachment apparatus, wherein a pressurized fluid can enter in and exhaust from said at least one fluid cylinder;
>
> providing an attachment structure for attaching to said pad eye, lifting lug or other device joined to said another structure by the attachment weld; and
>
> assembling the framework with the mounted cylinder fixedly attached on the mounted framework;
>
> urging fluid into the cylinder to cause the piston to move outwardly to tension the pad eye, lifting lug or other device joined to said another structure, thus testing the integrity of the attachment weld, and
>
> whereby a testing technician or test operator can inspect the attachment weld for any structural damage or deformation.

Although Scarborough argued that literal infringement was applicable in the context of this motion based on Claim 1 of the 322 Patent and Claim 14 of the 447 Patent, this Court disagrees. Claim 1 of the 322 Patent describes a "framework including a base, top and side pieces." These terms have not been previously construed

10

and the Court does not do so here. Drawing all *factual* inferences in Integricert's favor as this Court must do in the context of this motion, a jury could conclude that the Integricert device does not have a "framework including a base, top and side pieces," as those terms were intended in the claim of Scarborough because it does not have a "base" uniting the cylinder assemblies and the top beam assembly into a "framework," and therefore, there would be no literal infringement of the 322 Patent.

Claim 14 of the 447 Patent includes a "framework including at least two pieces; providing a least one fluid cylinder, having a first end and a second end, mounted with the framework to produce a mounted cylinder within a mounted framework . . ." Again, these terms have not been construed and the Court does not do so here. Drawing the same *factual* inference in Integricert's favor, a reasonable jury could conclude the 569 Patent does not have a "framework to produce a mounted cylinder within a mounted framework" as the Integricert device has two cylinders, each with its own base plate, below a top beam assembly, i.e. separate pieces. Therefore, the Court finds there is a genuine issue of material fact in dispute as to literal infringement of the 447 Patent. However the analysis does not end here.

If an accused product does not literally infringe a claim, a patentee may establish infringement under the doctrine of equivalents if an element of the accused product "performs substantially the same function in substantially the same way to obtain the same result." *Southwall Techs,* 54 F.3d at 1579 (citations omitted); *Spectrum*, 802

11

F.3d at 1337.  However, under the All Elements Rule, "[e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole."  *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). In applying this rule, just as in literal infringement, each element of a claim must be equivalently present in the accused device.

There has been no been no evidence or even argument put before this Court as to what is the equivalent of the "framework" of Claim 1 of 322 or Claim 14 of 447, much less the equivalent of "a mounted cylinder within a mounted framework." Therefore, the Court finds the plaintiff has failed to meet its burden of proof to establish infringement by equivalency.

## Conclusion

For the foregoing reasons, the Motion for Partial Summary Judgment filed by Scarborough [rec. doc. 155] is **denied**.

Signed this 2nd day of June, 2016, at Lafayette, Louisiana.

_____
Patrick J. Hanna
U.S. Magistrate Judge