IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| **RANDALL SCARBOROUGH** | * CIVIL ACTION NO.: 6:12-CV-00396 |
|     **Plaintiff** | * |
| | * |
| **VERSUS** | * MAGISTRATE JUDGE PATRICK HANNA |
| | * |
| **INTEGRICERT, LLC** | * |
|     **Defendant** | * |

_____

**MOTION FOR PARTIAL SUMMARY JUDGMENT
ON NON-INFRINGEMENT**

**Now into Court**, through undersigned counsel, comes Defendant, **Integricert, L.L.C**., and respectfully moves this Court for partial summary judgment of non-infringement of United States Patent Nos. 6,848,322 ("the '322 Patent") and 7,284,447 ("the '447 Patent") by the "IntegriCert device" described by and depicted in U.S. Patent No. 7,240,569.[1]

There is no issue of material fact that the IntegriCert device does not infringe any of the claims of the '322 Patent, as each and every claim of that patent has as an essential element a "framework including a base, top, and side pieces."[2] That framework, including its component parts, is necessary to the function of all embodiments of the '322 Patent, which "tension" a pad eye (claims 1-19) by application of force "substantially perpendicular" to an attachment weld (claims 20, 21).

The IntegriCert device, by contrast, does not require, or include, a "framework including a base, top, [or] side pieces," as it does not (solely) "tension" a single tested pad eye by

---

[1] The '322 Patent, the '447 Patent, and the '569 Patent each is attached as exhibits A, B, and C, respectively. All references to each of these three patents refer to their claims as presently stated, i.e. following reexamination.
[2] Claim 1 of the '322 Patent describes a machine including the framework at issue; claims 2 through 12 each depends on claim 1 and so includes the same framework. The method claims 13, 20, and 21 each requires "providing" the same framework, and all remaining claims of the '322 Patent depend from one of the three latter claims.

application of "substantially perpendicular" force. Employing the IntegriCert device, likewise, does not involve "providing" the framework at issue nor applying the required "substantially perpendicular" forces.

Likewise, each and every claim of the '447 Patent includes required elements not present in the IntegriCert device. Machine claims 1 through 13 require inclusion of a "base including a clamp," whereas the IntegriCert device includes neither a "base" nor a "clamp."

Method claims 14 through 26 each requires the presence of multiple elements missing from the IntegriCert device, including a "framework;" one or more cylinders each having a "first end and a second end, mounted with the framework to produce a mounted cylinder within a mounted framework;" and "assembling the framework with the mounted cylinder fixedly attached on the mounted framework."

Method claims 27 and 28 exclusively concern a single-cylinder apparatus, which the IntegriCert device is not; and require a "framework," which the IntegriCert device does not employ, mounted "about" a test piece (the IntegriCert device tests multiple pad eyes at the *periphery* of its apparatus and is not mounted "about" a single pad eye). Method claim 29 also requires a "framework" mounted "about" one or more test pieces and exclusively exerts "substantially perpendicular" force; method claims 30 and 31 require attachment of a (single) hydraulic cylinder's piston directly to a test piece. The IntegriCert device includes and performs none of these things.

For these reasons, which are explored more fully in the attached Memorandum in Support and itemized in Defendant's Statement of Uncontested Material Facts, no genuine issue of material fact suggests infringement of either the '322 Patent or the '447 Patent by the IntegriCert

device.[3] Even in the light most favorable to Mr. Scarborough, no reasonable jury could find that the IntegriCert device reads on patent claims which require that it include elements and employ methods that it simply and clearly does not, whether literally or by equivalents.

For a detailed analysis of the mechanical-engineering principles at play, the expert report of Stephen A. Killingsworth, P.E. is attached here to as Exhibit D. Mr. Killingsworth's deposition transcript is likewise attached as Exhibit E, and his affidavit as Exhibit F. Plaintiff has put forth no qualified expert testimony to controvert Mr. Killingsworth's conclusions.

IntegriCert, it is respectfully suggested, is entitled to judgment as a matter of law.

Respectfully submitted,

/s/__Ryan Goudelocke_____
William W. Stagg, T.A. (#1613)
Ryan M. Goudelocke  (#30525)
Chase A. Manuel (#34223)
*Durio, McGoffin, Stagg & Ackermann*
220 Heymann Boulevard
Lafayette, Louisiana  70503
Telephone:  (337) 233-0300
Facsimile:  (337) 233-0694
*Attorneys for IntegriCert, LLC*

**CERTIFICATE OF SERVICE**

I certify that I have, this 13th day of June, 2016, provided all parties with a copy of the foregoing pleading by means of the Western District's CM/ECF electronic filing system.

_____/s/ Ryan Goudelocke_____
**Ryan M. Goudelocke**

---

[3] IntegriCert's Motion is nonetheless "partial," as Mr. Scarborough has alleged (as revealed in the expert report and testimony of his damages expert, C. Burton Kolder) infringement of his patents by devices other than the "IntegriCert device" disclosed in the '569 Patent.