# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| RANDALL SCARBOROUGH | \* CIVIL ACTION NO.: 6:12-CV-00396 |
|    Plaintiff | \* |
| | \* |
| VERSUS | \* MAGISTRATE JUDGE PATRICK HANNA |
| | \* |
| INTEGRICERT, LLC | \* |
|    Defendant | \* |

_____

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT ON NON-INFRINGEMENT

**May it please the Court**:

Defendant's Motion, and the Statement of Uncontested Material Facts filed with it, are straightforward: the "IntegriCert device" described in and depicted by U.S. Patent No. 7,240,569 (the "'569 Patent") cannot infringe those patents at issue held by Plaintiff, **Randall Scarborough**, because each and every claim of Mr. Scarborough's patents includes required elements not present in the IntegriCert device.

From the point of view of both experts in the relevant field of mechanical engineering (the report and deposition of one, Stephen Killingsworth, are attached to the Motion as exhibits D and E, respectively), as well as those of laymen making up any reasonable jury, there is no question that the IntegriCert device lacks at least one – often more than one – essential limitation of each and every claim of the '322 and '447 patents.

This Court has already found that, drawing all factual inferences in IntegriCert's favor, a reasonable jury could conclude the IntegriCert device infringes neither the '322 nor '447 patents [Rec. Doc. 181]. It is respectfully submitted that, even in the light most favorable to *Mr. Scarborough*, no jury could reasonably find otherwise. Following are the detailed reasons why.

1

*Procedural Posture on Motion for Summary Judgment*

"Summary judgment is as appropriate in a patent case as it is in any other case." [1] The "motion of an accused infringer for judgment on the ground of non-infringement of a patent may be granted where the patentee's proof is deficient in meeting an essential part of the legal standard for infringement." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577 (C.A.F.C., 1989).

While the "evidence must be viewed in the light most favorable to the nonmovant," *SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1117 (C.A.F.C., 1985), the "party opposing the motion must point to an evidentiary conflict created on the record." [2]

That "evidentiary conflict" must establish a *genuine* issue of material fact either that I. "every limitation set forth in a claim must be found in an accused product, exactly" (literal infringement) [3]; or II. an accused product "performs substantially the same function in substantially the same way to obtain the same result" (infringement by equivalents). [4] In sum, "every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent," or there is no infringement. [5]

<u>*Plaintiff's '322 Patent, All Claims*</u>

The first limitation of the '322 Patent's claims which no reasonable jury could find in the IntegriCert device is the simplest – and applies to each and every claim of the patent: there is no "framework including a base" in the accused device.

As the Court has already observed, these terms "framework" and "base" have not been

---

[1] *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.,* 911 F.2d 670, 672 (C.A.F.C., 1990); *see also Desper Prods., Inc. v. QSound Labs, Inc.,* 157 F.3d 1325, 1332 (C.A.F.C., 1998).
[2] *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.,* 731 F.2d 831, 836 (C.A.F.C., 1984)
[3] *Southwall Technologies, Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1575 (C.A.F.C., 1995).
[4] *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 608 (1950).
[5] *Laitram Corp. v. Rexnord, Inc.,* 939 F.2d 1533, 1535 (C.A.F.C., 1991).

construed; the specification "is the single best guide to the meaning"[6] of claim terms as the patentee intended them, and the '322 Patent's specification discloses that the "test apparatus can be mounted to a base plate 37 in order to provide support [or] it can be used without the base plate 37 and attached via clamps 38 or other suitable method" (Exhibit A, col. 2, lines 62-65).

None of the '322 Patent's embodiments is depicted *without* either base plate 37 or clamps 38; as previously quoted, the patent's specification is clear that these two elements are "an illustrative method of attaching the apparatus to the pad eye [to] provide adequate support and connection" (Exhibit A, col. 2, lines 58-60) – i.e. they are suggested means of providing "adequate support and connection," which are essential to the function of *all* embodiments.

The IntegriCert device, in contrast, supports the force it exerts solely by setting its cylinder base plates 285, *unattached* to the pad eye or its substrate, on the floor of the tested container, "simulat[ing] the force applied by the weight of the typical contents of the container" (Exhibit C,  Abstract). No "base," as the Court has already observed, unites the cylinders and the top beam assembly, to which each cylinder is *independently* attached, into a "framework."

Moreover, the '322 Patent's specification dictates that its base plate 37, or clamps 38, or their equivalents, are "method[s] of attaching the apparatus to the pad eye" (Exhibit A, col. 2, lines 58-60). As Mr. Killingsworth's report indicates, "[w]ithout… a base joining the side pieces together completing the frame, there can be no satisfactory assurance that a pure tensile load is achieved with the device described" (Exhibit D, p. 4).

