IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| **RANDALL SCARBOROUGH** | * CIVIL ACTION NO.: 6:12-CV-00396 |
|    **Plaintiff** | * |
| | * |
| **VERSUS** | * MAGISTRATE JUDGE PATRICK HANNA |
| | * |
| **INTEGRICERT, LLC** | * |
|    **Defendant** | * |

_____

### STATEMENT OF UNCONTESTED MATERIAL FACTS

In compliance with F.R.C.P. 56(c)(1)(B) and Local Rule 56.1, Defendant, **IntegriCert, L.L.C.**, respectfully submits that the following are material facts as to which there is no genuine issue to be tried.

1. Defendant IntegriCert, L.L.C., employs in its load-testing business the "IntegriCert device" described in and depicted by U.S. Patent No. 7,240,569 (the "'569 Patent"), specifically Fig. 1. (Exhibit D, p. 3)

2. The IntegriCert device discloses an apparatus for load testing of structures that are lifted or suspended by one or more cables or chains. The apparatus applies a load to the lifting points of the containers, known as pad eyes, and simulates the application of loads present in the container when it is lifted or suspended (Exhibit C).

3. The IntegriCert device applies a combination of tensile, bending (also called torsional or "moment" loads) and/or shear loads to multiple pad eyes at the same time (Exhibit E, p. 50-52).

4. The IntegriCert device does not, and cannot, apply purely tensile loads; and does not, and cannot, test a single pad eye (Exhibit E, p. 125).

5. United States Patent No. 6,848,322 ("the '322 Patent") discloses machines and methods to "check the integrity of *a* pad eye and *its* attachment weld" (emphasis added) (Exhibit A, col. 1, lines 55-56).

6. The '322 Patent discloses machines and methods to "exert a tensioning force on *the* pad eye" (emphasis added) (Exhibit A, col. 6, lines 34-35).

7. The '322 Patent does not disclose machines or methods which test the integrity of more than one pad eye at once (Exhibit A, col. 1, lines 55-56).

8. The '322 Patent does not disclose machines or methods which exert any force other than a purely tensile force on a single pad eye (Exhibit A, col. 6, lines 34-35).

9. Each and every claim of the '322 Patent has as an essential element a "framework including a base, top, and side pieces." (Exhibit A, claims 1-21). That framework, including its component parts, is necessary to the function of all embodiments of the '322 Patent, which "tension" a pad eye (claims 1-19) by application of force "substantially perpendicular" to an attachment weld (claims 20, 21) (Exhibit A).

10. The IntegriCert device lacks a "framework," lacks a "base," does not apply solely tensile force to any one pad eye, and does not apply force "substantially perpendicular" to any one pad eye (Exhibit C; Exhibit D, pp. 4-6).

11. There are no claims of the '322 Patent whose each and every limitation is found in the IntegriCert device (Exhibit D, p. 5).

12. Claims 1 through 13 of United States 7,284,447 ("the '447 Patent") disclose an apparatus including a "base," "said base including a clamp" (Exhibit B, claims 1-13).

13. The IntegriCert device has two cylinders, each with its own base plate, i.e. separate pieces, and so lacks a "base," and nowhere includes a "clamp" (Exhibit D, p. 6).

14. Claims 14 through 26 of the '447 Patent each requires a "framework to produce a mounted cylinder within a mounted framework," and "assembling the framework with the mounted cylinder fixedly attached on the mounted framework" (Exhibit B, claims 14-26).

15. The IntegriCert device has two cylinders, each with its own base plate simply resting on the bottom of the container whose pad eyes are tested, atop which are set load-measuring cells attached to a horizontal load-spreader beam, which cylinders are not "mounted" or "fixedly attached" to a "framework" (Exhibit D, p. 6-7).

16. Claims 27 and 28 of the '447 Patent describe a "single-cylinder apparatus" using a "framework" mounted "about" one or more pad eyes exerting force "substantially perpendicular" to the pad eyes' attachment weld(s) (Exhibit B, claims 27, 28).

17. The IntegriCert device is not a single-cylinder apparatus, does not involve "mounting" a single-cylinder apparatus to a "framework," does not involve any "framework" "mounted" "about" (meaning "around")[1] one or more pad eyes, and

---

[1] The Court's claim-construction ruling [Rec. Doc. 153] rejected Plaintiff's proposed definition of "about" as meaning simply "near:" "construing the term as meaning only 'near' would not accurately define that which is

does not (and cannot) exert force "substantially perpendicular" to the pad eyes' attachment weld(s) (Exhibit D, pp.8-9).

18. Claims 30 and 31 of the '447 Patent require "attaching a piston from a[n] hydraulic cylinder" directly to a test piece (Exhibit B, claims 30, 31).

19. Using the IntegriCert device does not involve attachment of any cylinder directly to a test piece (Exhibit C, col. 3, lines 25-35).

20. There are no claims of the '447 Patent whose each and every limitation is found in the IntegriCert device (Exhibit D, pp. 6-9; Exhibit B, claims 30, 31; Exhibit C, claims 1-18).

Respectfully submitted,

/s/__Ryan Goudelocke_____
William W. Stagg, T.A. (#1613)
Ryan M. Goudelocke  (#30525)
Chase A. Manuel (#34223)
*Durio, McGoffin, Stagg & Ackermann*
220 Heymann Boulevard
Lafayette, Louisiana  70503
Telephone:  (337) 233-0300
Facsimile:  (337) 233-0694
*Attorneys for IntegriCert, LLC*

---

depicted in the drawings, which show the *framework as being essentially equidistant from* the test piece" (emphasis added) [Rec. Doc. 153, p. 37]. While a framework "about" the test piece "does not necessarily completely surround or enclose the test piece," the Court found the term "*around*" to be synonymous with "about" (emphasis added) (id.)

## CERTIFICATE OF SERVICE

I certify that I have, this 13th day of June, 2016, provided all parties with a copy of the foregoing pleading by means of the Western District's CM/ECF electronic filing system.

_____/s/ Ryan Goudelocke_____
**Ryan M. Goudelocke**