The IntegriCert device, contrary to the specification of the '322 Patent, attaches to the pad eye not through anything describable as a "base," but through four cable assemblies 130 (Exhibit C, col. 3, lines 34-35). Plaintiff has previously argued that these cable assemblies are equivalent to his "side pieces," *not* his "base" [Rec. Doc. 155-2, p. 12]. He cannot have it both

_____

[6] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (C.A.F.C., 2005).

ways – a single component of the IntegriCert device cannot do double duty in reading on two distinct limitations, both "base" and "side pieces."

Both machine and method claims of the '322 Patent, all of them, require either an apparatus including a "framework including a base" or "providing" such a framework. The IntegriCert device, and methods of using it, require neither. The IntegriCert device cannot read on any claim of the '322 Patent without including this essential limitation.

_Plaintiff's '322 Patent, Claims 1-19[7]_

The second limitation missing from the IntegriCert device, but required by claims 1 through 19, is "tension," by the parties' agreement meaning "tensioning force;" the '322 Patent's specification dictates that all disclosed mechanisms "exert a tensioning force" (Exhibit A, col. 6, lines 34-35) – and _not_ any other forces, such as shear or bending/torsional/moment loads.

Plaintiff might protest, correctly, that "it is improper to read a limitation from the specification into the claims."[8] This limitation of exerting _only_ tensile loads, though, is not merely implied by his specification – it is required.

The "patentee's choice of preferred embodiments can shed light on the intended scope of the claims,"[9] and _all_ of the embodiments depicted by the '322 Patent exert solely tensile forces on tested welds. Repeatedly, the specification emphasizes that its apparatus is "substantially horizontally and symmetrically centered on each side of the pad eye" (Exhibit A, col. 6, lines 21-23), in order to produce a purely "_upward force_ on the pad eye" (line 27) (emphasis added). This

---

[7] "A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers," _Monsanto Co. v. Syngenta Seeds, Inc._, 503 F.3d 1352, 1357 (C.A.F.C., 2007). Claims 2 through 12 each ultimately depends on Claim 1 and incorporates all limitations of the latter; claims 14 through 19 each ultimately depends on Claim 13.

[8] _Liebel-Flarsheim Co. v. Medrad, Inc._, 358 F.3d 898, 904 (C.A.F.C., 2004).

[9] _Astrazeneca AB, Aktiebolaget Hassle, KBI-E, Inc. v. Mutual Pharmaceutical Co., Inc._, 384 F. 3d 1333, 1340 (C.A.F.C., 2004).

symmetry is "essential to the function of the apparatus" (Exhibit D, p. 4) – there is no provision in the '322 Patent's specification for application or even determination of non-tensile loads.

No reasonable jury could understand "tensioning or pulling force"[10] to permit the application of non-tensile forces – just as the '322 Patent itself does not. Mr. Scarborough has admitted as much: in arguments made to the United States Patent Office traversing rejection of the '322 Patent's claims on reexamination, Plaintiff distinguished his claims over prior art that "appl[ies] a *shearing force* in a direction parallel to the weld…"[11,12] By contrast, Mr. Scarborough argued, claim 1 discloses "a cylinder that exerts a *force along an axis substantially perpendicular* to a plane formed between a pad eye… and a weld…"[13]

Therefore, according to the '322 Patent's prosecution history, an apparatus which applies "shear force" and not "force… substantially perpendicular" does not "tension the pad eye." Prosecution history estoppel dictates that "tensioning or pulling force," which the parties have agreed the word "tension" means, *demands* the insertion of "substantially perpendicular" force wherever the claim term "tension" is used.

"[R]eliance upon this unambiguous surrender of subject matter" is Defendant's (and the public's) right, *Southwall, supra*, 54 F.3d at 1581. Plaintiff's arguments in reexamination, not the prior art distinguished, dictate the limits imposed by prosecution history estoppel.[14] And, "once an argument is made regarding a claim term so as to create an estoppel, the estoppel will apply to

---

[10] By agreement of the parties, the construction of the claim term "tension" [Rec. Doc. 78, p. 3].
[11] Exhibit G, "Applicant Arguments/Remarks Made in an Amendment," July 7, 2014, p. 48 (App. No. 90/012,840, in reexamination) (emphasis added).
[12] Those references distinguished by Plaintiff in reexamination (U.S. Patent No. 4,584,881 to Hogan and U.S. Patent No. 5,548,997 to Bauer) attached *in globo* as Exhibit H.
[13] Exhibit G, p. 48 (emphasis added).
[14] *Haynes Int'l v. Jessop Steel Co.,* 8 F.3d 1573 (C.A.F.C., 1993)

that term in other claims."[15]

The IntegriCert device does not (and cannot) apply purely tensile loads; and it does not, and cannot, test a single pad eye as claims 1 through 19 disclose (Exhibit E, p. 125). The limitation of "tension the pad eye" is not found in the IntegriCert device. The IntegriCert device cannot read on any of claims 1 through 19 of the '322 Patent.

### Plaintiff's '322 Patent, Claims 20, 21

In addition to requiring a "framework including a base," as discussed above, claims 20 and 21 of Mr. Scarborough's '322 Patent limit themselves to methods of applying a force "substantially perpendicular"[16] to (claim 20) a "plane formed between the attachment weld and… another structure," or to (claim 21) "and toward the… cross bar."

The IntegriCert device, on the other hand, does not exert "*a* force" "substantially perpendicular" – i.e. *a* force at a right angle, *a* tensile force – to the welds tested. Instead, its "testing includes loads that are… tensile, shear, and moment" *forces* (Exhibit E, p. 51).

Application of tensile force by Mr. Scarborough's '322 Patent claims, and multiple tensile, shear and torsional forces by the IntegriCert device, are not mere accidents – they reflect the purpose of each. Plaintiff's devices test a single pad eye, employing "symmetric" (Exhibit A, col. 6, lines 23-27) force to exert "equal upward force on the pad eye" (id.) – i.e. a tensile load.

IntegriCert's device, by contrast, is not designed to, and cannot, test purely tensile forces on a single pad eye. Instead, it "simulates the force applied by the weight of the typical contents of the container" it tests (Exhibit C, Abstract). That simulation necessarily involves imposition of

---

[15] *Southwall, supra*, 54 F.3d at 1584, citing *Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1175 (C.A.F.C. 1993).
[16] "Substantially perpendicular," by agreement of the parties, means "approximately, near or at, a right angle" [Rec. Doc. 153, FN1].

tensile *and* shear *and* torsional *forces*, simultaneously, on *multiple* pad eyes – functions the '322 Patent does not describe.

The limitations of claims 20 and 21 – limitations that include a *single* force, that force being applied "substantially perpendicular" to the test piece – are not found in the IntegriCert device.

### *Plaintiff's '447 Patent, Claims 1-13*

Determination that the IntegriCert device cannot read on claims 1 through 13 of Mr. Scarborough's '447 Patent needs hardly more explanation than is given in Defendant's Motion. Each of these machine claims requires inclusion of a "base including a clamp."

For the same reasons described above concerning all claims of the '322 Patent, and as already suggested by the Court [Rec. Doc. 181, p. 11] the IntegriCert device lacks a "base" the same as or equivalent to the '447 Patent's base plate 37 or clamps 38 or any of their equivalents.

Just as the '337 Patent disclosed a machine "attaching the apparatus to the pad eye [to] provide adequate support and connection" (Exhibit A, col. 2, lines 58-60), the '447 Patent's specification requires that the disclosed apparatus either be "mounted to a base plate 37 in order to provide support," or "attached via clamps 38 or other conventional method directly to the base support structure to which the pad eye… is attached" (Exhibit B, col. 3, lines 16-21).

Whether using the '447 Patent's base plate 37, its clamps 38, or "other conventional method," its apparatus *must* be "attached… to the base support structure to which the pad eye" is welded. The IntegriCert device's cylinders, again, stand *unattached* to and on the floor of the tested container; and are attached to the tested pad eyes not by anything describable as a "base,"

but by cable assemblies 130 (Exhibit C, col. 3, lines 34-35).[17]

The absence from the IntegriCert device of any base including a "clamp," as required by claims 1 through 13, needs no elaboration. No reasonable jury could locate a "clamp" in the IntegriCert device. Each and every limitation of claims 1 through 13 are not found in IntegriCert's device.

### Plaintiff's '447 Patent, Claims 14-26

As enumerated in the instant Motion, multiple elements common to claims 14 through 26, mandatory for any finding of infringement, are not to be found in the IntegriCert device.

First, "framework to produce a mounted cylinder within a mounted framework," as Claim 14 and each of its ultimately dependent claims recites. As the Court has noted, the IntegriCert device's two cylinders, each with its own base plate 285 (Exhibit C, col. 3, lines 30-33), is attached to nothing but beam assembly 110. These are not "mounted cylinders" and they are not "within" any "mounted framework." Indeed, for the reasons discussed above, the cylinders of the IntegriCert device comprise no "mounted framework" at all, as they are unattached to anything at their bottoms and hang free from beam assembly 110.

Similarly, whatever "mounted with the framework" means[18], cylinders *unattached* at one end are not by any reasonable definition "mounted" "within" any "framework," as the IntegriCert device's must be in order to read on claims 14 through 26. Similarly, claims 14 through 26 each requires cylinders "fixedly attached on the mounted framework." The IntegriCert device's cylinders are not "fastened, secured or joined"[19] "on [any] mounted

---

[17] These cable assemblies, again, have previously been alleged by Mr. Scarborough to be equivalents to his '337 Patent's "side pieces," not his "base" [Rec. Doc. 155-2, p. 12].
[18] This phrase was not construed either by agreement of the parties or the Court.
[19] By agreement of the parties, the meaning of "fixedly attached" [Rec. Doc. 78, p. 2].

framework" when they are free to swing from beam assembly 110 when the device is lifted out of the tested container.

Each and every limitation of claims 12 through 26 is not found in IntegriCert's device.

*Plaintiff's '447 Patent, Claims 27, 28*

Method claims 27 and 28 of the '447 Patent exclusively concern a "single-cylinder apparatus" (Exhibit B, claims 27, 28), which the IntegriCert device is not (Exhibit C, Fig. 1). Indeed, the only "single-cylinder apparatus" depicted in the '569 Patent, as shown at Fig. 10, is described as a "typical prior art load test apparatus."

Moreover, these claims require "mounting [a] framework *about*" a test piece. The Court's claim-construction ruling [Rec. Doc. 153] rejected Plaintiff's proposed definition of "about" as meaning simply "near:" "construing the term as meaning only 'near' would not accurately define that which is depicted in the drawings, which show the framework as being essentially equidistant from the test piece" (emphasis added) [Rec. Doc. 153, p. 37]. While a framework "about" the test piece "does not necessarily completely surround or enclose the test piece," the Court found the term "*around*" to be synonymous with "about" (emphasis added) (id.)

The IntegriCert device does not "mount" any "framework" "around" a test piece – indeed, it tests pad eyes only at the *periphery* of its apparatus (Exhibit C, Fig. 1).

Each and every limitation of claims 27 and 28 is not found in IntegriCert's device.

*Plaintiff's '447 Patent, Claim 29*

Claim 29 of the '447 Patent likewise requires "mounting" a "framework" "about" (meaning "around") at least one test piece. For the reasons discussed above, the IntegriCert

device does not involve "mounting" anything "around" one or more test pieces.

Claim 29 also involves exertion of force "substantially perpendicular" to a plane formed between a test piece and "[perpendicular] to and toward [a] cross bar;" i.e., a purely tensile force. For the reasons discussed above, the IntegriCert device does not (and cannot) exert a force "substantially perpendicular" to the "desired test piece" identified at claim 29.

Each and every limitation of Claim 29 is not found in IntegriCert's device.


_Plaintiff's '447 Patent, Claims 30 and 31_

Essential limitations of claims 30 and 31 of the '447 Patent include "attaching a piston from a[n] hydraulic cylinder to… the test piece," i.e. directly to the test piece (Exhibit B, Claim 30). The IntegriCert device does not attach any hydraulic cylinder (claims 30 and 31 discuss only a single-cylinder embodiment) directly to any test piece; tested pad eyes are attached only to cable assemblies 130 (Exhibit C, col. 3, lines 34-35). The IntegriCert device would be incapable of attaching either of its (multiple) cylinders directly to any test piece.

Each and every limitation of claims 30and 31 are not found in IntegriCert's device.


_Conclusion_

No genuine issue of material fact suggests infringement of either the '322 Patent or the '447 Patent by the IntegriCert device. Summary judgment, it is respectfully suggested, is warranted as to the non-infringement of the '322 or '447 patents by the IntegriCert device.

Respectfully submitted,

/s/__Ryan Goudelocke_____
William W. Stagg, T.A. (#1613)
Ryan M. Goudelocke  (#30525)
Chase A. Manuel (#34223)
*Durio, McGoffin, Stagg & Ackermann*
220 Heymann Boulevard
Lafayette, Louisiana  70503
Telephone:  (337) 233-0300
Facsimile:  (337) 233-0694
*Attorneys for IntegriCert, LLC*

## CERTIFICATE OF SERVICE

I certify that I have, this 13th day of June, 2016, provided all parties with a copy of the foregoing pleading by means of the Western District's CM/ECF electronic filing system.


_____/s/ Ryan Goudelocke_____
**Ryan M. Goudelocke**